UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                      :

*In re*                                   :    Chapter 11
                                      :

Ampal-American Israel Corporation,       :    Case No. 12-13689 (SMB)
                                      :

            Debtor.                  :
                                      :

---------------------------------------------------------------------- X

## GLOBAL NOTES, METHODOLOGY, AND SPECIFIC DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

### Introduction

       Ampal-American Israel Corporation, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), with the assistance of its advisors, has filed its Schedule of Assets and Liabilities (the "Schedule") and Statement of Financial Affairs (the "Statement"), and together with the Schedule, the "Schedule and Statement") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

       These Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of the Debtor's Schedule and Statement. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedule and Statement.

       The Schedule and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principals in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedule and Statement contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's reasonable efforts to report its assets and liabilities.

       Mr. Nir Bernstein has signed the Schedule and Statement. Mr. Bernstein is the Controller and an authorized signatory for the Debtor. In reviewing and signing the Schedule and Statement, Mr. Bernstein necessarily has relied upon the efforts, statements, and representations of various personnel employed by subsidiary operating companies of the Debtor and the Debtor's advisors. Mr. Bernstein has not, and could not have, personally verified the accuracy of each statement and representation contained in the Schedule and Statement, including statements

and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

    **1.  Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedule and Statement; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend or supplement the Schedule and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedule and Statement with respect to claim ("<u>Claim</u>") description, designation, or amount; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedule and Statement as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedule and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against the Debtor. Furthermore, nothing contained in the Schedule and Statement shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedule and Statement.

    **2.  Description of Cases and "As Of" Information Date.** On August 29, 2012 (the "<u>Petition Date</u>"), the Debtor filed a petition for voluntary relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On September 25, 2012, the Unites States Trustee for the Southern District of New York appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket no. 27].

The asset and liability information provided herein, except as otherwise noted, represents the asset and liability data, respectively, of the Debtor as of the Petition Date.

    **3.  Net Book Value of Assets.** It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for all of its assets. Accordingly, unless otherwise indicated, the Debtor's Schedule and Statement reflect net book values as of the Petition Date. Additionally, because the book values of certain of the Debtor's assets may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have fully depreciated or were expensed for accounting purposes do not appear in the Schedule and Statement as they have no net book value.

4. **Recharacterization.** Notwithstanding the Debtor's reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedule and Statement, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtor's business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedule and Statement at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. **Liabilities.** The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedule and Statement. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedule and Statement as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of the Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

6. **Insiders.** Solely for purposes of the Schedule and Statements, the Debtor defines "insiders" to include the following: officers if appointed by the board, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.

Persons listed as "insiders" have been included for informational purposes only, and the use of the term "insider" does not constitute any admission by the Debtor. The Debtor does not take any position with respect to: (1) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

7. **Classifications.** Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E as "priority," (c) a Claim on Schedule F as "unsecured," or (d) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff such Claims.

8. **Claims Description.** Schedules D, E, and F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.

The Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any Claim reflected on its Schedule and Statement on any grounds, including liability and classification. Additionally, the Debtor expressly reserves all of its rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

**9. Causes of Action.** Despite its reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third-parties as assets in the Schedule and Statement, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or inequity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedule and Statement shall be deemed a waiver of any claims or Causes of Action or in any way to prejudice or impair the assertion of such claims or Causes of Action.

**10. Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

    a. Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

    b. Totals. All totals that are included in the Schedule and Statement represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

**11. Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars. Amounts in foreign currency, including, but not limited to bank accounts held by or valuations of the assets of the Debtor's or its non-debtor affiliates and subsidiaries, have been converted to U.S. dollars as per the historic exchange rates as of the Petition Date.

**12. Intercompany.** Intercompany transactions between the Debtor and the respective intercompany accounts payable and intercompany accounts receivable, if any, are not set forth on Schedule F or on Schedule B.16. Intercompany transfers between the Debtor and its non-debtor affiliates are captured on Statement question 3C.

**13. Global Notes Control.** In the event that the Schedule and Statement differ from the foregoing Global Notes, the Global Notes shall control.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule B13.**  The Debtor does not have any direct holdings in EMG.  Instead, the Debtor indirectly owns a 12.5 percent interest in EMG indirectly through its holdings in Merhav-Ampal Group.  Similarly, the Debtor does not have any direct holdings in Gadot.  Ampal Energy Ltd, a direct subsidiary of the Debtor, holds Merhav-Ampal Group, which holds 100% interest in Gadot directly.

**Schedule F.**  Mishmeret Trust Company, indenture trustee for the series C debentures, and Reznik Raz Nevo R.P.N. Trusts 2007 Ltd. (formerly Clal Finance Trustees 2007 Ltd.), as indenture trustee for the series B debentures (collectively, the "Trustees"), hold certain cash accounts in which the Trustees may assert security interests that may be disputed by the Debtor, and in any event, have not yet been determined.  The Debtor has listed the claims of the Trustees in Schedule F only, as disputed and unliquidated, and reserves its right to recharacterize or reclassify such claims.

**Schedule G.**  While every effort has been made to ensure the accuracy of the executory contracts and unexpired leases listed on Schedule G, inadvertent errors or omissions may have occurred. The Debtor hereby reserves all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, letters and other documents, instruments, agreements which may not be listed on Schedule G.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is valid or that it is an executory contract or unexpired lease.  The Debtor reserves all its rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G.

## Specific Disclosures with Respect to the Debtor's Statement of Financial Affairs

**Statement 21.**  Yosef Maiman, Yoav Maiman, Ohad Maiman, and Noa Maiman do not directly hold stock in the Debtor.  Instead, Yosef Maiman holds stock in the Debtor indirectly through his equity interest in three companies, Merhav MNF, Di-Rappalo and De-Majorca.  Yoav Maiman, Ohad Maiman, and Noa Maiman hold stock in the Debtor through their equity interest in Di-Rappalo and De-Majorca.  The total percentage held exceeds 100% because of these indirect equity interests.

*[Remainder of page intentionally left blank.]*

# UNITED STATES BANKRUPTCY COURT

In re: AMPAL-AMERICAN ISRAEL CORPORATION  
                Debtor

Case No.    12-13689

Chapter    11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 6 | $49,651,776.99 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $590,426,175.65 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | |
| | | 19 | $49,651,776.99 | $590,426,175.65 | |

In re: __AMPAL-AMERICAN ISRAEL CORPORATION__          Case No. __12-13689__
                                          Debtor                                    (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | | PETTY CASH- USD ($)<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH, ISRAEL | | $8,458.82 |
| | | PETTY CASH- EURO (€)<br>*CONVERTED INTO (USD)<br>33 HAVAZELET HASHARON ST.<br>HERZLIYA PITUACH, ISRAEL | | $3,661.01 |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | | BANK LEUMI LTD<br>TRUSTEE<br>ACCOUNT # XXXX-3490<br>32 MASHKIT ST.<br>HERZLYA ISRAEL 46733 | | $9,117,714.00 |
| | | ISRAEL DISCOUNT BANK LTD<br>TRUSTEE<br>ACCOUNT # XXXX-0026<br>37 DERECH BEGIN ST.<br>TEL AVIV ISRAEL 65220 | | $4,864,411.00 |
| | | BANK HAPOALIN NY<br>DEPOSIT<br>ACCOUNT # XXXX-0095<br>1177 AVENUE OF THE AMERICA<br>NEW YORK, NEW YORK 10036 | | $500,157.27 |
| | | IDB BANK<br>CHECKING<br>ACCOUNT # XXXX-1535<br>511 FIFTH AVE<br>NY NY 10017 | | $259,680.94 |
| | | BANK HAPOALIM B.M.<br>CHECKING  - USD<br>ACCOUNT # XXXX-0095<br>1177 AVENUE OF THE AMERICA<br>NEW YORK, NEW YORK 10036 | | $144,498.71 |

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | BANK HAPOALIM CHECKING - USD ACCOUNT # XXXX-1593 50 SHDEROT ROTCHILED ST. TEL AVIV ISRAEL 66883 | | $58,180.72 |
| | | J.P. MORGAN SECURITIES LLC INVESTMENT ACCOUNT # XXXX-6014 277 PARK AVENUE NEW YORK NEW YORK 10172 | | $42,902.92 |
| | | BANK HAPOALIM- EURO (€) CHECKING - EUR ACCOUNT # XXXX-1593 50 SHDEROT ROTCHILED ST. TEL AVIV ISRAEL 66883 | | $41,122.96 |
| | | BANK HAPOALIM- (NIS) CHECKING - NIS ACCOUNT # XXXX-1593 50 SHDEROT ROTCHILED ST. TEL AVIV ISRAEL 66883 | | $24,085.84 |
| | | BANK HAPOALIM B.M.- (ILS) CHECKING  - ILS ACCOUNT # XXXX-0095 1177 AVENUE OF THE AMERICA NEW YORK, NEW YORK 10036 | | $0.00 |
| | | BANK HAPOALIM B.M.- EURO (€) CHECKING  - EUR ACCOUNT # XXXX-0095 1177 AVENUE OF THE AMERICA NEW YORK, NEW YORK 10036 | | $0.00 |
| | | BANK LEUMI LTD TRUSTEE ACCOUNT # XXXX-5843 29 BEN YEHUDA ST. TEL AVIV ISRAEL 63807 | | $0.00 |
| | | HAPOALIM SECURITIES USA, INC INVESTMENT ACCOUNT # XXXX-0742 ONE BATTERY PARK PLAZA NEW YORK, NY 10004 | | $0.00 |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | | CLAL FINANSIAL-TRUSTEE DEPOSIT 37 MENAHEM BEGIN ROAD TEL-AVIV 65220 ISRAEL | | $65,737.58 |
| | | HERMETIC - TRUSTEE DEPOSIT HAYARKON 113 TEL AVIV ISRAEL | | $20,199.30 |

In re: AMPAL-AMERICAN ISRAEL CORPORATION                    Case No.   12-13689
_____                              _____
                    Debtor                                            (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | MISHMERET - TRUSTEE DEPOSIT AMOT BITUACH HOUSE BUILDING B, 48 MENACHEM BEGIN RD. TEL AVIV 66184 | | $20,199.30 |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |
| 9.  INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | | AON LIMITED INSURANCE POLICY EXCESS DIRECTORS AND OFFICERS LIABILITY AND DIFFERENCE IN CONDITIONS POLICY NO: B0823FD1260069 01 JAN 2012 TO 01 JAN 2013 | | UNKNOWN |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS.  ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES.  ITEMIZE. | | .1% EQUITY INTEREST IN AMPAL HOLDINGS (1991) LTD.  100% EQUITY INTEREST IN AMPAL (ISRAEL) LTD. | | UNKNOWN  UNKNOWN |

In re: AMPAL-AMERICAN ISRAEL CORPORATION
_____
                    Debtor

Case No.   12-13689
                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | 100% EQUITY INTEREST IN AMPAL COMMUNICATIONS, INC. | | UNKNOWN |
| | | 100% EQUITY INTEREST IN AMPAL DEVELOPMENT (ISRAEL) LTD. | | UNKNOWN |
| | | 100% EQUITY INTEREST IN AMPAL ENERGY LTD. | | UNKNOWN |
| | | 100% EQUITY INTEREST IN AMPAL INDUSTRIES INC. | | UNKNOWN |
| | | 49% EQUITY INTEREST IN AMPAL FINANCIAL SERVICES LTD. | | UNKNOWN |
| | | UNDEFINED EQUITY INTEREST IN AMPAL LEASING CORP | | UNKNOWN |
| | | UNDEFINED EQUITY INTEREST IN ETZ VANIR LTD. | | UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | | 33.3% EQUITY INTEREST IN TELECOM PARTNERS | | UNKNOWN |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | | AMPAL AMERICAN SECURITIES (TREASURY STOCK) | | UNKNOWN |
| | | UNITED STATES TREASURY NOTES | | UNKNOWN |
| 16. ACCOUNTS RECEIVABLE. | | INTERCOMPANY A/R | | $34,465,848.00 |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | X | | | |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |

In re: AMPAL-AMERICAN ISRAEL CORPORATION                    Case No.  12-13689
_____                    _____
                            Debtor                                                          (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | | BILATERAL INVESTMENT TREATY CLAIM WITH THE ARAB REPUBLIC OF EGYPT REGARDING AMPAL-AMERICAN'S INVESTMENT IN EAST MEDITERRANEAN GAS CO. (EMG) | | UNKNOWN |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES.  GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | | VARIOUS COMPUTER EQUIPMENT | | $4,005.90 |
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | | VARIOUS TELEPHONE SYSTEMS EQUIPMENT | | $0.00 |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |

In re: AMPAL-AMERICAN ISRAEL CORPORATION    Case No.    12-13689
_____                _____
                         Debtor                                                                                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED. ITEMIZE. | | LEASEHOLD IMPROVEMENTS | | $10,912.72 |

|  |  |
|---|---|
| Total | $49,651,776.99 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

In re:  AMPAL-AMERICAN ISRAEL CORPORATION      Case No.   12-13689

                Debtor                                                               (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|

In re: __AMPAL-AMERICAN ISRAEL CORPORATION__                                      Case No. __12-13689__
                                    Debtor                                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑      Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐      **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐      **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re: __AMPAL-AMERICAN ISRAEL CORPORATION__    Case No. __12-13689__
                                Debtor                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

In re:  AMPAL-AMERICAN ISRAEL CORPORATION

Debtor

Case No.   12-13689

(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AMERICAN EXPRESS<br>P.O. BOX 981540<br>EL PASO, TX  79998-1540 | | | TRADE DEBT | | | | $3,415.07 |
| ACCOUNT NO.<br><br>AMERICAN EXPRESS ISRAEL<br>40 HAMASGER ST.<br>TEL AVIV<br>ISRAEL | | | TRADE DEBT | | | | $4,473.00 |
| ACCOUNT NO.<br><br>AMPAL ENTERPRISES LTD<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH<br>ISRAEL | | | INTERCOMPANY LOAN | X | X | | $350,000.00 |
| ACCOUNT NO.<br><br>AMPAL HOLDINGS (1991) LTD<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH<br>ISRAEL | | | INTERCOMPANY CAPITAL NOTE | X | X | | $177,195,362.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 1 of 5

Subtotal     $177,553,250.07

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AMPAL ISRAEL LTD.<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH<br>ISRAEL | | | INTERCOMPANY CAPITAL NOTE | X | X | | $15,532,270.00 |
| ACCOUNT NO.<br><br>AMPAL ISRAEL LTD.<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH<br>ISRAEL | | | INTERCOMPANY LOAN | X | X | | $22,011,993.00 |
| ACCOUNT NO.<br><br>BANK HAPOALIM NY<br>1177 AVENUE OF THE AMERICAS,<br>NEW YORK, NY | | | BANK LOAN | X | X | | $3,523,873.62 |
| ACCOUNT NO.<br><br>BROADRIDGE INVESTOR COMMUNICATION SOLUTIONS<br>1981 MARCUS AVENUE<br>LAKE SUCCESS, NY 11042 | | | TRADE DEBT | | | | $337.53 |
| ACCOUNT NO.<br><br>CLAL FINANCE LTD.<br>37 MENAHEM BEGIN ROAD<br>TEL-AVIV 65220<br>ISRAEL | | | TRADE DEBT | | | | $18,718.00 |
| ACCOUNT NO.<br><br>COLLINES BUILDING SERVICES INC<br>COURT SQUARE PLACE<br>24-01 44TH ROAD, 15TH FLOOR<br>LONG ISLAND CITY, NY 11101 | | | TRADE DEBT | | | | $321.09 |
| ACCOUNT NO.<br><br>COMPUTERSHARE SHAREOWNER SERVICES, LLC<br>480 WASHINGTON BOULEVARD<br>JERSEY CITY, NJ 07310 | | | TRADE DEBT | | | | $50,988.57 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 2 of 5

Subtotal      $41,138,501.81

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> DANIEL VAKNIN <br> 27TH FLOOR <br> TEL AVIV 67012 <br> ISRAEL | | | TRADE DEBT | | | | $12,666.67 |
| ACCOUNT NO. <br><br> FLORENCE COHEN <br> 47 KING SOLOMON ST. <br> HERZELIYA PITUACH 46710 <br> ISRAEL | | | TRADE DEBT/PENSION OBLIGATION | X | X | | $3,230.00 |
| ACCOUNT NO. <br><br> GOLDFARB & SELIGMAN LAW OFFICE <br> ELECTRA TOWER <br> 98 YIGAL ALON STREET <br> TEL AVIV 64891 <br> ISRAEL | | | TRADE DEBT | | | | $39,038.23 |
| ACCOUNT NO. <br><br> HERMATIC TRUST (1975) LTD. <br> HAYARKON 113 <br> TEL AVIV <br> ISRAEL | | | TRUSTEE OF SERIES A DEBENTURES | X | X | | $53,679,212.00 |
| ACCOUNT NO. <br><br> ISRAEL DISCOUNT BANK LTD. <br> 31 YEHUDA HALEVI ST <br> TEL AVIV <br> ISRAEL | | | GUARANTY | X | X | | $75,500,000.00 |
| ACCOUNT NO. <br><br> JILL BRACO <br> 455 PARK AVENUE SOUTH <br> APT. #303 <br> NEW YORK, NY 10016 | | | TRADE DEBT/CONTRACTOR | X | X | | $36,000.00 |
| ACCOUNT NO. <br><br> KESSELMAN & KESSELMAN <br> TRADE TOWER, 25 HAMERED ST. <br> TEL AVIV 68125 <br> ISRAEL | | | TRADE DEBT | | | | $96,704.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 3 of 5

                                          Subtotal     $129,366,850.90

In re: AMPAL-AMERICAN ISRAEL CORPORATION _____ Case No. 12-13689
_____
Debtor                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>LEO MALAMUD<br>27TH FLOOR<br>TEL AVIV 67012<br>ISRAEL | | | TRADE DEBT | | | | $2,000.00 |
| ACCOUNT NO.<br>MENAHEM MORAG<br>5 AZRIELI CENTER (SQUARE TOWER)<br>TEL AVIV 67012<br>ISRAEL | | | TRADE DEBT | | | | $9,000.00 |
| ACCOUNT NO.<br>MERHAV AMPAL GROUP LTD<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH<br>ISRAEL | | | INTERCOMPANY CAPITAL NOTE | X | X | | $60,388,540.00 |
| ACCOUNT NO.<br>MISHMERET - TRUSTS COMPANY LTD<br>AMOT BITUACH HOUSE BUILDING B,<br>48 MENACHEM BEGIN RD.<br>TEL AVIV 66184<br>ISRAEL | | | TRUSTEE OF SERIES C DEBENTURES | X | X | | $43,994,397.00 |
| ACCOUNT NO.<br>PRECISIONIR INC.<br>9011 ARBORETUM PARKWAY, SUITE 295<br>RICHMOND, VA 23236 | | | TRADE DEBT | | | | $3,000.00 |
| ACCOUNT NO.<br>REVITAL DEGANI<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH<br>ISRAEL | | | TRADE DEBT | | | | $8,500.00 |
| ACCOUNT NO.<br>REZNIK PAZ NEVO R.P.N. TRUSTS 2007 LTD.<br>14, YAD HARUTZIM ST.,<br>TEL AVIV 67778<br>ISRAEL | | | TRUSTEE OF SERIES B DEBENTURES | X | X | | $136,288,554.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 4 of 5

Subtotal          $240,693,991.00

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> SABIH SAYLAN <br> 27TH FLOOR <br> TEL AVIV 67012 <br> ISRAEL | | | TRADE DEBT | | | | $4,000.00 |
| ACCOUNT NO. <br><br> SHAREHOLDERS.COM <br> LEVEL 3 COMMUNICATIONS, INC. <br> 1025 ELDORADO BOULEVARD <br> BROOMFIELD, CO 80021 | | | TRADE DEBT | | | | $1,880.00 |
| ACCOUNT NO. <br><br> SHEARMAN & STERLING LLP <br> ARAB REPUBLIC OF EGYPT <br> 114, AVENUE DES <br> CHAMPS-ELYSÉES <br> PARIS 75008 <br> FRANCE | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> TOTAL RECORDS <br> 438 WEST 51ST ST. <br> NEW YORK, NY 10019 | | | TRADE DEBT | | | | $167.00 |
| ACCOUNT NO. <br><br> UNION BANK LTD <br> TEL AVIV MAIN BRANCH <br> 6-8 AHUZAT BAYIT ST. <br> TEL AVIV 65143 <br> ISRAEL | | | GUARANTY | X | X | | $1,666,666.00 |
| ACCOUNT NO. <br><br> VERIZON <br> P.O. BOX 15124 <br> ALBANY, NY 12212-5124 | | | TRADE DEBT | | | | $868.87 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 5 of 5

|  |  |
|---|---|
| Subtotal | $1,673,581.87 |
| Total <br> (Use only on last page of the completed Schedule F.) <br> (Report also on Summary of Schedules and, if applicable on the <br> Statistical Summary of Certain Liabilities and Related Data.) | $590,426,175.65 |

In re: AMPAL-AMERICAN ISRAEL CORPORATION     Case No.   12-13689
_____       _____
                    Debtor                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| AON LIMITED<br>8 DEVONSHIRE SQUARE<br>LONDON  EC2M 4PL<br>UNITED KINGDOM | INSURANCE AGREEMENT<br>EXCESS DIRECTORS AND OFFICERS LIABILITY AND DIFFERENCE IN CONDITIONS POLICY<br>01 JAN 2012 TO 01 JAN 2013 |
| BROADRIDGE INVESTOR COMMUNICATION SOLUTIONS<br>1981 MARCUS AVENUE<br>LAKE SUCCESS, NY  11042 | VENDOR AGREEMENT |
| COLLINES BUILDING SERVICES INC<br>COURT SQUARE PLACE<br>24-01 44TH ROAD, 15TH FLOOR<br>LONG ISLAND CITY, NY  11101 | VENDOR AGREEMENT |
| COMPUTERSHARE SHAREOWNER SERVICES, LLC<br>480 WASHINGTON BOULEVARD<br>JERSEY CITY, NJ  07310 | VENDOR AGREEMENT |
| ISRAEL DISCOUNT BANK LTD.<br>31 YEHUDA HALEVI ST<br>TEL AVIV<br>ISRAEL | GUARANTY AGREEMENT |
| JILL BRACO<br>455 PARK AVENUE SOUTH<br>APT. #303<br>NEW YORK, NY  10016 | INDEPENDENT CONTRACTOR AGREEMENT |
| KESSELMAN & KESSELMAN<br>TRADE TOWER, 25 HAMERED ST.<br>TEL AVIV  68125<br>ISRAEL | VENDOR AGREEMENT |
| PATTERSON BELKNAP WEBB & TYLER LLP<br>1133 AVENUE OF THE AMERICAS<br>ATTN: ANDREW L. HERZ, ESQ.<br>NEW YORK, NY  10036 | LEASE AGREEMENT FOR 555 MADISON, NEW YORK, NY |
| PRECISIONIR INC.<br>9011 ARBORETUM PARKWAY, SUITE 295<br>RICHMOND, VA  23236 | VENDOR AGREEMENT |
| SHAREHOLDERS.COM<br>LEVEL 3 COMMUNICATIONS, INC.<br>1025 ELDORADO BOULEVARD<br>BROOMFIELD, CO  80021 | VENDOR AGREEMENT |

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| TOTAL RECORDS<br>438 WEST 51ST ST.<br>NEW YORK, NY 10019 | VENDOR AGREEMENT |
| VERIZON<br>P.O. BOX 15124<br>ALBANY, NY 12212-5124 | VENDOR AGREEMENT |

In re: **AMPAL-AMERICAN ISRAEL CORPORATION**
_____
Debtor

Case No. 12-13689
_____
(if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| AMPAL (ISRAEL) LTD.<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH, ISRAEL | BANK HAPOALIM NY<br>1177 AVENUE OF THE AMERICAS,<br>NEW YORK, NY |
| AMPAL FINANCIAL SERVICES LTD.<br>33 HAVAZELET HASHARON ST.<br>HERZELIYA PITUACH, ISRAEL | BANK HAPOALIM NY<br>1177 AVENUE OF THE AMERICAS,<br>NEW YORK, NY |

In re: AMPAL-AMERICAN ISRAEL CORPORATION                                    Case No.  12-13689
_____                                          _____
                    Debtor                                                                              (if known)


# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP


I, Nir Bernstein, the Vice President, Controller of Ampal-American Israel Corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 19 sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.


Date  10/12/12                               Signature  _____

                                                          Nir Bernstein
                                                          [Print or type name of individual signing on behalf of debtor.]


*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
--------------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.