|  |  |
|---|---|
| **Presentment Date/Time:** | **July 1, 2013 at 12:00 P.M.** |
| **Objection Date/Time:** | **July 1, 2013 at 11:30 A.M.** |

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Proposed Attorneys for **Alex Spizz, as Chapter 7**
**Trustee of Ampal-American Israel Corporation**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Janice B. Grubin, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                                    Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                        Case No. 12-13689 (SMB)

                        Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### NOTICE OF PRESENTMENT OF ORDER AUTHORIZING AND GRANTING RETENTION AND EMPLOYMENT OF SHAPIRA & CO. ADVOCATES, AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF MAY 20, 2013

PLEASE TAKE NOTICE, that on the **1st day of July, 2013** at **12:00 p.m.** (the

"Presentment Date"), Alex Spizz, as Chapter 7 trustee (the "Trustee") of Ampal-American

Israel Corporation, debtor herein (the "Debtor"), shall present the annexed "Order

Authorizing Retention and Employment of Shapira & Co. Advocates as Special Counsel to

the Chapter 7 Trustee" (the "Proposed Order") for approval to the Honorable Stuart M.

Bernstein, United States Bankruptcy Judge of the United States Bankruptcy Court for the

Southern District of New York, at the Judge's Chambers located at One Bowling Green,

New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE**, that the Trustee has filed the attached Application, Declaration and Proposed Order seeking to retain Shapira & Co. Advocates as special counsel to the Trustee in the above-captioned case.

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Proposed Order or any requests for a hearing on the attached Application, shall be filed with the Clerk of the Court and received on or before **11:30 A.M. on July 1, 2013** by: (i) Nachamie Spizz Cohen & Serchuk, P.C., proposed attorneys for the Trustee, 425 Park Avenue, New York, New York 10022, Attn: Alex Spizz, Esq. and Janice B. Grubin, Esq.; (ii) the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004; and (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Fl., New York, NY 10004-1408, Attn: Andrew D. Velez-Rivera, Esq.

**PLEASE TAKE FURTHER NOTICE**, that in the event objections to the entry of the Proposed Order are timely served and filed, the Court may schedule a hearing thereon.

Dated: New York, New York
     June _24_ , 2013

                         NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
                         Proposed Attorneys for **Alex Spizz, as Chapter 7**
                         **Trustee of Ampal-American Israel Corporation**

                         By: _____
                             Alex Spizz
                             Arthur Goldstein
                             Janice B. Grubin
                             Jill Makower
                         425 Park Avenue
                         New York, New York 10022
                         (212) 754-9400

Presentment Date and Time:  July 1, 2013 at 12:00 Noon
Objection Deadline:         July 1, 2013 at 11:30 A.M.

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Proposed Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Janice B. Grubin, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                              Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                  Case No. 12-13689 (SMB)

                           Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


### ORDER AUTHORIZING RETENTION OF SHAPIRA & CO. ADVOCATES AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. §327(e), EFFECTIVE AS OF MAY 20, 2013

Upon the application dated June 24, 2013 (the "Application") filed by Alex Spizz,

as Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation, the debtor

herein (the "Debtor"), by his proposed general bankruptcy counsel, Nachamie Spizz

Cohen & Serchuk, P.C., for an order pursuant to §327(e) of title 11, United States Code

(the "Bankruptcy Code"), authorizing the Trustee to employ Shapira & Co. Advocates

(the "Shapira Firm") to represent him as special counsel, and upon the Declaration of

Ofer Shapira, dated June 24, 2013 (the "Shapira Declaration"), and no objection

having been made to the Trustee's Application; and after due deliberation it appearing

that the Shapira Firm neither holds nor represents any interest adverse to the Debtor's

estate with respect to the matters on which the Shapira Firm is to be employed, and that
the employment of the Shapira Firm is necessary and would be in  the best interests
of the Debtor's estate; it is

**ORDERED**, that Trustee is hereby authorized to appoint and employ the
Shapira Firm as special counsel to represent him in the above-captioned chapter 7
case on the terms and conditions set forth in the Application and the Shapira
Declaration pursuant to §327(e) of the Bankruptcy Code, effective as of May 20, 2013,
the date of the Trustee's election as Chapter 7 Trustee; and it is further

**ORDERED**, that the compensation of the Shapira Firm as special counsel for
the Trustee shall be fixed by this Court after application, in the manner prescribed by
§§330 and 331 of the Bankruptcy Code and the U.S. Trustee's Guidelines; and it is
further

**ORDERED**, that the services that the Shapira Firm shall provide to the Trustee
will not duplicate or overlap with the services to be provided by the Trustee's general
bankruptcy counsel; and it is further

**ORDERED**, that in the event the Shapira Firm increases its rates, the Shapira
Firm shall provide prior notice of such rate increases to the Trustree, the Trustee's
counsel and the United States Trustee.

Dated: New York, New York
      _____, 2013


                          _____
                          STUART M. BERNSTEIN
                          UNITED STATES BANKRUPTCY JUDGE

Presentment Date and Time:    July 1, 2013 at 12:00 Noon
Objection Deadline:               July 1, 2013 at 11:30 A.M.

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Proposed Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Janice B. Grubin, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------x
In re:                                                        Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,            Case No. 12-13689 (SMB)

                        Debtor.
------------------------------------------x

### CHAPTER 7 TRUSTEE'S APPLICATION FOR RETENTION OF SHAPIRA & CO. ADVOCATES AS SPECIAL COUNSEL TO TRUSTEE PURSUANT TO 11 U.S.C. §327(e), EFFECTIVE AS OF MAY 20, 2013

**TO:    THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:**

Alex Spizz, as chapter 7 trustee (the "Trustee") of Ampal-American Israel

Corporation, the above-captioned chapter 7 debtor (the "Debtor"), by his proposed general

bankruptcy counsel, Nachamie Spizz Cohen & Serchuk, P.C. ("NSCS"), submits this

application and the accompanying Declaration of Ofer Shapira, dated June 24, 2013 (the

"Shapira Declaration"), seeking an order pursuant to section 327(e) of title 11, United

States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and S.D.N.Y. Local Bankruptcy Rule 2014-1,

authorizing the employment and retention of Shapira & Co. Advocates (the "Shapira

Firm"), an Israeli law firm with offices at 5 Azrieli Center (Square Tower), 27th Fl., Tel-Aviv 67025, Israel, as special counsel to the Trustee, effective as of May 20, 2013, the date of the Trustee's election (the "Election Date"). In support of the Application, the Trustee respectfully sets forth and represents as follows:

## BACKGROUND

### A.    General

1.    On August 29, 2012, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.    On April 8, 2013, the Court ordered the appointment of a Chapter 11 trustee and the Office of the U.S. Trustee thereafter designated Michael Luskin as Chapter 11 trustee.

3.    By order dated May 2, 2013, the Court converted the case to one under Chapter 7.

4.    On May 3, 2013, the Office of the U.S. Trustee appointed Alan Nisselson as interim Chapter 7 trustee.

5.    On May 20, 2013, Alex Spizz was elected Chapter 7 Trustee of the Debtor at an election held pursuant to §702 of the Bankruptcy Code and was duly qualified thereafter.

6.    The Trustee believes that Israel-based special counsel is necessary here and would serve the best interests of the Debtor's estate. The Trustee requires well-qualified Israeli counsel to provide legal services in connection with the ongoing management and disposition of various Israeli subsidiaries of the Debtor and other assets of the Debtor located in Israel.

**B.    The Bondholers**

7.    The Debtor has issued three series of bonds, A, B & C, the holders of which (the "Bondholders") are owed an aggregate of $235 million.  The Bondholders comprised the now-dissolved official committee of unsecured creditors ("Committee") which was active in the Debtor's Chapter 11 case.

8.    As set forth in the Shapira Declaration, the Shapira Firm represented the indenture trustee for the Series A Bondholders (the "Series A Indenture Trustee") and the indenture trustee for the Series C Bondholders (the "Series C Indenture Trustee") in months of restructuring negotiations with the Debtor prior to Debtor's Chapter 11 filing. After the Debtor's Chapter 11 filing, the Shapira Firm represented the Series A and Series C Indenture Trustees as a Committee member.  As such, the Shapira Firm became very familiar with and obtained extensive knowledge of the affairs of the Debtor and the Ampal group in general.  The Shapira Firm continues to represent the Series A and Series C Indenture Trustees in this Chapter 7 case, with limitations, as discussed below.

9.    The Series B bonds and the Series C bonds each have a sinking fund (together, the "Sinking Funds").  The Debtor's Schedules state that the Sinking Funds are the Debtor's property.  However, the Series B and Series C bondholders are asserting an ownership interest in the respective Sinking Funds.

10.    Shortly before the conversion of the Debtor's case to Chapter 7, the Shapira Firm moved (the "Turnover Motion") in the Israeli District Court for turnover of the Series C Sinking Fund.  Upon demand by the Trustee, the Shapira Firm, on behalf of the Series C Bondholders, withdrew the Turnover Motion without prejudice to renew upon obtaining relief from the automatic stay.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case and this Application in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

12. The statutory predicates for the relief requested herein are sections 327(c) and 327(e) of the Bankruptcy Code.

## DESCRIPTION OF SHAPIRA FIRM'S SERVICES

13. By this Application, the Trustee is seeking to retain the Shapira Firm as his special counsel in connection with this Chapter 7 case pursuant to Bankruptcy Code section 327(e). The Shapira Firm will be responsible for advising the Trustee on all matters arising in Israel in connection with the Debtor and representing the Trustee in any litigation.

14. In its proposed special counsel role, the Shapira Firm will not be involved in any matters concerning the Sinking Funds or the claims of the Bondholders.

## RELIEF REQUESTED

15. By this Application, and pursuant to section 327(e) of the Bankruptcy Code, the Trustee seeks to employ the Shapira Firm as his special counsel to perform the legal services described herein, effective as of the Election Date. The Trustee submits that the retention of the Shapira Firm under the terms described herein is necessary and appropriate under section 327(e) of the Bankruptcy Code. The Trustee

believes that the Shapira Firm and its professionals are well qualified to act as special

counsel on behalf of the Trustee in this case.

## APPLICABLE LEGAL AUTHORITY

## I.   RETENTION OF THE SHAPIRA FIRM AS SPECIAL COUNSEL TO THE TRUSTEE IS NECESSARY AND APPROPRIATE UNDER 11 U.S.C. § 327(e)

16.   With bankruptcy court approval, a trustee has the power to employ

attorneys as special counsel pursuant to section 327(e) of the Bankruptcy Code. See

Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610, 622 (2d Cir.

1999). Section 327(e) provides:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. §327(e).

17.   "[T]he special counsel exception of §327(e) permit[s] the utilization of

special knowledge and experience which may be of substantial benefit to the estate."

United States Tr. v. Andover Togs, Inc. (In re Andover Togs, Inc.), 2001 U.S. Dist.

LEXIS 2690 at *10 (S.D.N.Y. Mar. 13, 2001) (internal quotations omitted).

18.   Section 327(e) of the Bankruptcy Code authorizes the retention of an

attorney provided that: (a) such retention is for a special purpose; (b) the purpose of the

retention is not to conduct the bankruptcy case; (c) the retention is in the best interests

of the estate; and (d) the attorney does not hold any interest adverse to the debtor or its

estate respecting the subject of its retention. See 11 U.S.C. §327(e).

19.     As detailed below, the Trustee's proposed retention of the Shapira Firm as his special counsel is necessary and appropriate under section 327(e).

## A.     Special Purpose

20.     The Shapira Firm's proposed retention pursuant to section 327(e) of the Bankruptcy Code is for the limited purpose of representing the Trustee as his special counsel to handle issues relating to the ongoing management and disposition of the Debtor's Israeli subsidiaries and any personal property assets of the Debtor located in Israel.  The Trustee submits that the Israel-based Shapira Firm, which specializes in bankruptcy, insolvency, reorganization, litigation and real estate, is well qualified to act as special counsel on behalf of the Trustee in this case.

## B.     Conduct of the Case

21.     The Shapira Firm's proposed retention is for the discrete services discussed above and detailed in the Shapira Affidavit.  None of the services provided by the Shapira Firm will constitute conducting or administering the Debtor's bankruptcy proceeding. The Shapira Firm will not render services typically performed by bankruptcy counsel.  By delineating the Shapira Firm's role, the Trustee intends to ensure there will be no duplication of services with NSCS.

22.     To minimize the possibility that services provided by the Shapira Firm might duplicate those provided by other professionals retained by the Trustee, the Shapira Firm will consult regularly with the Trustee and his other retained professionals, as circumstances may dictate.

**C.    Best Interests of the Estate**

23.    The Shapira Firm's retention is in the best interests of the Debtor's estate
and creditors. The Trustee is seeking to engage the Shapira Firm because, among
other things, its attorneys have extensive experience with matters of Israeli law and are
very familiar with the different businesses of the Debtor and the complexities thereof.

**D.    No Adverse Interest With Respect To The Matters On
Which The Shapira Firm Is To Be Employed**

24.    Under the Second Circuit's decision in AroChem, the Court must inquire
into whether the special counsel holds or represents an interest adverse to the estate
"with respect to the matter on which [the special counsel] is to be employed." 11 U.S.C.
§327(e).    Further, AroChem held that since the role of the special counsel is, by
definition, limited, the debtor need only show that there is no adverse interest related to
that role itself, noting that "where the interest of the special counsel and the interest of
the estate are identical *with respect to the matter for which special counsel is
retained,* there is no conflict and the representation can stand." AroChem, 176 F.3d at
622 (emphasis in original). See also Hogil Pharm. Corp. v. Sapir (In re Innomed
Labs, LLC), 2008 U.S. Dist. LEXIS 7017, at *8-9 (S.D.N.Y. Jan. 28, 2008).

25.    Although the Code does not define the phrase to "hold or represent an
interest adverse to the estate," the Second Circuit has adopted the following definition:

(1) to possess or assert any economic interest that would tend to lessen
the value of the bankruptcy estate or that would create either an actual or
potential dispute in which the estate is a rival claimant; or

(2) to possess a predisposition under circumstances that render such a
bias against the estate.

AroChem, 176 F.3d at 623 (quoting In re Roberts, 46 B.R. 815, 827 (Bankr. D. Utah
1985)). See Hogil Pharm. Corp., 2008 U.S. Dist. LEXIS 7017 at *6; In re JMK Constr.

Group, Ltd., 441 B.R. 222, 229 (Bankr. S.D.N.Y. 2010).

26.    The test is not retrospective; courts only examine present interests when determining whether a party has an adverse interest. AroChem, 176 F.3d at 623-24 (observing that Congress intended only to proscribe those who presently have an adverse interest from representing a debtor under §327(a)); JMK Constr., 441 B.R. at 229. Generally stated, the adverse interest test is objective and precludes "any interest or relationship, however slight, that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." In re Granite Partners, L.P., 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998); see also JMK Constr., 441 B.R. at 229; In re Angelika Films 57th, Inc., 227 B.R. 29, 38 (Bankr. S.D.N.Y. 1998) ("The determination of adverse interest is objective and is concerned with the appearance of impropriety.") (citation omitted).

27.    Further, courts have recognized that a professional has a disabling conflict if it has "either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to place those parties at more than acceptable risk—or the reasonable perception of one." Granite Partners, 219 B.R. at 33 (quoting In re Martin, 817 F.2d 175, 180 (1st Cir. 1987)); JMK Constr., 441 B.R. at 229-230. Thus, disqualification is appropriate "if it is plausible that the representation of another interest may cause the debtor's attorney to act any differently than they would without other representation." In re Leslie Fay Cos., 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994).

28.    Courts determine whether an adverse interest exists on a case-by-case basis, examining the specific facts in a case. AroChem, 176 F.3d at 623 ("Whether an

adverse interest exists is best determined on a case-by-case basis."); Angelika Films
57th, 227 B.R. at 39 (stating that "the determination of counsel's disinterestedness is a
fact-specific inquiry"). Bankruptcy courts may consider the interests of the estate and
the debtor's creditors, accounting for the expeditious resolution of a case when
analyzing a retention order. In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001) (citing
AroChem, 176 F.3d at 621). Courts, however, must take the requirements of section
327 seriously, as they ensure that a professional fulfils his duties in accordance with his
fiduciary duties to the estate. Leslie Fay Cos., 175 B.R. at 532 ("The requirements of
section 327 cannot be taken lightly, for they 'serve the important policy of ensuring that
all professionals appointed pursuant to [the section] tender undivided loyalty and
provide untainted advice and assistance in furtherance of their fiduciary
responsibilities.'") (quoting Rome v. Braunstein, 19 F.3d 54, 58 (1st Cir. 1994)).
Moreover, courts lack the power to authorize the "employment of a professional who
has a conflict of interest." In re Mercury, 280 B.R. 35, 55 (Bankr. S.D.N.Y. 2002)
(citations omitted).

29. As set forth in the Shapira Declaration, the Shapira Firm represented the
Series A and Series C Indenture Trustees in restructuring negotiations with the Debtor,
prior to its Chapter 11 filing; after the Chapter 11 filing, the Shapira Firm represented the
Series A and Series C Indenture Trustees as a Committee member; and the Shapira Firm
continues to represent the Series A and Series C Indenture Trustees in this Chapter 7
case. The Shapira Firm will not be involved in any matters concerning the Sinking Funds
or the claims of the Bondholders in its proposed special counsel role. As further set forth
in the Shapira Declaration, the Shapira Firm, as one of Israel's leading insolvency teams,

from time to time, works on projects for Bank Hapoalim and Israeli Discount Bank unrelated to the Debtor's bankruptcy case, and these representations are in matters unrelated to the Debtor's bankruptcy case.

30.     In fact, the interest of the Shapira Firm and the interest of the estate are identical with respect to the matters for which the Trustee seeks its employment:   the preservation and maximum monetization of the Debtor's assets for distribution to creditors.

31.     The Shapira Firm has informed the Trustee that it does not hold or represent an interest adverse to the Debtor or its estate with respect to the matters on which it is to be employed, and that the Shapira Firm has no conflict of interest in representing the Trustee as special counsel.

32.     To the best of the Trustee's knowledge, information and belief, and except as set forth herein and in the Shapira Declaration, neither the Shapira Firm nor any attorney or counsel of the Shapira Firm has any connection with or any interest adverse to the Debtor, its creditors or any significant party in interest, or their respective attorneys or accountants or to the United States Trustee or any person employed in the office of the United States Trustee, except to the extent set forth in the Shapira Declaration.   Moreover, as set forth in the Shapira Declaration, the Shapira Firm's representation of the Series A and Series C Indenture Trustees in the Debtor's Chapter 11 case and prior to the Petition Date has provided the Shapira Firm with knowledge of the Debtor that will be very useful to the Trustee and cost effective to the estate.

33.     Where, as here, there is no conflict concerning the subject matter of the

proposed special engagement (here, there exists an identity of interests), an application

to employ special counsel should be granted.    See AroChem, 176 F.3d at 622.

## II.     THE SHAPIRA FIRM'S RETENTION AS TRUSTEE'S SPECIAL COUNSEL IS PROPER UNDER 11 U.S.C. § 327(c)

34.     Bankruptcy Code Section 327(c) states:

(c) In a case under chapter 7, 12, or 11 of this title, a person is not
disqualified for employment under this section solely because of such
person's employment by or representation of a creditor, unless there is
objection by another creditor or the United States trustee, in which case
the court shall disapprove such employment if there is an actual conflict of
interest.

11 U.S.C. § 327(c).

35.     Pursuant to section 327(c), an attorney who represents a creditor is not

prohibited from simultaneously serving as special counsel to the trustee, unless there is

an actual conflict of interest with respect to the matter on which special counsel is to be

retained.  See Hogil Pharm. Corp. v. Sapir (In re Innomed Labs, LLC), 2008 U.S. Dist.

LEXIS 7017, at *17-18 (S.D.N.Y. Jan. 28, 2008)(affirming order granting application to

employ special counsel to the Chapter 7 trustee; "an attorney who represents a creditor

is not prohibited from serving as special counsel to the trustee as well, unless there is

an actual conflict of interest… When the trustee retains special, rather than general,

counsel, all section 327 requires is that the interests of counsel be identical to the

interests of the estate with respect to the matter for which counsel has been retained.");

Nisselson v. Wong (In re Best Craft Gen. Contr. & Design Cabinet, Inc.), 239 B.R. 462,

464 (Bankr. E.D.N.Y. 1999)(approving retention of special litigation counsel for Chapter

7 trustee, where that firm simultaneously represented the largest creditor of the debtor);

Shodeen v. Petit (In re Burghoff), 2006 Bankr. LEXIS 3889 at *17 (Bankr. S.D. Iowa Dec. 11, 2006)("Thus 'where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself.' In other words, an attorney for the trustee that concurrently represents a creditor 'must not represent an adverse interest relating to the services which are to be performed by that attorney.'" (quoting Best Craft, 239 B.R. at 468)); In re Contractor Tech., Ltd., 2006 U.S. Dist. LEXIS 34466, at *23-25 (S.D. Tex. May 30, 2006) (affirming decision which authorized Chapter 7 trustee to employ a law firm as special litigation counsel, which firm simultaneously represented creditors).

36.      "Thus, if a creditor's attorney employed as special counsel does not otherwise hold or represent interests adverse to the estate, where there is an identity of interest between the creditor and the estate "*with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand." Best Craft Gen. Contr., 239 B.R. at 468 (emphasis in original).

37.      As set forth above, the Shapira Firm has informed the Trustee that it has no actual conflict of interest with respect to the matter for which it is to be retained as special counsel.   Therefore, retention of the Shapira Firm is proper under Section 327(c).

## PROFESSIONAL COMPENSATION

38.      No retainer or payments have been made by the Debtor's estate to the Shapira Firm in connection with this case.

39.     Subject to Court approval after application filed in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, compensation will be payable to the Shapira Firm in this case on an hourly basis, plus reimbursement of actual and necessary expenses incurred by the Shapira Firm.

40.     The Shapira Firm will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the services described above by category and nature of the service rendered.

41.     Subject to the Court's approval, the Shapira Firm will charge the Debtor's estate for its services in accordance with its hourly rates in effect at the time services are rendered. The principal attorney at the Shapira Firm designated to represent the Trustee is Ofer Shapira. The Shapira Firm's hourly rate for the attorneys expected to work on this chapter 7 case is: $180 for partners; $110 for associates and $56 for interns, plus the 18% VAT.

## DISCLOSURE

42.     Rule 2014 of the Federal Rules of Bankruptcy Procedure dictates the information that must be contained in an application for employment, including, "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee" and further provides that a verified statement made by prospective counsel as to such connections must be included with the application. In re Brown Publ'g Co., 2013 Bankr. LEXIS 1743, at *42-43 (Bankr.

E.D.N.Y. Apr. 29, 2013). [1]

43.     Courts have emphasized the importance of making thorough disclosures
of any connections as required by Rule 2014 when seeking to employ counsel pursuant
to Section 327.   In re Leslie Fay, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994); In re
Biddle, 2012 Bankr. LEXIS 5766, at *3-5 (Bankr. D.S.C. Dec. 6, 2012); Brown Publ'g
Co., 2013 Bankr. LEXIS 1743 at *43.   This obligation to make disclosure of any
connection continues beyond the court's approval of an employment application, and is
a continuing one. Id. at *43.

44.     This Application satisfies the requirements of Bankruptcy Rule 2014(a)
and S.D.N.Y. Local Bankruptcy Rule 2014-1.[2]

---

[1]     Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> (a) Application for and Order of Employment. An order approving the employment of
> attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant
> to §327... of the Code shall be made only on application of the trustee or committee...The
> application shall state the specific facts showing the necessity for the employment, the
> name of the person to be employed, the reasons for the selection, the professional
> services to be rendered, any proposed arrangement for compensation, and, to the best of
> the applicant's knowledge, all of the person's connections with the debtor, creditors, any
> other party in interest, their respective attorneys and accountants, the United States
> trustee, or any person employed in the office of the United States trustee. The application
> shall be accompanied by a verified statement of the person to be employed setting forth
> the person's connections with the debtor, creditors, any other party in interest, their
> respective attorneys and accountants, the United States trustee, or any person employed
> in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

[2]   Local Bankruptcy Rule 2014-1 provides:

> An application for the employment of a professional person pursuant to §§327 and 328 of
> the Bankruptcy Code shall state the specific facts showing the reasonableness of the terms
> and conditions of the employment, including the terms of any retainer, hourly fee, or
> contingent fee arrangement.

S.D.N.Y. LBR 2014-1.

## NOTICE

45.    Notice of this Application will be given to: (a) Bryan Cave LLP, attorneys for the Debtor; (b) the United States Trustee; (c) counsel to each series of Bondholders; (d) all known creditors of the Debtor; (e) counsel to the Debtor's former directors and officers; and (f) all parties that have filed requests for service of papers. The Trustee submits that, under the circumstances, no other or further notice is required.

46.    No previous motion or application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form filed herewith, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated:  New York, New York
        June 24, 2013

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Proposed Attorneys for **Alex Spizz, Chapter 7 Trustee**

By:  _____
        Alex Spizz
        Janice B. Grubin
        Arthur Goldstein
        Jill Makower
     425 Park Avenue
     New York, NY 10022
     (212) 754-9400

**Presentment Date and Time:    July 1, 2013 at 12:00 Noon**
**Objection Deadline:             July 1, 2013 at 11:30 A.M.**

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Proposed Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Janice B. Grubin, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                         Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,            Case No. 12-13689 (SMB)

                              Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DECLARATION IN SUPPORT OF CHAPTER 7 TRUSTEE'S
APPLICATION FOR ORDER AUTHORIZING RETENTION OF SHAPIRA
& CO. ADVOCATES AS SPECIAL COUNSEL TO THE CHAPTER 7
TRUSTEE PURSUANT TO 11 U.S.C. §327(e), EFFECTIVE AS OF MAY
20, 2013**

Ofer Shapira declares as follows under penalty of perjury:

1.      I am a partner of Shapira & Co. Advocates (the "Shapira Firm") and am

duly admitted to practice in Israel.

2.      This declaration is submitted in support of the Trustee's Application for

retention of Shapira & Co. Advocates as Special Counsel to Trustee pursuant to 11

U.S.C. §327(e), effective as of May 20, 2013 (the "Application") filed by Alex Spizz, the

Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation (the "Debtor").

280347v6

3.      The Trustee has requested authorization to employ the Shapira Firm as his special counsel, on the terms and conditions described in the Application and herein.  The Shapira Firm submits that it is well qualified to represent the Trustee as his special counsel.

4.      Prior to the filing of the Debtor's Chapter 11 petition, the Shapira Firm represented the indenture trustee for the Series A Bondholders (the "Series A Indenture Trustee") and the indenture trustee for the Series C Bondholders (the "Series C Indenture Trustee") in restructuring negotiations with the Debtor.  During the Chapter 11 case, the Shapira Firm represented the Series A and Series C Indenture Trustees as a member of the Official Committee of Unsecured Creditors.  The Shapira Firm continues to represent the Series A and Series C Indenture Trustees in this Chapter 7 case, but will not be involved in any matters concerning the Sinking Funds or the claims of the Bondholders in the proposed special counsel role to the Trustee.  In addition, the Shapira Firm, from time to time, works on projects for Bank Hapoalim and Israeli Discount Bank and represents them in matters unrelated to the Debtor's bankruptcy case.

5.      The Trustee seeks to employ the Shapira Firm as his special counsel in connection with the Debtor's chapter 7 case, effective as of May 20, 2013, the date of the Trustee's election.    The Shapira Firm's proposed retention pursuant to section 327(e) of the Bankruptcy Code is for the limited purpose of representing the Trustee as his special counsel to handle issues relating to the ongoing management and disposition of the Debtor's Israeli subsidiaries and any personal property assets of the Debtor located in Israel.

6.      The Declarant will take primary responsibility in rendering services to the Trustee in this Chapter 7 case.  Other attorneys comprising of or associated with the Shapira Firm who will render services to the Trustee in this case are Achiad Harel, Adv., Naama Massa, Adv., Inbar Hakimian, Adv. and Adam Feldman, Adv.    Each of the aforementioned attorneys is duly admitted to practice law in the courts of Israel, and their experience and qualifications are summarized in **Exhibit "1"** hereto.

7.      The Shapira Firm intends to apply for compensation for professional services rendered in connection with this chapter 7 case subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code and Rules, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Shapira Firm.

8.      All fees and expense reimbursement requested by the Shapira Firm shall remain subject to review and approval by the Court, after notice and a hearing.

9.      Subject to the Court's approval, the Shapira Firm will charge the Debtor's estate for its services in accordance with the following hourly rates: $180 for partners, $110 for associates and $56 for interns, plus the 18% VAT.  The hourly rates sought herein are less than the firm's standard hourly rates for work of this nature.  The firm's standard hourly rates are set at a level designated to fairly compensate the Shapira Firm for the services provided and to cover fixed and routine overhead expenses.  The Shapira Firm's hourly rates are adjusted periodically, typically on January 1 of each year, to reflect the advancing experience, capabilities, and seniority of its professionals as well as general economic factors.

10.     There is no agreement or understanding between the Shapira Firm or any

280347v6                                      3

other entity for the sharing of compensation to be received for the proposed special counsel services rendered in or in connection with this chapter 7 case.

11. No payments have been made or promised to the Shapira Firm or any partner, counsel or associate thereof for services rendered in any capacity whatsoever in connection with this chapter 7 case, other than a consideration for representing the Series A and Series C Indenture Trustees as described above, which consideration was first paid on June 21, 2013 by the Series A and Series C Indenture Trustees.

12. Except as otherwise provided herein, to the best of my knowledge, the Shapira Firm and its attorneys do not represent or hold any interest adverse to the Debtor's estate with respect to the matters on which the Shapira Firm is to be employed.

13. Except as set forth herein, to the best of the Shapira Firm's knowledge, the Shapira Firm and its attorneys do not have any connection with the Debtor, its creditors, its respective attorneys or accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee.

**WHEREFORE**, Declarant respectfully prays for entry of the proposed Order filed with the Application, and for such other and further relief as may be just and proper.

Dated: June 24, 2013



Ofer Shapira

280347v5                                            4

**EXHIBIT 1**



**SHAPIRA & CO.**
advocates

- Home
- Firm Overview
- Practice Areas
- Our Leading Team
- News & Publications
- Assets for Sale
- Links
- Careers
- Contact Us

# Our Leading Team

**Ofer Shapira**



**Email:** ofer@oshapira.com
**Phone:** +972 3 7766999
**Fax:** +972 3 7766996
**Address:** 5 Azrieli Center (Square Tower), 27th Floor, Tel Aviv, Israel 67025
**Download:** Ofer Shapira, Adv.vcf

**Biography**
Managing Partner at Shapira & Co.
Partner at Zellermayer, Pelossof & Co.,
2001-2008
Associate Attorney at Kantor, Elhanani, Tal & Co.,
1992-2001

**Published Articles**
"Unencumbrance of Assets Being Sold by an Authority,"
*Haparaklit 42, 1996*
"Title Insurance in Israel," *Land B(1), 2003*
"Bankruptcy and Reorganization in Israel," *The European Restructuring and Insolvency Guide, 2005*
"Insolvency and Business Rescue Procedures in Israel," *INSOL World, First Quarter, 2008*
"Corporate bond crisis: rescuing the business, to rescue the creditors," *The Guide to the World's Leading Financial Law Firms, Legal Media Group, 20th ed., (2010) 442*
"Bondholders and Schemes of Arrangment in Israel," *INSOL World, Fourth Quarter, 2010*

**Education**
LL.M., Cum Laude, Faculty of Law, Tel Aviv University, Israel, 1998
LL.B., Faculty of Law, Bar Ilan University, Israel, 1992

**Lectures**
Lecturer at The Institute for Advanced Studies, Tel Aviv,
1999-2007
Lecturer on Real Estate, Building College, Tel Aviv,
1997-2006
Practice-Lecturer on Contract Law, Faculty of Law,
Tel Aviv University, 1999-2001
Practice-Lecturer on Property Law, The Interdisciplinary Center, Herzliya, 1998-1999
Practice-Lecturer on Securities, Faculty of Law, Tel Aviv University, 1995-1996

**Admitted To Practice**: Israel Bar, 1993

**Languages:** Hebrew and English

**Achiad Harel**



**Email:** achiad@oshapira.com
**Phone:** +972 3 7766999
**Fax:** +972 3 7766996
**Address:** 5 Azrieli Center (Square Tower), 27th Floor, Tel Aviv, Israel 67025
**Download:** Achiad Harel, Adv.vcf

**Biography**
Partner at Shapira & Co., 2013-present
Associate Attorney at Shapira & Co., 2009-2013
Associate Attorney at Cohen, Wilchek, Kimhi & Co.,
2007-2009

**Education**
LL.M. in Commercial Law, Faculty of Law ,Bar Ilan University, Israel, 2009
LL.B., Faculty of Law, Tel Aviv University, Israel, 2004

**Published Articles**
Mezzanine Deals, Ta'agidim H2, May 2011

**Admitted To Practice:** Israel Bar, 2004

**Languages:** Hebrew and English

**Dana Hillel-Avraham**



**Email:** dana@oshapira.com
**Phone:** +972 3 7766999
**Fax:** +972 3 7766996
**Address:** 5 Azrieli Center (Square Tower), 27th Floor, Tel Aviv, Israel 67025
**Download:** Dana Hillel-Avraham, Adv.vcf

**Biography**
Associate Attorney at Shapira & Co., 2008-present
Associate Attorney at Zellermayer, Pelossof & Co.,
2007-2008
Associate Attorney at BeitOn, Shem-Tov & Co., 2006-2007
Intern at Primas, Shilo, Givon, Meir & Co, 2005-2006

**Education**
LL.B., Netanya Academic Center, Israel, 2005

**Admitted To Practice:** Israel Bar, 2006

**Languages:** Hebrew and English

**Ran Keren**



**Email:** ran@oshapira.com
**Phone:** +972 3 7766999
**Fax:** +972 3 7766996
**Address:** 5 Azrieli Center (Square Tower), 27th Floor, Tel Aviv, Israel 67025
**Download:** Ran Keren, Adv.vcf

**Biography**
Associate Attorney at Shapira & Co., 2008-present
Intern at Eitan S. Erez & Co., 2007-2008

**Education**
LL.B., The Interdisciplinary Center, Herzliya, Israel, 2006
B.A., Business Administration, The Interdisciplinary Center, Herzliya, Israel, 2006

**Admitted To Practice:** Israel Bar, 2008

**Languages:** Hebrew and English

**Inbar Hakimian**



**Email:** inbar@oshapira.com
**Phone:** +972 3 7766999
**Fax:** +972 3 7766996
**Address:** 5 Azrieli Center (Square Tower), 27th Floor, Tel Aviv, Israel 67025
**Download:** Inbar Hakimian Adv.vcf

**Biography**
Associate Attorney at Shapira & Co., 2010-present
Intern at Nov & Co., 2009-2010

**Education**
LL.B., The Interdisciplinary Center, Herzliya, Israel, 2009
B.A., Business Administration, The Interdisciplinary Center, Herzliya, Israel, 2009

**Admitted To Practice:** Israel Bar, 2010

**Languages:** Hebrew and English

**Adam Feldman**



**Email:** adam@oshapira.com
**Phone:** +972 3 7766999
**Fax:** +972 3 7766996
**Address:** 5 Azrieli Center (Square Tower), 27th Floor, Tel Aviv, Israel 67025
**Download:** Adam Feldman, Adv.vcf

**Biography**
Associate Attorney at Shapira & Co., 2012-present

Intern at Shapira & Co., 2011-2012

**Education**
LL.B., The Interdisciplinary Center, Herzliya,
Israel, 2010
B.A., Business Administration, The
Interdisciplinary Center, Herzliya, Israel, 2010

**Admitted To Practice:** Israel Bar, 2012

**Languages:** Hebrew and English

**Michal Eldar**

**Email:** michal@oshapira.com
**Phone:** +972 3 7766999
**Fax:** +972 3 7766996
**Address:** 5 Azrieli Center (Square Tower), 27th Floor, Tel Aviv,
Israel 67025
**Download:** Michal Eldar, Adv.vcf

**Biography**
Associate Attorney at Shapira & Co. 2013-
present.
Intern at B. Levinbook & Co. 2011-2012.

**Education**
LL.B, The Hebrew University of Jerusalem, 2011
B.A., Business Administration, The Hebrew
University of Jerusalem, 2011

**Admitted To Practice:** Israel Bar, 2012

**Languages:** Hebrew and English

Shapira & Co., Advocates | Tel: +972-3-7766999 | Fax: +972-3-7766996
info@oshapira.com

Powered by FourBrand