**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| AMPAL-AMERICAN ISRAEL CORP., | Case No. 12-13689 (SMB) |
| Debtor. | |

**STIPULATION AND AGREED ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY, TO THE EXTENT APPLICABLE**

Alex Spizz, in his capacity as Chapter 7 trustee (the "**Trustee**") in the above-captioned bankruptcy case of Ampal-American Israel Corporation (the "**Debtor**"), Yosef A. Maiman, Irit Eluz, Yoram Firon, Amit Mantsur, Nir Bernstein, Leo Malamud, Erez I. Meltzer, Sabih Saylan, Daniel Vaknin, Menachem Morag, Eitan Haber, Yehuda Karni and Revital Degani (collectively, the "**Ampal DOs**"), through their respective counsel, hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") and stipulate and agree as follows:

**RECITALS**

WHEREAS, on August 29, 2012, the Debtor commenced a case under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, certain insurance carriers (the "**Carriers**") issued the following policies to the Debtor and its insured-subsidiaries: (1) Directors and Officers Liability and Company Reimbursement Liability Insurance Policy No: B0823FD1260067 ($10 million) (the "**Primary Policy**") issued by XL Insurance Company Limited ("**XL**"); (2) Excess Directors and Officers Liability and Difference in Conditions Policy No. B0823FD1260068 ($10 million) issued by Axis Specialty Europe Limited; (3) Excess Directors and Officers Liability and Difference in Conditions Policy No. B0823FD1260069 ($10 million) issued by Lloyds Syndicate 1919; (4) Excess Directors and Officers Liability and Company Reimbursement Liability Insurance Policy

No. B0823FD1260088 ($10 million) issued by Lloyds Syndicate 2003; and (5) Excess Directors and Officers Liability and Company Reimbursement Liability Insurance Policy No. B0823FD1260783 ($5 million) issued by Liberty Mutual Insurance Europe Limited (collectively, the "**Policies**").

    WHEREAS, the Policies have a $45 million aggregate limit of liability, inclusive of covered "Defence costs" as defined in the Policies (the "**Defense Expenses**");

    WHEREAS, on May 2, 2013, this Court entered an *Order Converting Chapter 11 Case to Chapter 7 and for Related Relief* [Docket No. 258];

    WHEREAS, on May 9, 2013, the Ampal DOs filed a *Motion for Relief from the Automatic Stay, to the Extent Applicable* [Docket No. 266] (the "**Motion**"), to permit the Carriers to advance Defense Expenses to the Ampal DOs[1];

    WHEREAS, on May 20, 2013, the Trustee was duly elected as Chapter 7 trustee for the Debtor;

    WHEREAS, on July 3, 2013, the Trustee filed an objection to the Motion, contending, among other things, that the automatic stay applied to proceeds of the Policies and that a cap should be imposed upon the advancement of Defense Expenses;

    WHEREAS, on July 18, 2013, the Ampal DOs submitted a reply in further support of the Motion;

    WHEREAS, the Trustee and Ampal DOs (the "**Parties**") have consensually agreed to resolve the Motion on the terms set forth herein.

---

[1] Capitalized terms used herein but not defined shall be ascribed the definitions in the Motion.

2

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties, which agreement, when "so-ordered" by the Court, shall constitute an Order of the Court, as follows:

1. The automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified, to the extent necessary, to allow XL to advance proceeds of the Primary Policy to Insured Persons or their counsel for Defense Expenses (now pending or that may arise in the future), subject to XL's customary review of invoices submitted for payment of Defense Expenses and subject to a full reservation of rights by all parties of all claims and defenses arising under or in connection with the Primary Policy and/or applicable law.

2. All advancements made pursuant to the Primary Policy shall be subject to a "soft cap" (the "**Soft Cap**") initially set at $1,500,000; provided, that the amount of the Soft Cap shall automatically increase to $5,000,000 in the event that any action, suit or other proceeding is filed, commenced or otherwise initiated, in any court, tribunal or non-judicial dispute resolution forum, against an Ampal DO, who concludes, upon advice of counsel, that such action, suit or proceeding is covered or potentially covered under the Primary Policy. Consistent with, but subject to the terms and conditions of the Primary Policy, such advancements shall reduce the Primary Policy's limit of liability.

3. Upon (a) agreement among the Parties, without need for further notice or hearing or (b) further Order of this Court, the Carriers may advance proceeds of any of the Policies for Defense Expenses, beyond the Soft Cap. The Court authorizes the Ampal DOs to provide shortened notice, of not less than 10 days, for any such request to the Court .

4. Nothing herein shall (i) preclude the Carriers or any Insured Person from seeking to increase Soft Cap or seeking an advance from proceeds of any of the Polices or

preclude the Trustee from opposing such a request or from seeking additional protections related to same; (ii) prejudice the arguments of the Carriers, any Insured Person or the Trustee with respect to the Motion; (iii) constitute a waiver, modification or limitation of the Carriers', any Insured Person's or the Trustee's reservation of all rights, remedies and defenses under the Policies, and, except as expressly provided herein, under any provision of the Bankruptcy Code or any bankruptcy rule; (iv) constitute a finding by the Court as to whether the proceeds of any of the Policies are, or are not, property of the Debtor's estate or as to the applicability of the automatic stay imposed by 11 U.S.C. § 362(a) to such proceeds; or (v) in any way expand, alter or amend any of the terms, conditions or limitations of any of the Policies, constitute an order requiring XL to advance Defense Expenses or constitute a finding that any sums are due and owing under the Policies.  All rights and arguments of the Carriers, any Insured Person and the Trustee relating to the Policies are hereby expressly reserved.

5. This Stipulation and Agreed Order is immediately valid and fully effective and the 14-day stay pursuant to Fed. R. Bankr. Proc. 4001(a) is hereby deemed inapplicable and/or waived.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation and Agreed Order.

[(*Remainder of the Page Left Intentionally Blank*)]

4

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation and Agreed Order:

| **NACHAMIE SPIZZ COHEN & SERCHUK, P.C.**<br><br>By: /s/ *Janice B. Grubin*<br><br>Alex Spizz, Esq.<br>Janice B. Grubin, Esq.<br>425 Park Avenue, 5th floor<br>New York, New York 10022<br>Telephone: (212) 754-9400<br><br>*Attorneys for Alex Spizz, Chapter 7 Trustee* | **KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**<br><br>By: /s/ *Daniel A. Fliman*<br><br>David M. Friedman, Esq.<br>Daniel A. Fliman, Esq.<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br><br>*Counsel for Yosef A. Maiman* |
|---|---|
| **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.**<br><br>By: /s/ *Steven L. Klepper*<br><br>Michael D. Sirota, Esq.<br>Steven L. Klepper, Esq.<br>900 Third Avenue, 16th Floor<br>New York, NY 10022<br>Phone: (212) 752-8000<br><br>*Attorneys for Irit Eluz, Yoram Firon, Amit Mantsur, Nir Bernstein, Leo Malamud, Erez I. Meltzer and Sabih Saylan* | **CLARICK GUERON REISBAUM LLP**<br><br>By: /s/ *Nicole Gueron*<br><br>Nicole Gueron, Esq.<br>Isaac B. Zaur, Esq.<br>40 West 25th Street, 12th Floor<br>New York, NY 10010<br>Phone: (212) 633-4310<br><br>*Attorneys for Daniel Vaknin, Menachem Morag, Eitan Haber, Yehuda Karni and Revital Degani* |

**SO ORDERED**

Dated: July 25th, 2013
      New York, New York

                                  /s/ STUART M. BERNSTEIN
                                  Honorable Stuart M. Bernstein
                                  United States Bankruptcy Judge