Hearing Date: October 24, 2013
Hearing Time: 10:00 A.M.

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Janice B. Grubin, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
In re:                                                            Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,      Case No. 12-13689 (SMB)

                                    Debtor.
------------------------------------------------------------x

**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION FOR ORDER COMPELLING THE DEBTOR (THROUGH YOSEF A. MAIMAN, DEBTOR'S COURT-DESIGNATED REPRESENTATIVE) TO DELIVER PROPERTY OF THE ESTATE TO THE TRUSTEE, PURSUANT TO 11 U.S.C. §§521(a)(3), 521(a)(4), 542(a) AND 542(e)**

**PLEASE TAKE NOTICE** that upon the accompanying motion dated October 7, 2013 (the "Motion") of Alex Spizz, the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, Ampal-American Israel Corporation ("Debtor"), by his counsel, Nachamie Spizz Cohen & Serchuk, P.C., the Trustee will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Court Judge, in his Courtroom at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on the **24th day of October, 2013 at 10:00 A.M.**, or as soon thereafter as counsel can be heard, for an order compelling the Debtor (through Yosef A.

282186v1

Maiman, the Debtor's Court-designated representative) to deliver property of the estate (i.e., the Debtor's electronic server and desktop computers containing books, records and electronic files of the Debtor and its Subsidiaries) to the Trustee, pursuant to 11 U.S.C. §§521(a)(3), 521(a)(4), 542(a) and 542(e).

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Motion must be filed with the Clerk of the Bankruptcy Court with a copy delivered to the Chambers of the Honorable Stuart M. Bernstein and served upon: (i) Nachamie Spizz Cohen & Serchuk, P.C., attorneys for the Trustee, 425 Park Avenue, New York, New York 10022, Attn: Alex Spizz, Esq. and Janice B. Grubin, Esq.; and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Andrew D. Velez-Rivera, Esq.

Dated: New York, New York
October 7, 2013

        NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
        Attorneys for Alex Spizz, Chapter 7
        Trustee for Ampal-American Israel Corporation, Debtor

        By: _____
        Alex Spizz
        Janice B. Grubin
        Arthur Goldstein
        Jill Makower
        425 Park Avenue
        New York, New York 10022
        (212) 754-9400

HEARING DATE AND TIME: October 24, 2013
OBJECTION DATE TIME: 10:00 A.M.

NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Janice B. Grubin, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:                                                          Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                              Case No. 12-13689 (SMB)

                Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER COMPELLING THE DEBTOR (THROUGH YOSEF A. MAIMAN, DEBTOR'S COURT-DESIGNATED REPRESENTATIVE) TO DELIVER PROPERTY OF THE ESTATE TO THE TRUSTEE, PURSUANT TO 11 U.S.C. §§521(a)(3), 521(a)(4), 542(a) and 542(e)**

TO:  HONORABLE STUART M. BERNSTEIN,
     UNITED STATES BANKRUPTCY JUDGE

Alex Spizz, the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, Ampal-American Israel Corporation ("Debtor"), by his counsel, Nachamie Spizz Cohen & Serchuk, P.C., submits this motion (the "Motion") for an Order, pursuant to sections 521(a)(3), 521(a)(4), 542(a) and 542(e) of title 11, United States Code (the "Bankruptcy Code"), compelling the Debtor, through Yosef A. Maiman ("Maiman") (who was designated as the Debtor by this Court's Order entered on July 25, 2013), to deliver the Debtor's computer server (the "Server") and the Debtor's desktop computers to the Trustee, and respectfully represents:

282158v3

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code sections 521(a)(3), 521(a)(4), 542(a) and 542(e).

2. This proceeding is properly brought by motion (rather than by adversary proceeding).[1]

## FACTS

### A. General

3. On August 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor is an investment company which primarily acquired interests in companies located or operating in Israel in the energy, chemicals, real estate, project development and leisure sectors. The Debtor's principal assets are its direct and indirect equity holdings in over 80 corporations (the "Subsidiaries"), and the Debtor's business consisted of managing its equity investments in the Subsidiaries. None of the Debtor's Subsidiaries is a debtor in this or any other U.S. bankruptcy court and none is

---

[1] Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishes the general rule that a party must commence an adversary proceeding when seeking to recover money or property. In re Borowiec, 396 B.R. 598, 601 (Bankr. W.D.N.Y. 2008). Subdivision (1) of this rule recognizes an exception, however, for any "proceeding to compel the debtor to deliver property to the trustee." Id. at 601 ("the exception in Bankruptcy Rule 7001(1) would apply both to a turnover proceeding and to any other request by a trustee for the recovery of property from the debtor…").

Pursuant to Bankruptcy Rule 9014, in a contested matter not otherwise governed by the Bankruptcy Rules, a party may request relief by motion. Procedurally, therefore, the Trustee may correctly seek by motion to recover property from the Debtor.

282158v3                                                              2

the subject of any bankruptcy case, insolvency proceeding or receivership proceeding outside of the United States except for Gadot Chemical Tankers and Terminals Ltd., which is in receivership in Israel.

5. On September 25, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors.

6. On April 8, 2013, the Court ordered the appointment of a Chapter 11 trustee and the Office of the U.S. Trustee thereafter designated Michael Luskin as Chapter 11 trustee, which designation was approved by the Court.

7. By order dated May 2, 2013, the Court converted the case to one under Chapter 7.

8. On May 3, 2013, the Office of the U.S. Trustee appointed Alan Nisselson as interim Chapter 7 trustee.

9. On May 20, 2013, Alex Spizz was elected Chapter 7 Trustee of the Debtor pursuant to section 702 of the Bankruptcy Code.

B. **Resignations Of Officers And Directors**

10. On or about May 12, 2013, all of the Debtor's directors other than Maiman resigned as directors of the Debtor. Effective May 31, 2013, all of the Debtor's officers other than Maiman resigned. On or about May 12, 2013, all of the Debtor's directors (including Maiman) resigned as representative directors of the Subsidiaries, leaving the Debtor without any representation on the Boards of Directors of the Subsidiaries.

C. **The Trustee's Motion To Designate Maiman As The Debtor**

11. On July 10, 2013, the Trustee filed a motion (the "Designation Motion") pursuant to Bankruptcy Rule 9001(5), requesting the Court **to designate Maiman** as the person included within the term "debtor", who shall perform any act that the Debtor

is required to perform and attend any examination that the Debtor is required to attend under the Bankruptcy Code and/or the Bankruptcy Rules.

12. The Trustee sought to designate Maiman as the Debtor's representative because Maiman is the person who was in control of the Debtor prior to conversion of this case, and because Maiman, as Chairman of the Board, CEO, a director of the Debtor and the Debtor's major shareholder, is also the person most knowledgeable concerning the acts, conduct, and property of the Debtor and its liabilities and financial condition as of the Petition Date and as of the present time.

13. The Designation Motion was granted by Order entered on July 25, 2013.

**D.    The Server**

14. There is no dispute that the Server is owned by the Debtor.[2] The Server is therefore property of the Debtor's estate under Bankruptcy Code section 541(a).

15. The Debtor and the Subsidiaries had used the Server in connection with the operation of their businesses prior to and subsequent to the Petition Date. As of the Chapter 7 conversion, all electronically stored books, records, financial information and emails of the Debtor and the Subsidiaries were stored on the Server.

16. Prior to the Petition Date, the Server was allegedly used by Maiman in connection with the operation of other businesses that he owned unrelated to the Debtor and its Subsidiaries as well as for personal matters.

17. The Server is located in the Debtor's former business premises controlled by Maiman located at 33 Havazelet Hasharon St., Herzeliya Pituach, Israel, which office is currently used by Maiman and certain of Maiman's businesses.

---

[2] This fact was admitted by the Debtor's representative, Maiman, at the §341 meeting conducted on October 1, 2013.

282158v3

4

18. There is no dispute that files and records of the Debtor and its Subsidiaries are stored on the Server and the Computers and that the Trustee is entitled to those files and records.

E. **The Computers**

19. As of the Petition Date, the Debtor owned 13 desktop computers (the "Computers"). Twelve of the Computers have serial numbers known to the Trustee, which are as follows: 752372G LMDH2CG, FR 704001778, 1S7052A9G9MDN14, 92658HG LMBLHL9, 959134GLY0D1W1 0710, 752372G LMDH2CF, 1S76117JGR8XTGZP, 761177G LMDLZKG, GG8TM4J, 761177G LMFXCZG, 1S76117JGR8LWMVT, and 761177G LMOLZKP.

20. The Computers are owned by the Debtor, and therefore, the Computers are property of the Debtor's estate under Bankruptcy Code section 541(a).

21. The Debtor and the Subsidiaries had used the Computers in connection with the operation of their businesses prior to and subsequent to the Petition Date. As of the Chapter 7 conversion, electronically stored books, records, financial information and emails of the Debtor and the Subsidiaries were stored on the Computers.

22. The Computers are located in the Debtor's former business premises controlled by Maiman located at 33 Havazelet Hasharon St., Herzeliya Pituach, Israel, which office, as stated above, is currently used by Maiman and certain of Maiman's businesses.

23. There is no dispute that files and records of the Debtor and its Subsidiaries are stored on the Computers and that the Trustee is entitled to those files and records.

24. The Trustee has directed in writing that Maiman preserve the Debtor's and the Subsidiaries' recorded information. The Trustee has no reason at this time to believe that Maiman has disregarded these requests. Further, the Trustee and Maiman have had negotiations for several months with respect to turning over to the Trustee the Debtor's records contained on the Server while separating those records and emails allegedly relating to Maiman's personal matters and other business activities. Unfortunately, those negotiations have not been successful.

### F. The Information On The Server And The Computers Is Vital To The Trustee

25. The information contained on the Server and the Computers is vital to the Trustee in carrying out his duties and responsibilities. The Trustee's accountants and special litigation counsel need access to the information contained in the Debtor's and Subsidiaries' records on the Server and the Computers in order to locate and recover assets as well as investigate potential avoidance actions and other claims that the Trustee may have. The Trustee has less than one year to bring these claims and, in the case of Ampal Energy Ltd., one of the Debtor's Subsidiaries, claims against the D&O policies must be brought by November 4, 2013. Therefore, the Trustee must have control and possession of the information contained on the Server and the Computers as soon as possible.

### REQUEST FOR RELIEF

26. By this Motion, the Trustee seeks to compel the Debtor, through Maiman, to deliver the Server and the Computers to the Trustee pursuant to Bankruptcy Code sections 521(a)(3), 521(a)(4) and 542(a) and 542(e).

27. Property of the estate will generally include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). With respect to such property, the Bankruptcy Code establishes two corresponding obligations. In re Burgio, 441 B.R. 218, 220 (Bankr. W.D.N.Y. 2010). Section 703(a) imposes upon the case trustee a duty to "collect and reduce to money the property of the estate for which such trustee serves." Burgio, 441 B.R. at 220. Meanwhile, section 521(a)(4) imposes upon the debtor a duty to "surrender to the trustee all property of the estate." In re Schick, 215 B.R. 4, 7 (Bankr. S.D.N.Y. 1997) (granting chapter 11 trustee's motion directing debtor to turnover laptop computer allegedly possessed by debtor and information stored on its hard disk or downloaded to another storage medium, pursuant to Bankruptcy Code sections 521(a)(4), 542(a) and 542(e)); Burgio, 441 B.R. at 220; Borowiec, 396 B.R. at 601. Under Section 521(a)(4), a debtor also has a duty to the trustee to surrender any recorded information, including books, documents, records, and papers, relating to property of the estate. 11 U.S.C. §521(a)(4); Schick, 215 B.R. at 7; In re Ventura, 375 B.R. 103, 108 (Bankr. E.D.N.Y. 2007).

28. Also relevant here is Bankruptcy Code section 521(a)(3), pursuant to which a debtor has a duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" under the Bankruptcy Code. See 11 U.S.C. §521(a)(3); Schick, 215 B.R. at 7; Ventura, 375 B.R. at 108.

29. To the extent that the debtor fails to surrender property, the trustee may move under Bankruptcy Code section 542(a) to compel a turnover of that property to the estate. See Schick, 215 B.R. at 8-9; Ventura, 375 B.R. at 108. Section 542(a) of

the Bankruptcy Code provides generally that "an entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. §542(a). See also Nisselson v. Fasarakis (In re Fasarakis), 423 B.R. 34, 37 (Bankr. E.D.N.Y. 2010) ("Pursuant to §542(a), property of the estate not abandoned by the trustee or exempted by statute must be turned over to the trustee for administration.").

30. Moreover, "[t]o the extent that a debtor persists in violating this duty [to turnover to the trustee all property of the estate] even after a court order directing his or her compliance, that debtor may be subject to penalties of contempt." Borowiec, 396 B.R. at 601.

31. Due to the fact that the Server and the Computers contain the Debtor's and Subsidiaries' recorded information, the Trustee may also compel delivery of the Server and the Computers pursuant to Bankruptcy Code section 542(e), which provides:

> (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. §542(e). See Schick, 215 B.R. at 8.

32. As demonstrated above, the information contained on the Server and the Computers is vital to the Trustee in carrying out his duties and responsibilities, and the

Trustee must have control and possession of the information contained on the Server and the Computers as soon as possible.

## NOTICE AND NO PREVIOUS REQUEST

33. Notice of this Motion will be given in accordance with this Court's Order Granting Chapter 7 Trustee's Motion to Limit Notice and to Establish Case Management Procedures, entered on September 12, 2013 [Docket No. 342].

34. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this case.

## CONCLUSION

35. Based on the foregoing, the Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit "A"**, compelling the Debtor, through its Court-designated representative Maiman, to deliver the Server and the Computers to the Trustee's representative in Israel, pursuant to Bankruptcy Code sections 521(a)(3), 521(a)(4), 542(a) and 542(e).

Dated: New York, New York
October 7, 2013

> NACHAMIE SPIZZ COHEN & SERCHUK, P.C.
> Attorneys for Alex Spizz,
> Chapter 7 Trustee
>
> By: _____
> Alex Spizz, Esq.
> Janice B. Grubin, Esq.
> Arthur Goldstein, Esq.
> Jill Makower, Esq.
> 425 Park Avenue
> New York, NY 10022
> (212) 754-9400

**EXHIBIT "A"**

Hearing Date: October 24, 2013
Hearing Time: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------x
In re:                                                              Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                                  Case No. 12-13689 (SMB)

                                          Debtor.
------------------------------------------------x

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO COMPEL THE DEBTOR (THROUGH YOSEF A. MAIMAN, THE DEBTOR'S COURT-DESIGNATED REPRESENTATIVE) TO DELIVER PROPERTY OF THE ESTATE TO THE TRUSTEE, PURSUANT TO 11 U.S.C. §§521(a)(3), 521(a)(4), 542(a) AND 542(e)**

Upon the motion dated October 7, 2013 (the "Motion") filed by Alex Spizz as the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, Ampal-American Israel Corporation ("Debtor"), for an order compelling the Debtor (through Yosef A. Maiman, the Debtor's Court-designated representative) to deliver property of the estate to the Trustee, pursuant to sections 521(a)(3), 521(a)(4), 542(a) and 542(e) of title 11, United States Code (the "Bankruptcy Code"); and sufficient cause having been shown therefor, it is hereby

**ORDERED**, that the Motion is hereby granted as set forth herein; and it is further

**ORDERED**, that Maiman, on behalf of the Debtor, shall cause the Server[1] and the Computers to be turned over to Shlomi Kelsi ("Kelsi"), the Trustee's representative in Israel; and it is further

---

[1] Capitalized terms which are not defined herein shall have the meanings ascribed to them in the Motion.

282187v2

**ORDERED**, that Maiman, on behalf of the Debtor, shall allow Kelsi or his authorized representatives to remove the Server and the Computers from the Debtor's former business premises controlled by Maiman located at 33 Havazelet Hasharon St., Herzeliya Pituach, Israel, during regular business hours, two (2) business days after entry of this Order, or on such later date that Kelsi shall arrange with Maiman; and it is further

**ORDERED**, that Maiman, on behalf of the Debtor, shall preserve the Server and the Computers and all information, documents and files contained on the Server and the Computers which are related in any way to the Debtor or any of the Subsidiaries, or to any present or former officer or director of the Debtor or of any of the Subsidiaries, or to any individual or entity that conducted business with the Debtor or any of the Subsidiaries; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: New York, New York
October __, 2013

_____
STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE