UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| AMPAL-AMERICAN ISRAEL CORPORATION, | : | Case No. 12-13689 (SMB) |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------- x

### EX PARTE APPLICATION FOR AN ORDER AUTHORIZING
### THE TRUSTEE TO EXAMINE THE DEBTOR PURSUANT TO
### <u>RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

**TO THE HONORABLE STUART M. BERNSTEIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alex Spizz (the "Trustee"), as the duly qualified chapter 7 trustee for the estate of Ampal-American Israel Corporation (the "Debtor"), by and through his undersigned special counsel, hereby requests, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), that this Court enter the attached order (the "Order") directing the Debtor, by and through its Court-designated representative Yosef A. Maiman ("Maiman"), to appear for examination relating to the matters set forth below.  In support of this *ex parte* application (the "Application"), the Trustee respectfully represents as follows:

### <u>BACKGROUND</u>

1.      On August 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United State Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      The Debtor operated as a debtor-in-possession until April 8, 2013, when Michael Luskin was appointed as chapter 11 trustee for the Debtor's estate.

22370221v5

3.      On or about May 2, 2013, the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code, and on May 20, 2013, the Trustee was elected as chapter 7 trustee of the Debtor's estate and was duly qualified thereafter.

4.      Founded in 1942, the Debtor is a New York corporation which primarily acquired interests in companies located or operating in the State of Israel in the energy, chemicals, real estate, project development and leisure sectors.  As of the Petition Date, Maiman was the Chairman, Chief Executive Officer and President of the Debtor.  He had served as Chairman of the Debtor's board of directors since April 25, 2002, and had been the Chief Executive Officer and President of the Debtor since October 1, 2006.

5.      On July 26, 2013, the Court entered an Order [Doc. No. 326] designating Maiman as the person included within the term "debtor" and requiring Maiman to attend any examination that the Debtor is required to attend and perform any act that the Debtor is required to perform under the Bankruptcy Code and/or Bankruptcy Rules.

## JURISDICTION

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      This Application constitutes a core proceeding as defined under 28 U.S.C. § 157(b)(2).

8.      The statutory predicate for this Application is Bankruptcy Rule 2004.

## GROUNDS FOR RELIEF

9.      To fulfill his duties under section 704 of the Bankruptcy Code, the Trustee requires from the Debtor certain information relating to the Debtor's acts, conduct, assets, liabilities and financial condition, including, but not limited to, information concerning the acts,

2

conduct and service of the Debtor's board of directors (and any standing or special committee of the board of directors) and certain acquisitions, loans, debt and equity issuances, payments of compensation and bonuses, and other transactions and transfers approved by the board of directors.  It is imperative that the Trustee conduct Bankruptcy Rule 2004 examinations of the Debtor at this time because, among other reasons, the statute of limitations for the Trustee to commence actions under section 108(a) of the Bankruptcy Code is approaching and will soon expire.

10.    Bankruptcy Rule 2004(b) provides that the scope of examination may relate to "the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(b); *see In re Hammond*, 140 B.R. 197, 199 (S.D. Ohio 1992) ("the scope of a Rule 2004 is extremely broad.  Indeed some have compared it to a 'fishing expedition.'") *(citing In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)); *see also In re Valley Forge Plaza Associates*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); *In re Fearn*, 69 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989)).

11.    It is axiomatic that the examination requested herein is well within the broad scope of Bankruptcy Rule 2004, that the Trustee is a party in interest for purposes of Rule 2004(a), and that the examination will be limited to information relating to the Debtor's acts, conduct, property, liabilities and financial condition.

## **RELIEF REQUESTED**

12.    It is respectfully submitted that for the reasons stated herein, sufficient cause exists for the Court to order the Debtor to appear for examination. Thus, the Trustee now seeks entry of an Order, substantially in the form annexed hereto as <u>Exhibit "A"</u>, directing

3

22370221v5

Maiman, the Debtor's Court-designated representative, to appear on behalf of the Debtor for examination.

## **CONCLUSION**

13.     No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court issue an Order, pursuant to Bankruptcy Rule 2004 directing that Maiman, the Debtor's Court-designated representative, appear on behalf of the Debtor for examination, and granting such other and further relief as to the Court may deem just and proper.

Dated: New York, New York        TROUTMAN SANDERS LLP
       June 10, 2014

                           By:_____*s/John P. Campo*
                               John P. Campo
                               J. David Dantzler
                               The Chrysler Building
                               405 Lexington Avenue
                               New York, New York 10174
                               Tel. No. (212) 704-6000

                               *Special Counsel for the Trustee*

22370221v5

# <u>EXHIBIT A</u>

## PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

In re:                                                      :    Chapter 7
                                                            :
AMPAL-AMERICAN ISRAEL CORPORATION,                          :    Case No. 12-13689 (SMB)
                                                            :
                        Debtor.                             :
-------------------------------------------------------------- x

## ORDER AUTHORIZING THE TRUSTEE
## TO EXAMINE THE DEBTOR PURSUANT TO
## <u>RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

Upon the *ex parte* application (the "Application") of Alex Spizz (the "Trustee"), as the

duly qualified chapter 7 trustee for the estate of Ampal-America Israel Corporation (the

"Debtor"), seeking entry of an Order authorizing the Trustee to examine the Debtor, by and

through its Court-designated representative Yosef A. Maiman ("Maiman"), pursuant to Rule

2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court

having jurisdiction to consider the Application and the relief requested therein in accordance

with 28 U.S.C. §§157 and 1334; and the Court having determined that notice and a hearing was

not required; and the Court having determined that the relief granted herein is appropriate under

the circumstances; and good and sufficient cause having been shown, it is hereby

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that the Trustee is hereby authorized to take examinations of the Debtor

with respect to the issues set forth in the Application pursuant to Bankruptcy Rule 2004, and

such examinations shall be recorded by audiovisual and stenographic means; and it is further

**ORDERED**, that the Debtor, through its Court-designated representative Maiman, is

hereby directed to appear on behalf of the Debtor for purposes of examination by the Trustee, or

counsel for the Trustee, and give testimony with respect to the issues set forth in the Application,

at the offices of Troutman Sanders LLP, 405 Lexington Avenue, New York, New York on **July**

**23, 2014 at 10:00 a.m. (Eastern Time)**, or at such other place and time as the Trustee may designate, consistent with Bankruptcy Rule 2004 and in accordance therewith; and it is further

**ORDERED**, that service of a copy of this Order by regular mail and/or electronic means upon (i) the Debtor's counsel, Bryan Cave LLP, 1290 Avenue of the Americas, New York, NY 10104, Attn: Stephanie Wickouski, Esq. (email: stephanie.wickouski@bryancave.com), and (ii) Maiman's counsel, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, NY 10019, Attn: David M. Fridman, Esq. (email: DFriedman@kasowitz.com), and Daniel A. Fliman, Esq. (email: DFliman@kasowitz.com), shall constitute good and sufficient service; and it is further

**ORDERED**, that the Trustee is authorized to take all actions necessary to effectuate the terms of this Order.

Dated: New York, New York
      June _____, 2014

**PROPOSED**

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

2

22370221v5