| | |
|---|---|
| David M. Friedman (DFriedman@kasowitz.com) | Michael D. Sirota (MSirota@coleschotz.com) |
| Daniel A. Fliman (DFliman@kasowitz.com) | Steven L. Klepper (SKlepper@coleschotz.com) |
| Nii-Amar Amamoo (NAmamoo@kasowitz.com) | COLE, SCHOTZ, MEISEL, |
| KASOWITZ, BENSON, TORRES & | FORMAN & LEONARD, P.A. |
| FRIEDMAN LLP | 900 Third Avenue, 16th Floor |
| 1633 Broadway | New York, New York 10022 |
| New York, New York 10019 | Telephone: (212) 752-8000 |
| Telephone: (212) 506-1700 | Facsimile: (212) 752-8393 |
| Facsimile: (212) 506-1800 | |

*Counsel for Yosef A. Maiman and Merhav (M.N.F.) Limited*

*Counsel for Irit Eluz, Yoram Firon, Amit Mantsur, Erez Meltzer, Leo Malamud, Nir Bernstein and Sabih Saylan*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AMPAL-AMERICAN ISRAEL CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-13689 (SMB) |

**STATUS REPORT CONCERNING STIPULATED ORDER
PROVIDED BY YOSEF A. MAIMAN, MERHAV (M.N.F.) LIMITED, IRIT ELUZ,
YORAM FIRON, AMIT MANTSUR, EREZ MELTZER,
LEO MALAMUD, NIR BERNSTEIN AND SABIH SAYLAN**

Yosef A. Maiman, Merhav (M.N.F.) Limited, Irit Eluz, Yoram Firon, Amit Mantsur, Erez Meltzer, Leo Malamud, Nir Bernstein and Sabih Saylan (collectively, the "Objectors") hereby submit this status report to update the Court with respect to events that have transpired since the July 1, 2014 hearing (the "July 1 Hearing") which addressed various issues including the Trustee's Motion for Contempt of the February 6, 2014 Stipulation and Agreed Order Concerning Trustee's Access to Debtors' Files, Books and Records (the "Stipulated Order"). Since the July 1 Hearing, the follow developments have occurred:

1. At the July 1 Hearing, (a) the Objectors committed to provide immediately to the Trustee a log listing all emails and documents withheld on the basis of privilege (the "Privilege

Log"), (b) the Trustee committed to review immediately the Privilege Log and identify, in good faith, those emails and documents that required further privilege review by counsel, (c) the Objectors committed as soon as practicable to perform such privilege review, and (d) the Objectors committed, beginning on a rolling basis and ending not later than three weeks from the July 1 Hearing, to provide to the Trustee a log identifying the basis for asserting privacy over the approximately 5,500 Ampal-to-Ampal emails with no subject (the "No Subject Private Emails").

2. The Objectors have proceeded in good faith to complete these tasks as quickly as possible.

3. On July 2, 2014 the Objectors produced to the Trustee the Privilege Log, created by Tic Tac, listing 2,285 emails and 101 documents withheld by the Objectors on the basis of the attorney-client privilege.

4. On July 7, 2014, the Trustee delivered to the Objectors lists of "disputed items" regarding which the Trustee was contesting privacy or privilege designations. The lists contained (a) 87,194 English emails and 19,610 Hebrew emails that the Trustee contends should not have been designated as private in the logs delivered on May 14, 2014 (the "Privacy Logs") and (b) approximately 1,000 emails and documents that the Trustee contends should not have been designated as privileged in the Privilege Log.

5. On July 9, 2014, the Objectors informed the Trustee that, in addition to the unreasonable burden the Trustee was seeking to impose on the Objectors by requiring them to review more than 100,000 items, the format of the information the Trustee provided was insufficient for Tic Tac to identify the specific emails and files the Trustee was challenging and, therefore, Tic Tac could not provide copies of those documents to the Objectors for review. The Objectors informed the Trustee they were unable to proceed with the review of disputed items on

the Privilege Log and the Privacy Logs until the Trustee provided certain additional information to Tic Tac.  In particular, the Objectors advised the Trustee that Tic Tac had requested a list of the same search criteria that the Trustee utilized to generate his July 7, 2014 disputed logs so that Tic Tac could regenerate those same logs on its own database and export the documents in question for further review by the Objectors.

6. On July 10, 2014, the Objectors delivered to the Trustee (a) logs listing the first batch of approximately 1,500 No Subject Private Emails and identifying the basis for asserting privacy over such emails and (b) copies of approximately 950 emails that were previously designated as No Subject Private Emails but that, upon further review, were deemed to be non-private.  On July 14, 2014, the Objectors delivered to the Trustee (a) logs listing the second batch of approximately 800 No Subject Private Emails and identifying the basis for asserting privacy over such emails and (b) copies of approximately 800 emails that were previously designated as No Subject Private Emails but that, upon further review, were deemed to be non-private.  With these two deliveries, the Objectors have completed their review of approximately 4,000 of the approximately 5,500 No Subject Private Emails, well in advance of the three week deadline for doing so.  The Objectors will continue their review of the other No Subject Private Emails and will expeditiously work on preparing further logs regarding same.

7. On July 11, 2014, the Trustee provided to the Objectors, to pass on to Tic Tac, a list of the search criteria that the Trustee purportedly utilized to generate the July 7, 2014 disputed logs.  The Objectors forwarded such information to Tic Tac, and understand Tic Tac is in the process of gathering such items.  However, Tic Tac has informed the Objectors that there may be certain delays with respect to future data processing tasks due to the fact that Tic Tac's senior data recovery specialist, a member of the Israel Defense Forces Reserve, had been called

to serve in Gaza as a result of the ongoing conflict in that country. As such, while the Objectors are hopeful they will receive the disputed items quickly so they can begin their review, some delays may occur.

Dated: July 14, 2014
      New York, New York

    KASOWITZ, BENSON, TORRES
     & FRIEDMAN LLP

    /s/ Daniel A. Fliman
    David M. Friedman (DFriedman@kasowitz.com)
    Daniel A. Fliman (DFliman@kasowitz.com)
    Nii-Amar Amamoo (NAmamoo@kasowitz.com)
    1633 Broadway
    New York, New York 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

*Counsel for Yosef A. Maiman and Merhav (M.N.F.) Limited*

    COLE, SCHOTZ, MEISEL,
    FORMAN & LEONARD, P.A.

    /s/ Steven L. Klepper
    Michael D. Sirota (MSirota@coleschotz.com)
    Steven L. Klepper (SKlepper@coleschotz.com)
    900 Third Avenue, 16th Floor
    New York, New York 10022
    Telephone: (212) 752-8000
    Facsimile: (212) 752-8393

*Counsel for Irit Eluz, Yoram Firon, Amit Mantsur, Erez Meltzer, Leo Malamud, Nir Bernstein and Sabih Saylan*