Hearing Date: November 18, 2014
Hearing Time: 10:00 A.M.

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------x
In re:                                                          Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,         Case No. 12-13689 (SMB)

                    Debtor.
-------------------------------------------x

NOTICE OF CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FED.R.BANKR.P. 9019(a) FOR APPROVAL OF STIPULATION AND AGREED ORDER BETWEEN CHAPTER 7 TRUSTEE AND HOULIHAN LOKEY

**PLEASE TAKE NOTICE** that upon the motion dated October 17, 2014 (the "Motion") of Alex Spizz, the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, Ampal-American Israel Corporation ("Debtor"), by his counsel, Spizz Cohen & Serchuk, P.C., the Trustee will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Court Judge, in his Courtroom at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on the **18th day of November, 2014 at 10:00 A. M.**, or as soon as counsel can be heard, for an order approving the proposed Stipulation and Agreed Order between the Chapter 7 Trustee and Houlihan Lokey . (A copy of the proposed Stipulation and Agreed Order is

286783v1

annexed to the Motion as Exhibit "A".)

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Motion must be filed with the Clerk of the Bankruptcy Court with a copy delivered to the Chambers of the Honorable Stuart M. Bernstein and served upon: (i) Spizz Cohen & Serchuk, P.C., attorneys for the Trustee, 425 Park Avenue, New York, New York 10022, Attn: Alex Spizz, Esq., and Arthur Goldstein, Esq.; and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Andrew D. Velez-Rivera, Esq.

Dated: New York, New York
     October 17, 2014

                SPIZZ COHEN & SERCHUK, P.C.
                Attorneys for Alex Spizz, Chapter 7
                Trustee for Ampal-American Israel Corporation,
                Debtor

                By: _____
                      Alex Spizz
                      Arthur Goldstein
                      Jill Makower
                425 Park Avenue
                New York, New York 10022
                (212) 754-9400

|  |  |
|---|---|
| **Hearing Date:** | **November 18, 2014** |
| **Hearing Time:** | **10:00 A. M.** |

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------x
In re:                                                                               Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                      Case No. 12-13689 (SMB)

                              Debtor.
------------------------------------------------x

### CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FED.R.BANKR.P. 9019(a) FOR APPROVAL OF STIPULATION AND AGREED ORDER BETWEEN CHAPTER 7 TRUSTEE AND HOULIHAN LOKEY

TO:   THE HONORABLE STUART M. BERNSTEIN
         UNITED STATES BANKRUPTCY JUDGE

Alex Spizz, the Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation, the Chapter 7 debtor herein (the "Debtor"), submits this motion (the "Motion") for approval, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of a certain "Stipulation and Agreed Order Between Chapter 7 Trustee and Houlihan Lokey" dated October 10, 2014 (the "Stipulation") by and between (i) the Trustee and (ii) Houlihan Lokey Financial Advisors, Inc. ("HL Financial Advisors"), and Houlihan Lokey Capital, Inc. ("HL Capital"; and, together, with HL Financial Advisors, "Houlihan Lokey"), annexed hereto as **Exhibit "A"**, and respectfully represents:

286778v1

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## FACTS

**A.   General**

2. On August 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor was an investment company that acquired direct and indirect equity holdings in over 80 companies. The majority of those companies operated in the energy, chemicals, real estate, project development, and leisure sectors and were located in or did business in Israel.

4. On September 25, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

5. On April 8, 2013, the Court ordered the appointment of a Chapter 11 trustee and the Office of the U.S. Trustee thereafter designated Michael Luskin as Chapter 11 trustee.

6. Michael Luskin, as Chapter 11 trustee, moved to convert this case to Chapter 7 on the grounds that, among other things, the Debtor was administratively insolvent.

7. By Order dated May 2, 2013 (the "Conversion Date"), the Court converted the case to one under Chapter 7.

8. On May 3, 2013, the Office of the U.S. Trustee appointed Alan Nisselson as interim Chapter 7 trustee.

9. On May 20, 2013 (the "Election Date"), Alex Spizz was elected Chapter 7 Trustee of the Debtor pursuant to section 702 of the Bankruptcy Code and was duly qualified thereafter.

B. **Services Provided by Houlihan Lokey**

10. Houlihan Lokey is an investment bank with offices in the United States, Europe and Asia. Prior to the Petition Date, HL Financial Advisors provided certain financial advisory services to the Debtor.

11. Prior to the Petition Date, and within the 90 day period prior to the Petition Date, the Debtor made a certain payment to HL Financial Advisors in the amount of $50,000 (the "Transfer").

12. Subsequent to the Petition Date, HL Financial Advisors' affiliate, HL Capital, was retained as the Debtor's financial advisor in the Debtor's Chapter 11 case, pursuant to Order entered on December 20, 2012 [Docket No. 116], and provided services to the Debtor prior to the Conversion Date.

13. HL Capital filed a fee application (the "Fee Application") in the Debtor's case on June 28, 2013 [Docket No. 302].

C. **Discovery Obtained From Houlihan Lokey And The Tolling Agreement**

14. On September 20, 2013, the Trustee filed an application to conduct a Bankruptcy Rule 2004 examination of Houlihan Lokey Howard & Zukin Financial Advisors, Inc., and an order granting that application was entered on September 30, 2013.

15. Pursuant to the Trustee's subpoena, Houlihan Lokey produced documents requested by the Trustee.

16. The Trustee conducted a thorough analysis of the documents produced by

Houlihan Lokey and evaluated the estate's possible claims against Houlihan Lokey.

17. The Trustee and Houlihan Lokey had discussions concerning the avoidability of the Transfer, and other issues, and reached a proposed settlement.

18. On August 26, 2014, the Trustee and HL Financial Advisors entered into a tolling agreement (the "Tolling Agreement") which tolled the running of certain statutes of limitation through September 4, 2014, and then on September 3, 2014, the Trustee and HL Financial Advisors further agreed in writing to extend the Tolling Agreement to permit the parties to memorialize the proposed settlement and obtain Court approval.

## THE SETTLEMENT

19. On October 10, 2014, the Trustee and Houlihan Lokey entered into the Stipulation to resolve certain issues including the Trustee's claims relating to the Transfer. The salient terms of the Stipulation are as follows:

- Houlihan Lokey shall pay $17,000 payable to the Debtor's estate within 5 days after the Trustee provides notification of the Stipulation becoming a final order.

- The Trustee, individually and collectively on behalf of the Debtor and, to the extent applicable, their respective agents, attorneys, subsidiaries, affiliates, heirs, successors and assigns (collectively, the "Debtor Releasors") shall provide a general release to Houlihan Lokey and, to the extent applicable, their shareholders, owners, directors, agents, attorneys, subsidiaries, affiliates, heirs, successors and assigns, and each of them, separately and collectively, (collectively, the "HL Releasees"), provided however, that the Trustee's right (a) to enforce the Stipulation, and (b) to object to the amounts requested by HL Capital in the Fee Application are preserved. The HL Releasees shall also include any current or former officers and employees of Houlihan Lokey but solely to the extent of Claims arising from or related to services performed by Houlihan Lokey for Ampal or any of its affiliates or subsidiaries, or the board of directors (or any committee thereof) of any of them, or any engagement letters (or similar agreements) relating thereto.

- The Tolling Agreement is extended through the earlier of (i) the date that any order approving the Stipulation becomes a final order,

286778v1

4

and (ii) the date that is ten (10) business days after the entry of any order denying approval of the Stipulation.

20. The Trustee believes that the settlement is in the best interest of the Debtor's estate.

## REQUEST FOR RELIEF

21. By this Motion, the Trustee seeks approval of the Stipulation pursuant to Bankruptcy Rule 9019(a).

## THE STIPULATION SHOULD BE APPROVED

22. Bankruptcy Rule 9019(a) grants the bankruptcy court authority to approve settlement of legitimate disputes in bankruptcy cases. In re Drexel Burnham Lambert Group, 140 B.R. 347, 349 (S.D.N.Y. 1992); In re WorldCom, Inc., 347 B.R. 123, 136-137 (Bankr. S.D.N.Y. 2006). Bankruptcy Rule 9019(a) provides, in pertinent part, that "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

23. The decision to approve a settlement lies within the discretion of the bankruptcy court. Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618 (S.D.N.Y. 1997); In re Prudential Lines, Inc., 170 B.R. 222, 246 (S.D.N.Y. 1994), citing In re Texaco, Inc., 84 B.R. 893 (Bankr. S.D.N.Y.), appeal dismissed, 92 B.R. 38 (S.D.N.Y. 1988); WorldCom, 347 B.R. at 136-137.

24. A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve the settlement. In re MF Global, Inc., 2013 Bankr. LEXIS 427 at *12 (Bankr. S.D.N.Y. Jan. 31, 2013); In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.

Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968)). See also In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 U.S. Dist. LEXIS 136139, 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593-94 (Bankr. S.D.N.Y. 2010).

25.   Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in this Circuit have set forth factors for approval of settlements based on the original framework announced in TMT Trailer Ferry, 390 U.S. 414, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968). See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. N.Y. 2007)(citing TMT Trailer Ferry). See also 10 Collier on Bankruptcy P 9019.02 (15th ed. rev.) Those interrelated factors are: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining." Motorola, 478 F.3d at 462, citing WorldCom, 347 B.R. at 137 (Bankr. S.D.N.Y. 2006).

26.   It is not necessary for the bankruptcy court to conduct a "mini trial" on the

issue. Worldcom, 347 B.R. at 137; Drexel Burnham Lambert, 140 B.R. at 349. The Court need only "canvass the issues" to determine if the "settlement falls below the lowest point in the range of reasonableness." In re Teltronics Serv., Inc., 762 F.2d 185, 189 (2d Cir. 1985); Worldcom, 347 B.R. at 137.

27. It is respectfully submitted that when this Court "canvasses" the issues surrounding the proposed settlement, it should conclude, as the Trustee has, that the settlement does not "fall below the lowest point in the range of reasonableness". See Teltronics, 762 F.2d at 189.

### APPLICATION OF THE 9019 FACTORS TO THE STIPULATION

28. As demonstrated below, the relevant factors weigh in favor of approval of the Stipulation.

(1)  The Balance Between The Litigation's Possibility
     Of Success And The Settlement's Future Benefits

29. While the Trustee believes he may be successful if he were to file and prosecute a preference complaint to recover the $50,000 Transfer, the Trustee acknowledges that there are always risks in litigation.

30. The Trustee believes that the interest of the creditors and all parties in interest is best served by the settlement in that the settlement resolves disputes with Houlihan Lokey and eliminates the litigation risk associated with a potential avoidance action. Under the Stipulation, the estate will immediately receive $17,000 without the Trustee having to draft, file and prosecute an avoidance complaint.

31. The Stipulation also serves the interest of creditors in that the Stipulation preserves the Trustee's right to object to the Fee Application.

286778v1

7

(2) The Likelihood of Complex And Protracted Litigation, With
Its Attendant Expense, Inconvenience, And Delay, Including
<u>The Difficulty In Collecting On The Judgment</u>

32. Absent a settlement, Houlihan Lokey would contest any complaint that the Trustee could file to obtain recovery of the $50,000 Transfer. There would be litigation with its attendant expense, inconvenience and delay.

(3) <u>The Paramount Interests of The Creditors</u>

33. The paramount interest of creditors is served by the Stipulation. It is desirable and beneficial to creditors that the issues resolved in the Stipulation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

(4) <u>Whether Other Parties In Interest Support The Settlement</u>

34. The Trustee does not anticipate any opposition to the Stipulation from any parties in interest.

(5) <u>The "Competency and Experience of Counsel" Supporting the Settlement</u>

35. This factor militates in favor of approval of the settlement. The settlement was negotiated by experienced bankruptcy counsel – Spizz Cohen & Serchuk, P.C. on behalf of the Trustee, and Arthur Steinberg, Esq. of King & Spalding on behalf of Houlihan Lokey.

(6) The Nature And Breadth of Releases To Be Obtained by
<u>Officers and Directors</u>

36. The Stipulation provides for certain releases, as discussed above.

(7) The Extent To Which The Settlement Is The Product of
<u>Arm's Length Bargaining</u>

37. The Stipulation is the product of arm's length bargaining between the Trustee and Houlihan Lokey.

286778v1

8

38. Based on the foregoing, it is clear that the relevant factors weigh in favor of approval of the Stipulation. The Trustee believes that the terms of the Stipulation are fair and reasonable and in the best interests of the Debtor's estate.

### NOTICE

39. Notice of this Motion has been given in accordance with this Court's Order Granting Chapter 7 Trustee's Motion to Limit Notice and to Establish Case Management Procedures, entered on September 12, 2013 [Docket No. 342].

### NO PRIOR MOTION

40. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

### CONCLUSION

41. The Trustee respectfully requests that the Court approve the Stipulation annexed hereto as **Exhibit "A"**, and that the Court grant such other and further relief as to this Court appears just and proper.

Dated: New York, New York
October 17, 2014

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for Alex Spizz, Chapter 7 Trustee

By: _____
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.
425 Park Avenue
New York, NY 10022
(212) 754-9400

286778v1

9

**EXHIBIT "A"**

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY  10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------x
In re:                                                                       Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,       Case No. 12-13689 (SMB)

                                    Debtor.
------------------------------------------------------x

### STIPULATION AND AGREED ORDER BETWEEN CHAPTER 7 TRUSTEE AND HOULIHAN LOKEY

**IT IS HEREBY STIPULATED AND AGREED** by and between (i) Alex Spizz, as the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, Ampal-American Israel Corporation ("Ampal" or the "Debtor"), and (ii) Houlihan Lokey Financial Advisors, Inc. ("HL Financial Advisors"), and Houlihan Lokey Capital, Inc. ("HL Capital"; and, collectively, with HL Financial Advisors, "Houlihan Lokey"), through their undersigned counsel, as follows:

**WHEREAS**, on August 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in this Court; and

**WHEREAS**, by Order dated May 2, 2013 (the "Conversion Date"), the Court converted the Debtor's case to one under Chapter 7; and

286669v1

**WHEREAS**, on May 20, 2013, Alex Spizz was elected Chapter 7 Trustee of the Debtor pursuant to section 702 of the Bankruptcy Code and was duly qualified thereafter; and

**WHEREAS**, prior to the Petition Date, HL Financial Advisors provided certain financial advisory services to the Debtor; and

**WHEREAS**, prior to the Petition Date, and within the 90 day period prior to the Petition Date, the Debtor made a certain payment to HL Financial Advisors in the amount of $50,000 (the "Transfer"); and

**WHEREAS**, subsequent to the Petition Date, HL Capital was retained as the Debtor's financial advisor in the Debtor's chapter 11 case, pursuant to Order entered on December 20, 2012 [Docket No. 116], and provided services to the Debtor prior to the Conversion Date; and

**WHEREAS**, HL Capital filed a fee application (the "Fee Application") in the Debtor's case on June 28, 2013 [Docket No. 302]; and

**WHEREAS**, the Trustee and Houlihan Lokey had discussions concerning the avoidability of the Transfer, and other issues, and reached a proposed settlement; and

**WHEREAS**, on August 26, 2014, the Trustee and HL Financial Advisors entered into a tolling agreement (the "Tolling Agreement") which tolled the running of certain statutes of limitation through September 4, 2014, and then on September 3, 2014, the Trustee and HL Financial Advisors further agreed in writing to extend the Tolling Agreement to permit the parties to memorialize the proposed settlement and obtain Court approval.

**NOW, THEREFORE**, the Trustee and Houlihan Lokey, by their respective counsel, hereby agree:

1. This Stipulation shall not be enforceable against or binding upon any party hereto until it is approved and so ordered by the Bankruptcy Court. In the event that the Bankruptcy Court declines to approve this Stipulation, all claims and rights of the parties hereto are reserved and nothing contained herein shall be deemed a waiver or admission by any party. The Trustee and Houlihan Lokey agree to use their best efforts to promptly seek approval of this Stipulation.

2. Within five days after the Trustee provides Houlihan Lokey notice of the entry of a final non-appealable order approving this Stipulation (the date of the entry of the order approving this Stipulation being the "Effective Date"), Houlihan Lokey shall cause to be paid to the Trustee, on behalf of the Debtor's estate, the sum of $17,000 ("Sum"). On the Effective Date, and subject to the receipt of the Sum, the Trustee, individually and collectively on behalf of the Debtor and, to the extent applicable, their respective agents, attorneys, subsidiaries, affiliates, heirs, successors and assigns (collectively, the "Debtor Releasors"), does hereby unconditionally release, remise, and forever discharge Houlihan Lokey and, to the extent applicable, their shareholders, owners, directors, agents, attorneys, subsidiaries, affiliates, heirs, successors and assigns, and each of them, separately and collectively, (collectively, the "HL Releasees")[1] from and with respect to any and all actions, causes of action, claims, counterclaims, debts, demands, liabilities, losses and damages, contingent or matured,

---

[1] The term "HL Releasees" shall also include any current or former officers and employees of Houlihan Lokey, but solely to the extent of Claims arising from or related to services performed by Houlihan Lokey for Ampal or any of its affiliates or subsidiaries, or the board of directors (or any committee thereof) of any of them, or any engagement letters (or similar agreements) relating thereto.

known or unknown, in law, equity or otherwise, which the Debtor Releasors, or any them have, or may have had, against the HL Releasees from the beginning of this world through the Effective Date, based on any provision of the Bankruptcy Code, other laws, or otherwise (such actions, causes of action, claims, counterclaims, debts, demands, liabilities, losses and damages being the "Claims"); provided, however, that the Trustee's right (a) to enforce this Stipulation, and (b) to object to the amounts requested by HL Capital in the Fee Application are hereby preserved.

3. California Civil Code section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Except as otherwise provided in this Stipulation, after consultation with counsel, the Trustee, on its own behalf and on behalf of the Debtor's estate, hereby waives any and all rights and benefits conferred by the provisions of California Civil Code section 1542 and any similar law of any state or territory of the United States or other jurisdiction, with respect to all claims within the scope of the releases granted above that are presently unknown or unsuspected. The parties acknowledge that this waiver is a material inducement for entering into this Stipulation and that they would not have entered into this Stipulation in the absence of this waiver.

4. The Debtor Releasors represent, warrant and agree that they will not, at any time hereafter, either directly or indirectly, initiate, assign, maintain or prosecute, or in any way knowingly aid or assist in the initiation, maintenance or prosecution of any claim, demand or cause of action at law or otherwise, against any of the HL Releasees

for damages, loss or injury of any kind arising from, related to, or in any way connected to any activity with respect to which a release has been given pursuant to this Stipulation.

5. The parties understand and acknowledge that this Stipulation constitutes a compromise and settlement. Neither the fact of this Stipulation, its terms and conditions, nor any action taken or statements made by the parties in connection with this Stipulation shall ever, under any circumstances, be deemed or construed to be: (i) an admission of the truth or falsity of any Claim that was or could have been asserted by any of the Debtor Releasors; or (ii) an acknowledgement or admission by Houlihan Lokey of any fault or liability whatsoever.

6. The Tolling Agreement is hereby extended through the earlier of (i) the date that any order approving this Stipulation becomes a final order, and (ii) the date that is ten (10) business days after the entry of any order denying approval of this Stipulation.

7. This Stipulation constitutes the entire agreement and understanding of the parties hereto and supersedes any prior discussion or statement by and between the parties with respect to the subject matter hereof.

8. This Stipulation shall be binding on and inure to the benefit of the parties hereto, the HL Releasees, and their respective successors, assigns, representatives, heirs, executors, administrators, trustees, receivers, members, managers, partners, employees and agents, as the case may be.

9. The parties shall bear their own costs and attorneys' fees, and other fees incurred in connection with this Stipulation.

10. This Stipulation may not be waived, amended or modified orally or in any other way or manner except by a writing signed by the party to be bound, and such approval and authorization of the Bankruptcy Court as may be necessary and appropriate under the circumstances.

11. Each party represents and warrants to the other that its execution, delivery and performance of this Stipulation is within the power and authority of such party and has been duly authorized by such party.

12. This Stipulation may be signed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to be one and the same instrument. E mail or facsimile signatures shall be treated as original signatures for purposes hereof.

13. The Bankruptcy Court shall retain jurisdiction to interpret, enforce and resolve any disputes arising under or related to this Stipulation.

Dated: New York, New York
October 10, 2014

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for Chapter 7 Trustee

By: _____
Alex Spizz
Arthur Goldstein
Jill Makower
425 Park Avenue
New York, NY 10022
(212) 754-9400

Dated: New York, New York
October 10, 2014

KING & SPALDING LLP
Attorneys for Houlihan Lokey Financial Advisors, Inc. and Houlihan Lokey Capital, Inc.

By: _____
Arthur Steinberg, Esq.
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100