Hearing Date: April 7, 2015
Hearing Time: 10:00 A.M.

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------x
In re:                                                                          Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,               Case No. 12-13689 (SMB)

                              Debtor.
------------------------------------------------x

**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§105(a) AND 362(d) AND FED.R.BANKR.P. 4001(d) AND 9019(a) FOR ORDER LIFTING AUTOMATIC STAY AND APPROVING AGREEMENT BETWEEN CHAPTER 7 TRUSTEE, REVADIM (PROPERTIES) LTD. AND BANK HAPOALIM B.M.**

**PLEASE TAKE NOTICE** that upon the motion dated March 17, 2015 (the "Motion") of Alex Spizz, the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, the Trustee, by his counsel, Spizz Cohen & Serchuk, P.C., will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Court Judge, in his Courtroom at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on the **7th day of April, 2015 at 10:00 A.M.**, or as soon as counsel can be heard, for an order lifting the automatic stay and approving a certain agreement (set forth in **Exhibit "A"** to the Motion) by and between (i) the Trustee and (ii) Revadim (Properties) Ltd. and Bank Hapoalim B.M.

288407v1

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Motion must be filed with the Clerk of the Bankruptcy Court with a copy delivered to the Chambers of the Honorable Stuart M. Bernstein and served upon: (i) Spizz Cohen & Serchuk, P.C., attorneys for the Trustee, 425 Park Avenue, New York, New York 10022, Attn: Alex Spizz, Esq., and Arthur Goldstein, Esq.; and (ii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Andrew D. Velez-Rivera, Esq., so as to be filed and received on or before March 31, 2015.

Dated: New York, New York
       March 17, 2015

                            SPIZZ COHEN & SERCHUK, P.C.
                            Attorneys for Alex Spizz, Chapter 7
                            Trustee for Ampal-American Israel Corporation,
                            Debtor

                            By: _____
                                Alex Spizz
                                Arthur Goldstein
                                Jill Makower
                          425 Park Avenue
                          New York, New York 10022
                          (212) 754-9400

Hearing Date: April 7, 2015
Hearing Time: 10:00 A.M.

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------x
In re:                                              Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                  Case No. 12-13689 (SMB)

                        Debtor.
------------------------------------x

**CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO 11 U.S.C. §§105(a) AND 362(d) AND FED.R.BANKR.P. 4001(d) AND 9019(a) FOR APPROVAL OF AGREEMENT BETWEEN CHAPTER 7 TRUSTEE, REVADIM (PROPERTIES) LTD. AND BANK HAPOALIM B.M.**

TO:   THE HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE

Alex Spizz, the Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation, the Chapter 7 debtor herein (the "Debtor" or "Ampal"), submits this motion (the "Motion") pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001(d) and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to lift the automatic stay and for approval of a certain proposed agreement (the "Agreement") by and between (i) the Trustee and (ii) Revadim (Properties) Ltd. ("Revadim") and Bank Hapoalim B.M.

288353v2

("BNP")[1], which would quiet title to the real property known as Parcel 661/5 in Block 6213, located at 111 Arlozorov Street, Tel Aviv, Israel (the "Property"). In support of this Motion, the Trustee respectfully represents:

## JURISDICTION

1.  This Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## FACTS

### A.  General

2.  On August 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code.

3.  The Debtor was an investment company that acquired direct and indirect equity holdings in over 80 companies. The majority of those companies operated in the energy, chemicals, real estate, project development, and leisure sectors and were located in or did business in Israel.

4.  On September 25, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

5.  On April 8, 2013, the Court ordered the appointment of a Chapter 11 trustee and the Office of the U.S. Trustee thereafter designated Michael Luskin as Chapter 11 trustee.

6.  Michael Luskin, as Chapter 11 trustee, moved to convert this case to Chapter 7 on the grounds that, among other things, the Debtor was administratively

---

[1] Bank Hapoalim is referred to in the Agreement as BNP.

288353v2

2

insolvent.

7. By Order dated May 2, 2013 (the "Conversion Date"), the Court converted the case to one under Chapter 7.

8. On May 3, 2013, the Office of the U.S. Trustee appointed Alan Nisselson as interim Chapter 7 trustee.

9. On May 20, 2013 (the "Election Date"), Alex Spizz was elected Chapter 7 Trustee of the Debtor pursuant to section 702 of the Bankruptcy Code and was duly qualified thereafter.

**B.     The Property**

10. By a sale agreement signed on March 10, 1983 (the "1983 Sale Agreement"), it was agreed between BNP and the Debtor that BNP would sell the Property to the Debtor. For reason(s) unknown to the Trustee, BNP and Revadim, the Debtor's rights in the Property were never registered in the Land Registry in Israel.

11. By a sale agreement signed on May 11, 1999 (the "1999 Sale Agreement and, together with the 1983 Sale Agreement, the "Sale Agreements"), it was agreed between the Debtor and Revadim that the Debtor would sell the Property to Revadim. Revadim's rights in the Property were never registered in the Land Registry in Israel.

12. The Property was not listed in the Debtor's Schedules.

**C.     The Action**

13. In 2013, Revadim and BNP (together, the "Petitioners") commenced an action (the "Action") in the Tel Aviv-Jaffa District Court (the "Israeli Court") seeking to perfect the registrations in the Land Registry in Israel of the rights in the Property accorded under the Sale Agreements.

14. When the Trustee learned of the Action, he advised the Petitioners that the filing of the Action was a violation of the automatic stay. The Trustee and the Petitioners subsequently entered into settlement negotiations for the purpose of settling the Action and quieting title to the Property.

15. During the negotiations with the Trustee, BNP and Revadim presented evidence indicating that the payment to the Debtor for the Property under the 1999 Sale Agreement had been made in full. In light of this and after consulting with counsel in Israel, the Trustee concludes that the Debtor's estate has no legal or equitable interest in the Property.

## THE AGREEMENT

16. The Trustee seeks authority to enter into the Agreement set forth in the Petitioners' "Originating Motion" annexed hereto as **Exhibit "A"**, which Petitioners intend to file in the Israeli Court. Exhibit "A" contains the Originating Motion in Hebrew and an (unofficial) English translation of the Originating Motion. As set forth in the Originating Motion, the Agreement is subject to Bankruptcy Court approval as well as approval by the Israeli Court. The salient terms of the Agreement are as follows:[2]

- The Debtor may be registered as the owner of the Property free, clear and unencumbered by virtue of the 1983 Agreement, for the purpose of transferring Debtor's rights as stated in paragraph 6.2 of the Agreement (Agreement, § 6.1)

- Revadim is entitled to be registered as the owner of the Property free, clear and unencumbered by virtue of the 1999 Agreement (Agreement § 6.2)

- Counsel for the Petitioners is appointed receiver on behalf of the parties to the Agreement, in order to register the rights of title in the Property only, from the name of Bank Hapoalim into the name of

---

[2] This Motion contains only a summary of the Agreement. Interested parties should consult the Agreement for its precise terms.

Ampal and from Ampal's name into the name of Revadim (Agreement § 6.2.1)

- The receiver shall have certain rights enumerated in the Agreement to implement the registrations of rights in the Property. (See Agreement §§ 6.2.2 – 6.2.4)

- The receiver will, upon demand from the Trustee, deliver any information or document relating to the receiver's acts for the purpose of executing the registration. (Agreement, § 6.2.5)

- The receiver shall not be entitled to bind Ampal or the Trustee by his acts for any financial commitment or obligation to effect any additional acts, and Ampal shall not bear responsibility of any kind whatsoever for the acts of the receiver. (Agreement § 6.2.6)

- The Petitioners will bear all compulsory payments that will be required including all and any fees, levies and taxes that are payable in order to register such rights of title, including payments that will be required in order to register the rights in the name of Ampal, as purchaser, and as seller. (Agreement § 6.4)

- If Bankruptcy Court approval of the Agreement is not granted, the Agreement will be null and void. (Agreement § 6.5)

- BNP will indemnify the Debtor's estate and the Trustee in respect of any sum that will be determined by final judgement in a Court in Israel, the cause of action of which results directly or indirectly from the possession and use of BNP and/or according to any instruction of Revadim in the Property, during the period that Revadim was entitled to be registered as the owner of the Property (i.e. from July 7, 1999) until the date of the registration of the Property in its name. (Agreement § 7.1)

17.    The Trustee believes that the settlement is in the best interest of the Debtor's estate.

## REQUEST FOR RELIEF

18.    By this Motion, the Trustee seeks entry of an order substantially in the form annexed hereto as **Exhibit "B"**, lifting the automatic stay and approving the Agreement pursuant to Bankruptcy Code sections 105(a) and 362(d) and Bankruptcy

288353v2

5

Rules 4001(d) and 9019(a).

## THE STIPULATION SHOULD BE APPROVED

19. Bankruptcy Rule 9019(a) grants the bankruptcy court authority to approve settlement of legitimate disputes in bankruptcy cases. In re Drexel Burnham Lambert Group, 140 B.R. 347, 349 (S.D.N.Y. 1992); In re WorldCom, Inc., 347 B.R. 123, 136-137 (Bankr. S.D.N.Y. 2006). Bankruptcy Rule 9019(a) provides, in pertinent part, that "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

20. The decision to approve a settlement lies within the discretion of the bankruptcy court. Fischer v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618 (S.D.N.Y. 1997); In re Prudential Lines, Inc., 170 B.R. 222, 246 (S.D.N.Y. 1994), citing In re Texaco, Inc., 84 B.R. 893 (Bankr. S.D.N.Y.), appeal dismissed, 92 B.R. 38 (S.D.N.Y. 1988); WorldCom, 347 B.R. at 136-137.

21. A court must determine that a settlement under Bankruptcy Rule 9019 is fair, equitable, and in the best interests of the estate before it may approve the settlement. In re MF Global, Inc., 2013 Bankr. LEXIS 427 at *12 (Bankr. S.D.N.Y. Jan. 31, 2013); In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991) (citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968)). See also In re Lehman Bros. Holdings, 435 B.R. 122, 134 (S.D.N.Y. 2010); Cousins v. Pereira (In re Cousins), No. 09 Civ. 1190(RJS), 2010 U.S. Dist. LEXIS 136139, 2010 WL 5298172, at *3 (S.D.N.Y. Dec. 22, 2010); In re Chemtura Corp., 439 B.R. 561, 593-94 (Bankr. S.D.N.Y. 2010).

22. Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in this Circuit have set forth factors for approval of settlements based on the original framework announced in TMT Trailer Ferry, 390 U.S. 414, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968). See Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 462 (2d Cir. N.Y. 2007)(citing TMT Trailer Ferry). See also 10 Collier on Bankruptcy P 9019.02 (15th ed. rev.) Those interrelated factors are: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6) "the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining." Motorola, 478 F.3d at 462, citing WorldCom, 347 B.R. at 137 (Bankr. S.D.N.Y. 2006).

23. It is not necessary for the bankruptcy court to conduct a "mini trial" on the issue. Worldcom, 347 B.R. at 137; Drexel Burnham Lambert, 140 B.R. at 349. The Court need only "canvass the issues" to determine if the "settlement falls below the lowest point in the range of reasonableness." In re Teltronics Serv., Inc., 762 F.2d 185, 189 (2d Cir. 1985); Worldcom, 347 B.R. at 137.

24. It is respectfully submitted that when this Court "canvasses" the issues surrounding the proposed settlement, it should conclude, as the Trustee has, that the settlement does not "fall below the lowest point in the range of reasonableness". See Teltronics, 762 F.2d at 189.

**APPLICATION OF THE 9019 FACTORS TO THE STIPULATION**

25. As demonstrated below, the relevant factors weigh in favor of approval of the Agreement.

(1) The Balance Between The Litigation's Possibility
Of Success And The Settlement's Future Benefits

26. As discussed above, the Trustee has concluded that the Property is not property of the Debtor's estate. It is therefore not in the interest of creditors to expend estate funds to litigate the Action, which is pending in Israel. The Trustee believes that the interest of creditors and all parties in interest is best served by the settlement in that it will allow a receiver, at no cost to the estate, to quiet title to the Property. Further, the Agreement provides for indemnification of the Debtor's estate.

(2) The Likelihood of Complex And Protracted Litigation, With
Its Attendant Expense, Inconvenience, And Delay, Including
The Difficulty In Collecting On The Judgment

27. Absent a settlement, the Debtor's estate would incur needless legal fees to defend the litigation.

(3) The Paramount Interests of The Creditors

28. The paramount interest of creditors is served by the Agreement. It is desirable and beneficial to creditors that the issues resolved in the Agreement be fully and finally settled in the manner and upon the terms and conditions set forth in the Agreement.

**(4)    Whether Other Parties In Interest Support The Settlement**

29.    The Trustee does not anticipate any opposition to the Agreement from any parties in interest.

**(5)    The "Competency and Experience of Counsel" Supporting the Settlement**

30.    This factor militates in favor of approval of the settlement. The settlement was negotiated by experienced counsel on both sides.

**(6)    The Nature And Breadth of Releases To Be Obtained by Officers and Directors**

31.    The Agreement provides for no releases of officers or directors.

**(7)    The Extent To Which The Settlement Is The Product of Arm's Length Bargaining**

32.    The Agreement is the product of arm's length bargaining between the parties.

33.    Based on the foregoing, it is clear that the relevant factors weigh in favor of approval of the Agreement. The Trustee believes that the terms of the Agreement are fair and reasonable and in the best interests of the Debtor's estate.

## COMPLIANCE WITH BANKRUPTCY RULE 4001(d)

34.    Bankruptcy Rule 4001(d)(1)(A) requires that a motion for approval of an agreement to modify or terminate the automatic stay be accompanied by a copy of the agreement and a proposed form of order. Bankruptcy Rule 4001(d)(1)(B) requires that this Motion list or summarize the location of the material provisions of the agreement modifying the stay. The Trustee submits that the Motion satisfies these requirements.

35.    Based on the foregoing, the Trustee respectfully requests that this Court approve the Agreement pursuant to Bankruptcy Code sections 105(a) and 362(d) and

Bankruptcy Rules 4001(d) and 9019(a).

## NOTICE

36. Notice of this Motion has been given in accordance with this Court's Order Granting Chapter 7 Trustee's Motion to Limit Notice and to Establish Case Management Procedures, entered on September 12, 2013 [Docket No. 342].

## NO PRIOR MOTION

37. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

## CONCLUSION

38. The Trustee respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit "B"**, lifting the stay and approving the Agreement pursuant to Bankruptcy Code sections 105(a) and 362(d) and Bankruptcy Rules 4001(d) and 9019(a), and that the Court grant such other and further relief as to this Court appears just and proper.

Dated: New York, New York
       March 17, 2015

        SPIZZ COHEN & SERCHUK, P.C.
        Attorneys for Alex Spizz, Chapter 7 Trustee

        By: _____
           Alex Spizz, Esq.
           Arthur Goldstein, Esq.
           Jill Makower, Esq.
        425 Park Avenue
        New York, NY 10022
        (212) 754-9400

**EXHIBIT "A"**

**In the Tel Aviv – Jaffa District Court**                    **Originating Motion 4053-12-13**

**In the matter of:**

    1.    **Revadim (Properties) Ltd.**, (corporate no. 510735285)
        (hereinafter: "**Revadim**")
    2.    **Bank Hapoalim B.M.** (public corporation no. 520000118)
        (hereinafter: "**BNP**")

By counsel Boyer, Roizen, Or, Shpernat & Co,.
of 1 Carlebach St., Tel Aviv 67132
Tel: 03-6910022; Fax: 03-6910044

(hereinafter: "**the Petitioners**")

– v e r s u s –

    1.    **Ampal-American Israel Corporation (foreign company)** (hereinafter: "**Ampal**")

by the Trustee Advocate Mr. Alex Spizz
(hereinafter: "**the Trustee**")
425 PARK AVE. NY, NY 1007

    2.    **The Land Registrar** – *struck out*
By the Tel Aviv District Attorneys Office
of 9 Ahad Haam Street, Shalom Towers, Tel Aviv

(hereinafter: "**the Respondents**")

# Notice of Application to Validate an Agreement as a Judgement

The parties respectfully give notice that they have reached the agreements that will be set out below, and the Honourable Court is hereby petitioned to validate these agreements as a judgement in the captioned case.

**The following are the particulars of the agreements:**

1. By a sale agreement signed on March 10, 1983, it was agreed between Applicant No. 2 – BNP and Ampal that BNP would sell to Ampal the property known as Parcel 661/5 in Block 6213 (111 Arlozorov Street, Tel Aviv, Israel (hereinafter: "**the Property**"). For some unknown reason, Ampal's rights in the Property were never registered in the Land Registry.

2. By a sale agreement signed on May 11, 1999, it was agreed between Ampal and Revadim that Ampal would sell the Property to Revadim; Revadim's rights in the Property were also never registered in the Land Registry.

3. BNP now seeks to perfect the above registration in the Land Registry (the registration of the rights in the name of Ampal by virtue of the sale agreement between BNP and Ampal

of 1983, and the registration of rights in the name of Revadim by virtue of the sale agreement between Ampal and Revadim of 1999).

4. During the negotiations BNP and Revadim presented evidence indicating that the payment to Ampal for the Property had been made in full, and in light of this and pursuant to the law in Israel, Ampal has no legal or equitable claim in the Property.

5. In light of the foregoing, and for the purpose of perfecting the registration, the parties have reached the following agreements.

6. The Honourable Court will grant judgement directing as follows:

   6.1 Ampal is entitled to be registered as the owner of **the property known as Parcel 661/5 in the Block 6213** (111 Arlozorov Street, Tel Aviv), **the rights in the Property being free, clear and unencumbered (free of all and any debt, attachment, caution, charge, liability or third-party undertaking, pursuant to section 34A of the Sale Law)** by virtue of a sale agreement of **March 10, 1983, that was signed between the Petitioner No. 2 – BNP** and **Ampal**, as the purchaser of the Property, for the purpose of transferring its rights as stated in paragraph 6.2 hereof.

   6.2 Revadim is entitled to be registered as the owner of **the Property** (as defined above), the rights in the Property been free, clear and unencumbered **(free of all and any debt, attachment, caution, liability or third-party undertaking, pursuant to section 34A of the Sale Law)**, by virtue of a sale agreement dated **May 11, 1999**, that was signed between the Petitioner No. 1 – **Revadim** and Ampal, as the seller of the Property.

      6.2.1 Counsel for the Petitioners – **Advocate Jacob M. Boyer** (Licence No. 8834) of 1 Carlebach Street, Tel Aviv, is appointed receiver on behalf of the parties to this agreement, in order to register the rights of title in the Property only, as more particularly set forth in paragraphs 6.1–6.2 above, i.e: **from the name of Bank Hapoalim into the name of Ampal and from Ampal's name into the name of Revadim.**

      6.2.2 The receiver shall have all the powers that are required by law in order to implement the registration of the rights mentioned including the power and authority to sign all and any applications, declarations and documents that are required in order to perform such registrations, including deeds of sale in the name of Ampal (as the party who purchased the Property from Bank Hapoalim and as the party who sold the Property to Revadim) and for the purpose of any application and action to or with the tax authorities, the Tel Aviv Municipality, the Tel Aviv Local Planning and Building Commission and all and any other entity or authority whose approval is required by the Land Registrar to implement the registration of the title as above.

|       |                |                                                                                                                                                                                                                                                                                                                                                                                                       |
|-------|----------------|-------|

6.2.3   The receiver shall have the power to turn by demand, claim, application, contestation, appeal or objection at any level, whether administrative or legal, to the extent this will be required in order to obtain the approvals mentioned above.

6.2.4   The receiver shall have the power to turn to apply to this Honourable Court for directions to the extent this will be required after the grant of the orders according to paragraphs 6.1-6.2, and for the purpose of implementing the registrations of title mentioned; and for the purpose of obtaining all of the approvals that will be required to transfer the rights in the Property into Ampal's name and from Ampal's name into the name of the Petitioner No. 1 – Revadim.

6.2.5   The receiver will, upon demand from the liquidator by means of his counsel, deliver any information or document relating to the receiver's acts for the purpose of executing such registration.

6.2.6   Notwithstanding the foregoing, the receiver shall not be entitled to bind Ampal or the Liquidator by his acts for any financial commitment or obligation to effect any additional acts, and Ampal shall not bear responsibility of any kind whatsoever for the acts of the receiver, whose appointment, as agreed, is intended for the purpose of the registration described above only.

6.3   **An order is hereby granted directing the Land Registrar to register the rights of title in the Property in accordance with that set forth in paragraphs 6.1-6.2 above.**

6.4   The Petitioners will bear all compulsory payments that will be required including all and any fees, levies and taxes that are payable in order to register such rights of title, including payments that will be required in order to register the rights in the name of Ampal, as purchaser, and as seller.

6.5   Without the same constituting any admission or assent on the part of the Petitioners that the Property constitutes part of the estate of Ampal's properties, this arrangement is conditional on receiving the approval of the Court of the Southern District of New York, which is overseeing the Liquidator's activity. If such approval is not granted, the above arrangement will be null and void and devoid of any effect as if it had never existed, and the contents thereof will not constitute any evidence in this case. The execution of the judgement validating the agreements mentioned above will apply upon the approval of the notice by the American Court.

6.6   On the date on which the registrations described in paragraphs 6.1-6.2 will have been completed, the Liquidator will give notice to the effect, accompanied by a copy of the Land Registry entries.

4

7. **Indemnity of the Trustee and/or Ampal:**

   7.1   BNP will indemnify the Liquidator and/or the Ampal company in respect of any sum that will be determined by final judgement in a Court in Israel, the cause of action of which results directly or indirectly from the possession and use of BNP and/or according to any instruction of Revadim in the Property, during the period that the Revadim company was entitled to be registered as the owner of the Property (namely: from July 7, 1999) until the date of the registration of the Property in its name (hereinafter: "**the Determining Period**").

   7.2   BNP's duty to indemnify the Liquidator and/or Ampal will enter into effect only from the time of delivery to Bank Hapoalim of a final judgement binding the Liquidator and/or the Ampal company to effect any obligation or make any payment for the benefit of any third party by reason of BNP's having possession and use of the Property, such payment to the Liquidator by BNP to be made within ninety days of the date of the delivery to BNP of such judgement.

   7.3   The Liquidator undertakes to notify BNP in writing of any demand, immediately upon receiving the same, and/or any legal proceeding that is taken, immediately upon the proceedings being taken, in regard to claims against it and/or against the Ampal company in respect of the Determining Period (during which as stated, the right of possession in the Property was held by BNP and Ampal was entitled to be registered as the owner of the Property), and enable BNP to join any hearing on the above matter or defend at its own expense and sole responsibility, the demand or legal proceeding.

   7.4   Nothing hereinbefore contained shall derogate from BNP's right to give notice and allow to its insurer to appear at the proceeding in the name of or on behalf of BNP, and pay any sum that is due under any insurance agreement between it and BNP.

8. The foregoing fully, finally and absolutely exhausts all claims, demands and pleas of the parties against one another and/or on their behalf, subject as hereinbefore provided, and the parties neither have nor shall have and they hereby waive finally, fully and absolutely, any claim, demand or plea of any kind whatsoever against the other or any of them on the subject of the action and/or on any matter relating to the Property to which the action relates and/or to the agreements mentioned in the action.

9. This Honourable Court will be hereby petitioned to validate by judgement the agreements detailed above, without any order as to costs and direct the repayment of the fee that was paid to the Petitioners by means of their counsel.

|  |  |
|---|---|
| **Jacob Boyer, Advocate** | **Alex Spizz, Advocate** |
| **Counsel for the Petitioners** | **Chapter 7 Trustee** |

**EXHIBIT "B"**

Hearing Date: April 7, 2015
Hearing Time: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------x
In re:                                              Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                  Case No. 12-13689 (SMB)

                        Debtor.
----------------------------------------x

**ORDER APPROVING AGREEMENT BETWEEN CHAPTER 7 TRUSTEE, REVADIM (PROPERTIES) LTD. AND BANK HAPOALIM B.M. PURSUANT TO 11 U.S.C. §§105(a) AND 362(d) AND FED. R. BANKR. P. 4001(d) AND 9019(a)**

Upon the motion dated March 17, 2015 (the "Motion") filed by Alex Spizz as the Chapter 7 trustee (the "Trustee") of the above-captioned debtor, Ampal-American Israel Corporation ("Debtor"), for an order pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001(d) and 9019(a) of the Federal Rules Bankruptcy Procedure (the "Bankruptcy Rules"), lifting the automatic stay and approving a certain agreement (the "Agreement") by and between (i) the Trustee and (ii) Revadim (Properties) Ltd. and Bank Hapoalim B.M., set forth in **Exhibit "A"** to the Motion; and sufficient cause having been shown therefor, it is hereby

**ORDERED**, that the Motion is hereby granted as set forth herein and the Agreement is hereby approved, pursuant to Bankruptcy Code sections 105(a) and 362(d) and Bankruptcy Rules 4001(d) and 9019(a); and it is further

288444v2

**ORDERED**, that this Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: New York, New York
   April _____, 2015

            _____
            STUART M. BERNSTEIN
            UNITED STATES BANKRUPTCY JUDGE