FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
(212) 277-4000
Abbey Walsh, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------x
In re:                                              Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                  Case No. 12-13689 (SMB)

                            Debtor.
------------------------------------------x

## COVER SHEET PURSUANT TO UNITED STATES TRUSTEE FEE GUIDELINES AND AMENDED GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES (GENERAL ORDER M-447)

**Name of Applicant:**   Freshfields Bruckhaus Deringer LLP

**Time Period:**   January 1, 2015 through November 30, 2015 ("Second Compensation Period")

**Date of Retention:**   October 17, 2014 (effective as of September 1, 2014)

**Second Interim Fee Application:**

|  |  |
|---|---|
| Fees Requested: | $284,352.19 |
| Expenses Requested: | $11,862.71 |

**Total Compensation And Expenses Previously Awarded:**

|  |  |
|---|---|
| Fees Awarded: | $510,009.30 |
| Expenses awarded: | $427,567.80 |

**This is an Interim fee application**

FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
(212) 277-4000
Abbey Walsh, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                                  Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                      Case No. 12-13689 (SMB)

                                Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### SECOND INTERIM APPLICATION OF FRESHFIELDS BRUCKHAUS DERINGER LLP, AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTIONS 330 AND 331 OF THE BANKRUPTCY CODE

Freshfields Bruckhaus Deringer LLP ("FBD"), as special litigation counsel to Alex Spizz in his capacity as chapter 7 trustee (the "Trustee") for the estate of Ampal-American Israel Corporation ("Ampal" or the "Debtor"), submits this application (the "Application") pursuant to Sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1 for interim professional compensation and reimbursement of expenses for the period from January 1, 2015 through and including November 30, 2015 (the "Second Compensation Period"). In support of the Application, FBD respectfully represents as follows:

**BACKGROUND**

1.    On August 29, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.    On or about May 2, 2013, the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code, and on May 3, 2013, the Trustee was elected as chapter 7 trustee of the Debtor's estate.

3.    The Debtor is one of several claimants involved in international arbitration proceedings against Egypt seeking damages relating to Egypt's termination of certain gas supply contracts between Egyptian General Petroleum Company and Egyptian Natural Gas Holding Company (EGPC/EGAS), on the one hand, and East Mediterranean Gas Company, S.A.E. (EMG), on the other hand. The Debtor owns 8.21% of EMG through its subsidiary Merhav Ampal Group, Ltd. and 4.29% of EMG through its 50% ownership interest in Merhav Ampal Energy Holdings, LP. The arbitrations were commenced in 2012, prior to the Debtor's bankruptcy filing, and the claimants jointly retained FBD to represent them in the arbitration proceedings. The Debtor has a direct stake and is a named claimant in an arbitration proceeding before the World Bank's International Centre for Settlement of Investment Disputes (ICSID). The other claimants in the ICSID arbitration are EGI-Fund (08-10) Investors LLC, EGI-Series Investments LLC, BSS-EMG Investors LLC, and David Fischer. The Debtor also has an indirect stake in certain other, related arbitration proceedings through its ownership interest in other claimants in those proceedings. In total, through the arbitration proceedings, the claimants are seeking damages of no less than $3.5 billion.

## RETENTION OF FBD

4.      Prior to FBD's retention by the Debtor, the Debtor was not charged by FBD and did not pay FBD any compensation relating to the arbitration proceedings or any other matter. This is because prior to FBD's retention in this case, FBD's work focused on the arbitrations in which the Debtor is not a direct claimant. Once it became time to focus on the ICSID arbitration, FBD and the Trustee agreed that FBD should be retained as special counsel to the Trustee in connection with its work on the ICSID arbitration and the Trustee filed the motion to retain FBD as special litigation counsel.

5.      By order entered on October 17, 2014, attached as **Exhibit A** to this Application, the Court approved the Trustee's retention of FBD as special litigation counsel to the Debtor in the ICSID arbitration effective, *nunc pro tunc*, as of September 1, 2014.

6.      By order entered on July 29, 2015, the Court approved FBD's First Interim Fee Application on an interim basis (docket no. 616).

7.      The Debtor is responsible for 66.53% of FBD's fees and expenses relating to the ICSID arbitration based on its pro rata interest in any damages awarded to the claimants in the ICSID arbitration; however, the actual split of FBD's invoices has resulted in FBD allocating only 51.74% of fees charged and expenses incurred in connection with the ICSID arbitration to the Debtor. The remainder of FBD's fees relating to the ICSID arbitration is allocated to the Debtor's co-claimants in the proceeding. As such, the amounts sought by this Application represent 51.74% of FBD's total ICSID arbitration fees and expenses for the Second Compensation Period.[1]

---

[1] The invoices for the Second Compensation Period provide detail relating to the fees and expenses allocated to the Debtor as well as the aggregate fees and expenses incurred during the invoice period for both the ICSID and the UNICTRAL arbitration proceedings. For the avoidance of doubt, none of the fees and expenses associated with the UNCITRAL arbitration have been charged to the Debtor.

**RELIEF REQUESTED**

6.     By this Application, FBD requests that the Court award it, on an interim basis, 100% of the Debtors' pro rata share of FBD's fees relating to the ICSID arbitration in the Second Compensation Period, in the amount of $284,352.19.  The total hours of services rendered by FBD's partners, counsel, associates and paraprofessionals during the Second Compensation Period was 1,487.35.

7.     Attached as **Exhibit B** to this Application is (i) a summary of the total amount of time spent by each FBD attorney and paralegal that worked on the ICSID arbitration during the Second Compensation Period, (ii) a summary of the total fees charged on each invoice included in the Second Compensation Period and (iii) a foreign exchange conversion chart used to convert each invoice from Euros to Dollars.[2]  The conversion rate used for each invoice was based on the FBD conversion rate in effect on the date such invoice was issued.  FBD updates its conversion rates on a monthly basis based on rates published in the London Financial Times.

8.     FBD also seeks reimbursement of $11,862.71 of customary and necessary out-of-pocket disbursements incurred by FBD during the Second Compensation Period.  Attached as **Exhibit C** is a summary of these expenses.

9.     Attached as **Exhibit D** is FBD's contemporaneous time records and expense records for the Second Compensation Period, from which the summaries contained herein were prepared.[3]

---

[2] FBD's invoices for this matter are issued in Euros because the arbitrations are being handled by attorneys based FBD's Paris office.

[3] Due to the fact that the time and expense records contain information that, if publically disclosed, could be prejudicial to the Trustee's and the other arbitration claimants' interests or violate the Debtor's obligations under a non-disclosure agreement, Exhibit D will not be filed on the docket with this Application. It will, however, be provided in full to the Court, the Trustee and the United States Trustee and, in redacted form, upon request by other parties in interest.

10.    The bases for the relief requested herein are sections 330 and 331 of the

Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.  A certification of

compliance with the foregoing is attached hereto as **Exhibit E**.

## SERVICES PERFORMED AND EXPENSES INCURRED

11.    As indicated above, the Trustee retained FBD to represent the Debtor in the

ICSID arbitration to gain its expert advice and representation in the arbitration proceeding and to

obtain the fee sharing benefits of using the same counsel as the co-claimants.  The potential

recoveries from the ICSID arbitration and the Debtor's indirect interest in the other arbitrations

are the primary remaining assets of the Debtor and recoveries in these arbitrations will directly

benefit the Debtor's estates and its unsecured creditors.

12.    The ICSID arbitration hearing was conducted in Paris, France from October 27

through and including November 6.  Since the conclusion of the ICSID hearings, FBD has spent

time responding to periodic follow up inquiries from the arbitrators.  Such follow up inquiries

may be received from time to time until the arbitrators deliver their decision, which is expected

in 2016.  In addition to these follow up inquiries, during the Second Compensation Period, FBD

has prepared and submitted a post-hearing brief incorporating the arguments and developments

of the two-week long hearing that took place in the First Compensation Period.  FBD has also

participated in numerous meetings with client representatives and the preparation of strategic

analysis with respect to the ICSID arbitration and potential outcomes.  FBD also spent time

responding to client requests regarding the status of various issues related to the arbitration.

Finally, FBD has been required to spend significant time responding to new issues raised from

time to time by opposing counsel. In particular, FBD has had to prepare responses to attempts

made by opposing counsel to reopen the record and admit new evidence.  Finally, FBD has spent

time preparing fee applications for this Court and otherwise attending to procedural issues in the

normal course of the arbitration, such as responding to correspondence.

13.    Effective as of May 1, 2015, FBD increased the rates that it charges the Debtor

and its other clients in the arbitration proceedings.  This is the first rate increase imposed by FBD

since the matter began in 2011.  Notice of the increased rate was provided to the Trustee at the

time it was imposed.  The new rates are reflected on Exhibit B.

## REQUEST FOR INTERIM COMPENSATION SHOULD BE ALLOWED

14.    FBD respectfully submits that the services rendered and expenses incurred for

which FBD seeks interim compensation and reimbursement are clearly warranted under section

330 of the Bankruptcy Code.  Section 330 sets forth the criteria for the award of compensation

and reimbursement:

> In determining the amount of reasonable compensation to be awarded to … [a]
> professional person, the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including –
>
>> a. the time spent on such services;
>>
>> b. the rates charged for such services;
>>
>> c. whether the services were necessary to the administration of, or
>> beneficial at the time at which the service was rendered toward the
>> completion of, a case under this title;
>>
>> d. whether the services were performed within a reasonable amount of
>> time commensurate with the complexity, importance, and nature of the
>> problem, issue, or task addressed;
>>
>> e. with respect to a professional person, whether the person is board
>> certified or otherwise has demonstrated skill and experience in the
>> bankruptcy field; and
>>
>> f. whether the compensation is reasonable based on the customary
>> compensation charged by comparably skilled practitioners in cases other
>> than cases under this title.

11 U.S.C. § 330(a)(3).

15.    All services rendered and expenses incurred were reasonable and necessary to the
prosecution of the claimant's case in the ICSID arbitration proceeding.  The arbitration claims
are extremely complex matters of international law involving the interpretation and application
of two bilateral investment treaties, the ICSID Convention, and various other international law
instruments. They further involve the interpretation of a long-term contractual arrangement for
the supply of gas from Egypt to Israel via EMG and the interaction of this contractual
arrangement with the treaties noted above. The legal issues arising from these matters of
international law and English contract law have required the engagement of legal expert reports
and corresponding testimony and examination before the tribunal. Furthermore, the dispute
concerns the security situation in Egypt during the Arab Spring and, in particular, the protection
and repair of gas pipeline infrastructure from terrorist attacks. The arbitral proceeding
accordingly involved the testimony and examination of a number of experts in the areas of
regional security and the protection of gas pipeline infrastructure. The prosecution of the claims
has also required the use of economic valuation experts in order to formulate a claim for
monetary compensation. Finally, in addition to FBD's fees corresponding to these matters, it has
been necessary to engage local counsel in Egypt. Such local counsel has been responsible for
addressing particular points of Egyptian law and providing support during the hearing. Local
Israeli counsel has also been involved in advising EMG and providing support during the
hearing.

16.    The hourly rates charged are the standard hourly rates that FBD charges its
arbitration clients, including the increased rates charged starting May 1, 2015.

17.     The prosecution of the arbitration claims are essential and beneficial to the resolution of the Debtor's chapter 7 case, as recoveries to unsecured creditors will be largely determined by the recoveries in the arbitration proceedings.

18.     The FBD team working on this matter devote their time solely to international arbitration legal work and are highly skilled and experienced in these types of matters.

19.     All of the services for which compensation is sought herein were rendered for and on behalf of the estate solely in connection with the ICSID arbitration. FBD has received no payment and no promises of payment for the Debtor's pro rata share of the ICSID arbitration work from any source for the services rendered or to be rendered. There is no agreement or understanding between FBD and any other person for the sharing of compensation to be received by FBD for its services rendered to the Debtor. For the avoidance of doubt, in connection with the representation of the Debtor and the other claimants in the arbitrations, Freshfields hired various third party professionals. The fees charged by these professionals are being passed through to arbitration claimants as an expense incurred by FBD. FBD is not and will not share any compensation that it receives with these third party professionals.

WHEREFORE, FBD respectfully requests that the Court enter and order approving the fees and expenses incurred by FBD during the Second Compensation Period.

Dated: December 21, 2015
       New York, New York

FRESHFIELDS BRUCKHAUS DERINGER US LLP


By:    _____/s/ Abbey Walsh_____
       Abbey Walsh
       601 Lexington Avenue, 31st Floor
       New York, NY 10022
       (212) 277-4000

**EXHIBIT A**

**RETENTION ORDER**

SPIZZ COHEN & SERCHUK, P.C.
Attorneys for **Alex Spizz, Chapter 7 Trustee**
425 Park Avenue
New York, NY 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                                      Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,        Case No. 12-13689 (SMB)

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER AUTHORIZING RETENTION OF FRESHFIELDS BRUCKHAUS DERINGER LLP AS SPECIAL LITIGATION COUNSEL TO THE TRUSTEE, PURSUANT TO 11 U.S.C. § 327(e), EFFECTIVE AS OF SEPTEMBER 1, 2014**

Upon the application dated October 2, 2014 (the "Application") filed by Alex Spizz, as Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation, the debtor herein (the "Debtor"), by his general bankruptcy counsel, Spizz Cohen & Serchuk, P.C., for an order pursuant to §327(e) of title 11, United States Code (the "Bankruptcy Code"), authorizing the Trustee to employ Freshfields Bruckhaus Deringer LLP ("FBD") to represent him as special counsel, and upon the Declaration of Noah Rubins, dated September 30, 2014 (the "Rubins Declaration"), and upon consideration of the United States Trustee's Objection to the Application dated October 14, 2014 and the Trustee's Reply dated October 15, 2014; and upon the record of the hearing on the Application; and after due deliberation it appearing that FBD neither holds nor

286815v2

represents any interest adverse to the Debtor's estate with respect to the matter on which FBD is to be employed, and that the employment of FBD is necessary and would be in the best interests of the Debtor's estate; it is

ORDERED, that Trustee is hereby authorized to appoint and employ FBD as special counsel to represent him in the ICSID Arbitration (as such term defined in the Application) on the terms and conditions set forth in the Application and the Rubins Declaration **except as otherwise stated in this Order** pursuant to §327(e) of the Bankruptcy Code, effective as of September 1, 2014; and it is further **[SMB: 10/17/14]**

ORDERED, that the compensation of FBD as special counsel for the Trustee shall be fixed by this Court after application, in the manner prescribed by §§330 and 331 of the Bankruptcy Code and the U.S. Trustee's Guidelines; and it is further

ORDERED, that FBD may make application for fees not more than once every 120 days; and it is further

ORDERED, that the services that FBD shall provide to the Trustee will not duplicate or overlap with the services to be provided by the Trustee's general bankruptcy counsel; and it is further

ORDERED, that in the event FBD increases its rates, FBD shall provide prior notice of such rate increases to the Trustee, the Trustee's counsel and the United States Trustee.

Dated: New York, New York
October 17th, 2014

/s/ STUART M. BERNSTEIN
STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**SUMMARY OF SERVICES**

Summary of Hours Billed During Second Interim Compensation Period by Fee Earner

| Fee-earner | Position | Qualification | Rate | Total Hours | Rate | Total Hours | 100.00% | 51.74% |
|---|---|---|---|---|---|---|---|---|
| Reed, Lucy | Partner | New York 1985 | 600.00 € | 15.40 | 660.00 € | 22.40 | 24,024.00 € | 12,430.02 € |
| Rubins, Noah | Partner | New York 2000 | 500.00 € | 26.50 | 550.00 € | 13.60 | 20,730.00 € | 10,725.70 € |
| Juratowitch, Ben | Partner | Queensland 2003 England & Wales 2010 | 500.00 € | 60.90 | 550.00 € | 16.10 | 39,305.00 € | 20,336.41 € |
| Waldman, Adir | Consultant | New York 2003 | 450.00 € | 0.50 | | | 225.00 € | 116.42 € |
| Love, Ben | Senior associate | New York 2007 | 400.00 € | 197.70 | 440.00 € | 149.50 | 144,860.00 € | 74,950.56 € |
| Kirkness, Rob | Senior associate | New Zealand 2006 | 375.00 € | 41.00 | 425.00 € | 25.10 | 26,042.50 € | 13,474.39 € |
| Shaerf, James | Associate | New Zealand 2007 | 375.00 € | 8.00 | | | 3,000.00 € | 1,552.20 € |
| Harris, Callista | Associate | New South Wales 2012 | 325.00 € | 174.80 | 360.00 € | 7.00 | 59,330.00 € | 30,697.34 € |
| Clement, Kevin | Associate | New York 2015 | 325.00 € | 105.50 | 360.00 € | 88.80 | 66,255.50 € | 34,280.60 € |
| Wong, Kenneth | Associate | Singapore 2013 | | | 360.00 € | 2.80 | 1,008.00 € | 521.54 € |
| Grekov, Sergii | Paralegal | | 160.00 € | 25.10 | | | 4,016.00 € | 2,077.88 € |
| Grenier, Charlotte | Paralegal | | 160.00 € | 136.30 | 175.00 € | 0.10 | 21,825.50 € | 11,292.51 € |
| Hernandez, Ernesto | Paralegal | | 160.00 € | 1.40 | 175.00 € | 0.10 | 241.50 € | 124.95 € |
| Kelly, Madeleine | Paralegal | | | | 175.00 € | 16.00 | 2,800.00 € | 1,448.72 € |
| Dai, Wen-Chuan | Trainee | New York 2015 | 120.00 € | 58.70 | | | 7,044.00 € | 3,644.57 € |
| Fredstie, Nora | Trainee | New York 2015 | 120.00 € | 3.00 | | | 360.00 € | 186.26 € |
| Mantilla, Yuri | Trainee | Florida 2012 | 120.00 € | 86.40 | | | 10,368.00 € | 5,364.40 € |
| Omran, Amr | Trainee | New York (pending) England & Wales | 120.00 € | 131.50 | | | 15,780.00 € | 8,164.57 € |
| Kelly, Johnathan | Trainee | (pending) | | | 130.00 € | 1.75 | 227.50 € | 117.71 € |
| Sim, Christine | Trainee | Singapore 2012 Western Australia | | | 130.00 € | 9.50 | 1,235.00 € | 638.99 € |
| Burley, Genevieve | Trainee | 2011 | | | 130.00 € | 11.20 | 1,456.00 € | 753.33 € |
| | | | | 1072.70 | | 363.95 | 450,133.50 € | 232,899.07 € |
| Abbey Walsh | Counsel | | 450.00 € | 28.90 | 495.00 € | 21.80 | 23,796.00 € | 23,796.00 € |
| **Totals** | | | | **1101.60** | | **385.75** | **473,929.50 €** | **256,695.07 €** |

Abbey Walsh's time has been billed 100% to the Debtor because Ms. Walsh has only performed services relating to the retention of FBD by the Debtor and preparation of Fee Applications.

FBD's rates were raised effective as of May 1, 2015. The first rate and total hours columns relate to time billed in January 2015 through April 2015. The second rate and total hours columns relate to time billed in May 2015 through November 2015.

Fee Summary by Month

| | Euros | Dollars |
|---|---|---|
| January | 50,691.31 € | $56,804.68 |
| February | 86,924.08 € | $97,407.12 |
| March | 15,391.47 € | $17,247.68 |
| April | 15,899.81 € | $17,715.57 |
| May | 3,058.91 € | $3,432.40 |
| June | 3,134.16 € | $3,516.84 |
| July | 6,940.60 € | $7,747.79 |
| August | 7,760.23 € | $8,571.95 |
| September | 25,997.12 € | $28,716.42 |
| October | 15,804.17 € | $16,690.78 |
| November | 25,093.22 € | $26,500.95 |
| **Total** | **256,695.08 €** | **$284,352.19** |

## Conversion Rates from Euros to Dollars

| | Conversion Rate |
|---|---|
| January invoice (issued April 1, 2015) | 1.1206 |
| February invoice (issued April 16, 2015) | 1.1206 |
| March invoice (issued April 28, 2015) | 1.1206 |
| April invoice (issued June 22, 2015) | 1.1142 |
| May invoice (issued August 18, 2015) | 1.1221 |
| June invoice (issued August 18, 2015) | 1.1221 |
| July invoice (issued September 9, 2015) | 1.1163 |
| August invoice (issued October 1, 2015) | 1.1046 |
| September invoice (issued October 23, 2015) | 1.1046 |
| October invoice (issued November 20, 2015) | 1.0561 |
| November invoice (issued December 21, 2015) | 1.0561 |

FBD conversion rates are based on the rates published in the London Financial Times
on the first day of the month in which the invoice is issued

**EXHIBIT C**

**REIMBURSABLE EXPENSE SUMMARY**

| Disbursement categories | January | February | March | April | May | June | July |
|---|---|---|---|---|---|---|---|
| In-house expenses / Meals | 239.81 € | 456.95 € | 27.00 € | | | | |
| In-house expenses / Taxis | 151.90 € | 540.12 € | 31.64 € | 121.28 € | | | |
| Courier | 16.61 € | 43.67 € | | | 45.61 € | 15.73 € | 42.84 € |
| Telephone and conference call | 153.11 € | 158.07 € | 39.22 € | | | | |
| Research | | 5.57 € | | | | | |
| Co-counsel fees (Firon) | 235.92 € | 1,263.76 € | | | | | |
| Co-counsel fees (Sarwat A. Shahid) | | | | | 374.86 € | | |
| Expert Services (FTI Consulting) | | | 7,102.10 € | | | | |
| | 797.35 € | 2,468.14 € | 7,199.96 € | 121.28 € | 420.47 € | 15.73 € | 42.84 € |
| US$ | $893.51 | $2,765.80 | $8,068.28 | $135.13 | $471.81 | $17.65 | $47.82 |

| Disbursement categories | August | September | October | November | Total |
|---|---|---|---|---|---|
| In-house expenses / Meals | | 39.85 € | 36.61 € | | 800.22 € |
| In-house expenses / Taxis | | | | | 844.94 € |
| Courier | | | | | 164.46 € |
| Telephone and conference call | | | | | 350.40 € |
| Research | | | | | 5.57 € |
| Co-counsel fees (Firon) | | | | | 1,499.68 € |
| Co-counsel fees (Sarwat A. Shahid) | | | | | 374.86 € |
| Expert Services (FTI Consulting) | | | | | 7,102.10 € |
| | 0.00 € | 39.85 € | 36.61 € | 0.00 € | 11,142.23 € |
| US$ | $0.00 | $44.02 | $38.66 | $0.00 | $11,862.71 |

The expenses set forth above represent 51.74% of the total expenses incurred by FBD in connection with the ICSID arbitration.

The conversion rate from Euros to Dollars for each month are as set forth on Exhibit B.

**EXHIBIT D**

**TIME AND EXPENSE RECORDS**

**[REDACTED COPIES OF FBD'S TIME AND EXPENSE RECORDS ARE AVAILABLE UPON REQUEST]**

# EXHIBIT E

# RUBINS CERTIFICATION

FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
(212) 277-4000
Abbey Walsh, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:                                                    Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                        Case No. 12-13689 (SMB)


                                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### CERTIFICATION OF NOAH RUBINS

        I, Noah Rubins, certify as follows:

1.  I am a partner in the law firm of Freshfields Bruckhaus Deringer LLP ("FBD"). I submit

    this certification with respect to the Second Interim Application of Freshfields Bruckhaus

    Deringer LLP, as Special Litigation Counsel to the Chapter 7 Trustee, for Allowance of

    Professional Compensation and Reimbursement of Expenses Pursuant to Sections 330

    and 331 of the Bankruptcy Code (the "Second Interim Fee Application").

2.  I make this certification in accordance with Amended Guidelines for Fees and

    Disbursements for Professionals in Southern District of New York updated as of June 17,

    2013 (the "Amended Guidelines").

3.  In connection therewith, I hereby certify that:

    a.  I have read the Second Interim Fee Application.

    b.  To the best of my knowledge, information and belief formed after reasonable

        inquiry, the fees and disbursements sought in the Second Interim Fee Application

        fall within the Amended Guidelines, except as specifically noted herein.

US2178356/3  158723-0001

c.  Except to the extent that fees or disbursements are prohibited by the Amended

Guidelines, the fees and disbursements sought in the Second Interim Fee

Application are billed at rates and in accordance with practices customarily

employed by FBD and generally accepted by FBD's clients.

d.  In providing reimbursable services, FBD does not make a profit on the service,

whether the service is performed by FBD in-house or through a third party.

e.  Prior to filing the Second Interim Fee Application, FBD provided the Trustee with

a statement of the fees and disbursements accrued during each month included in

the First Interim Fee Application and, simultaneously with the filing of the First

Interim Fee Application, FBD provided the Trustee a copy of such application,

giving the Trustee at least fourteen (14) days' notice before the date set by the

Court for the hearing on such application.

Dated: December 21, 2015

Paris, France

   /s/Noah Rubins

Noah Rubins