|  |  |
|---|---|
| | ECF Reference: Doc. No. 649<br>Hearing Date and Time:<br>March 1, 2016 at 10:00 a.m. |
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Objection Deadline Date and Time:<br>February 23, 2016 at 4:00 p.m. |
| In re:<br><br>AMPAL-AMERICAN ISRAEL CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 12-13689 (SMB) |

# BRYAN CAVE LLP'S RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING CERTAIN DISTRIBUTION AGREEMENT PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019

Bryan Cave LLP ("Bryan Cave"), counsel to the former debtor-in-possession and chapter 11 administrative claimant in this case, respectfully responds to the Motion ("Motion") of Alex Spizz, Chapter 7 Trustee ("Trustee") for the estate of Ampal-American Israel Corporation ("Ampal" or "Debtor"), for an Order Approving Certain Distribution Agreement dated as of January 19, 2016 (the "Agreement")[1] between the Trustee and Forest Value Fund II (the "Bondholder Representative") [Doc. No. 649].

1.  Bryan Cave is an administrative creditor of the Debtor's estate, holding a priority administrative expense claim pursuant to 11 U.S.C. §§ 507(a)(2), 503(b)(2) and 726(a) on account of professional fees and related expenses arising from its engagement as counsel to the Debtor prior to the conversion of this case to Chapter 7.

2.  Under the proposed Agreement for which the Trustee seeks approval, recoveries from the Bondholder Litigation currently pending in Israel are to be turned over to the Chapter 7 trustee and the Debtor's bankruptcy estate. (*See* Motion, Ex. A, at pp. 2-3.) By the Agreement's

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Distribution Agreement.

1912452

own terms, the funds will then be "administered and disbursed to bondholders as part of the Ampal bankruptcy estate." (*Id.*, at p. 3.) The bondholders that would receive distributions under the proposed settlement are unsecured creditors whose claims are junior in priority to the administrative claim of Bryan Cave and other priority creditors.

3. In his Motion, the Trustee acknowledges that the Ampal estate may have an interest in these recoveries. (*See* Motion, at ¶ 11.)

4. Under the priority scheme codified in Bankruptcy Code Section 726(a), administrative creditors are entitled to have their administrative expense claims satisfied in full from distributions of estate property before any payments are made to unsecured creditors. *See* 11 U.S.C. § 726(a)(1).

5. A Chapter 7 trustee administers assets that are property of the chapter 7 estate. If property may be administered by a chapter 7 trustee, then it must be administered according to the Bankruptcy Code. There is no authority in the Bankruptcy Code for a chapter 7 trustee to override the administrative priorities in the Bankruptcy Code.

6. To the extent the Trustee administers assets of the estate under the Agreement, such assets must be distributed in accordance with the Bankruptcy Code. The Trustee may not circumvent the priorities of the Code by employing a creative strategy to "administer" recoveries – but avoid all distribution priorities under Section 507 (except, presumably, for the Trustee's own priority under Section 507(a)(1)(C)).

7. For the foregoing reasons, Bryan Cave LLP objects to the Motion to the extent it provides for the distribution of funds without application of the priority scheme of Section 726(a), and requests that the Court condition the Trustee's authority to enter into the Agreement, or any similar distribution agreement, on full compliance with the Bankruptcy Code.[2]

Dated: New York, New York
February 23, 2016

BRYAN CAVE LLP

Respectfully submitted,

 /s/ Stephanie Wickouski
Stephanie Wickouski (SW-5957)
1290 Avenue of the Americas
New York, New York  10104
Tel:  (212) 541-2000
Fax:  (212) 541-1462

---

[2] Bryan Cave understands that other parties are filing objections or responses to the Motion. Bryan Cave reserves the right to join in any and all such objections and responses and any arguments made therein.

1912452