Hearing Date: **March 1, 2016 at 10:00 a.m. (prevailing Eastern time)**
Response Deadline: **February 23, 2016 at 4:00 p.m. (prevailing Eastern time)**

**BROWN RUDNICK LLP**
Edward S. Weisfelner
Daniel J. Saval
Seven Times Square
New York, New York 10036
(212) 209-4800

*Former counsel to the former*
*Official Committee of Unsecured Creditors*
*of Ampal-American Israel Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| AMPAL-AMERICAN ISRAEL CORPORATION, | Case No. 12-13689 (SMB) |
| Debtor. | |

**RESPONSE AND RESERVATION OF RIGHTS OF BROWN RUDNICK LLP,
AS FORMER COUNSEL TO THE FORMER OFFICIAL COMMITTEE OF
UNSECURED CREDITORS, WITH RESPECT TO THE CHAPTER 7
TRUSTEE'S MOTION FOR AN ORDER APPROVING CERTAIN
DISTRIBUTION AGREEMENT PURSUANT TO SECTIONS 105 AND
362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019**

Brown Rudnick LLP ("Brown Rudnick"), former counsel to the former Official Committee of Unsecured Creditors (the "Committee") of Ampal-American Israel Corporation (the "Debtor"), respectfully submits this response and reservation of rights with respect to the *Chapter 7 Trustee's Motion for an Order Approving Certain Distribution Agreement Pursuant to Sections 105 and 362 of the Bankruptcy Code and Bankruptcy Rule 9019* [Docket No. 649] (the "Motion"),[1] and respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion [Docket No. 649].

## RESPONSE AND RESERVATION OF RIGHTS

1. Brown Rudnick is an administrative creditor of the Debtor's estate, holding a priority administrative expense claim pursuant to 11 U.S.C. §§ 507(a)(2), 503(b)(2) and 726(a) on account of professional fees and related expenses arising from its engagement as counsel to the Committee, prior to the conversion of this case to Chapter 7.

2. Under the priority scheme codified in Bankruptcy Code Section 726(a), administrative creditors are entitled to have their administrative expense claims satisfied in full from distributions of estate property before any payments are made to unsecured creditors. See 11 U.S.C. § 726(a)(1).

3. Under the proposed Distribution Agreement for which the Motion seeks approval, recoveries from the Bondholder Litigation currently pending in Israel are to be turned over to the Chapter 7 trustee and the Debtor's bankruptcy estate. *See* Motion, Ex. A, at 2-3. By the Distribution Agreement's own terms, the funds will then be "administered and disbursed to bondholders as part of the Ampal bankruptcy estate." *Id.*, at 3. The bondholders that would receive distributions under the proposed settlement are unsecured creditors whose claims are junior in priority to the administrative claim of Brown Rudnick and other priority creditors.

4. Settlements presented under Bankruptcy Rule 9019, such as the settlement embodied in the Distribution Agreement, must be fair and equitable. Rule 9019 settlements are evaluated by a court based on a multifactor test, and chief among the factors is whether the settlement adheres to the Bankruptcy Code's absolute priority scheme. *See In re Iridum Operating* LLC, 478 F.3d 452, 463 n.18 (2d Cir. 2007) ("The [fair and equitable] analysis we describe . . . makes the absolute priority rule the most important factor for courts to consider

when deciding whether to approve a settlement under Rule 9019.").[2]  Under the *Iridium* standard, the Chapter 7 trustee, as the proponent of a Rule 9019 settlement that diverges from the Bankruptcy Code's priority scheme, has the burden of justifying a deviation from the scheme. *See Iridium*, 841 F.2d at 466 (if a proponent "reaches a settlement that in some way impairs the rule of priorities, it must come before the bankruptcy court with specific and credible grounds to justify that deviation").

5.   Here, the proposed settlement contravenes the Bankruptcy Code's priority scheme under Section 726(a); it proposes to pay money out of the estate to unsecured creditors ahead of administrative and other priority creditors.  The trustee, therefore, must directly address and justify the proposed settlement's deviation from the priority scheme.  The trustee, however, has not done so in the Motion.

6.   Accordingly, Brown Rudnick reserves all rights as to whether the Distribution Agreement can be approved, notwithstanding its non-compliance with the priority scheme under Section 726(a).[3]  Brown Rudnick also makes clear that it does not waive its rights to distributions from the estate pursuant to Section 726(a)'s priority scheme, nor does it consent to any use of estate priority that contravenes that priority scheme.

---

[2] While *Iridium* dealt with priority and the fair and equitable standard for Rule 9019 settlements in the context of a Chapter 11 case, other courts have acknowledged that Rule 9019 settlements in Chapter 7 cases must meet the same standard.  *See, e.g., In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987) (Chapter 7 case: "In a settlement context, 'fair and equitable' means that the settlement reasonably accords with the competing interests' relative priorities.").

[3] While the Distribution Agreement provides that funds transferred to the estate will be earmarked for the bondholders, it appears that the trustee still intends to seek a commission, under Bankruptcy Code Section 326(a), on subsequent distributions of those funds from the estate to the bondholders.  If that is the case, the Trustee has not shown that doing so would be permissible or appropriate, and therefore Brown Rudnick reserves its rights on that issue as well.

Dated: February 23, 2016
New York, New York

          **BROWN RUDNICK LLP**

          /s/ Daniel J. Saval
          Edward S. Weisfelner
          Daniel J. Saval
          Seven Times Square
          New York, New York 10036
          (212) 209-4800

*Former counsel to the former Official Committee of Unsecured Creditors of Ampal-American Israel Corporation*