| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date and Time:<br>March 1, 2016 at 10:00 a.m. |

------------------------------------------------------------- x
In re:                                                                         :     Chapter 7
                                                                                    :
AMPAL-AMERICAN ISRAEL CORPORATION,          :     Case No. 12-13689 (SMB)
                                                                                    :
                            Debtor.                                        :     **RELATED TO DOC. NOS. 649, 666 and 667**
------------------------------------------------------------- x

### REPLY (I) IN FURTHER SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING CERTAIN DISTRIBUTION AGREEMENT PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 AND (II) TO THE RESPONSES THERETO

**TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:**

Alex Spizz (the "Trustee"), as the duly qualified chapter 7 trustee for the estate of Ampal-American Israel Corporation (the "Debtor"), by and through his undersigned counsel, hereby submits this reply (i) in further support of the *Chapter 7 Trustee's Motion For An Order Approving Certain Distribution Agreement Pursuant To Sections 105 and 362 Of The Bankruptcy Code And Bankruptcy Rule 9019* [Doc. No. 649] (the "Motion");[1] and (ii) to the response of Bryan Cave LLP ("Bryan Cave") to the Motion [Doc. No. 666] (the "Bryan Cave Response"), and to the response and reservation of rights of Brown Rudnick LLP ("Brown Rudnick", and together with Bryan Cave, collectively the "Respondents") to the Motion [Doc. No. 667] (the "Brown Rudnick Response," and together with the Bryan Cave Response, collectively, the "Responses"). In support hereof the Trustee respectfully states as follows:

### REPLY

1.      By their Responses, the Respondents contend that because the net recovery obtained in the Bondholder Litigation will be turned over to the Trustee to administer and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

28018946v3

distribute to the Bondholders under the Distribution Agreement, the Trustee's distribution to Bondholders must be made in accordance with the priority scheme of section 726(a) of the Bankruptcy Code. As administrative claimants, the Respondents argue that they should be paid first from the net proceeds of the Bondholder Litigation.[2] The Respondents' arguments, however, misconstrue both the clear language of section of 726(a) and the intention of the Distribution Agreement.

2. Section 726(a) of the Bankruptcy Code, in relevant part states: "**property of the estate** shall be distributed . . . ." 11 U.S.C. § 726(a) (emphasis added). The plain language of the statute is clear that the priority scheme only applies to property of the estate. *See* Demarah v. United States, 188 B.R. 426, 431, 1993 U.S. Dist. LEXIS 18029, *13-14 (E.D. Cal. 1993) (acknowledging that section 726 is concerned only with property of the estate); *Piccerelli v. Piccerelli (In re Piccerelli)*, 525 B.R. 184, 191, 2015 Bankr. LEXIS 385, *16-17 (Bankr. D. Mass. 2015) ("After all, the Bankruptcy Code's rules of distribution apply only to property of the estate."); *In re Gerulis*, 56 B.R. 283, 287, 1985 Bankr. LEXIS 5309, *7-8 (Bankr. D. Minn. 1985).

3. As set forth in the Distribution Agreement, the Trustee has determined that the claims asserted in the Bondholder Litigation belong to individual Bondholders and are <u>not</u> property of the Debtor's estate under section 541 of the Bankruptcy Code. During the course of the Trustee's negotiations with the Bondholder Representative regarding the Distribution

---

[2] Although the Respondents are fixated on the language in paragraph 2 of the Distribution Agreement, that upon the turnover to the Trustee the funds will be "administered and disbursed to bondholders as part of the Ampal bankruptcy estate," that provision only referred to the fact that the Trustee would be disbursing the proceeds in order to ensure that Bondholders would receive no more than their pro rata share of estate funds after distribution of any Bondholder Litigation recovery. Indeed, the Trustee intends to deposit the net recovery from the Bondholder Litigation into a segregated account that would only be available for disbursement to the Bondholders and for the payment of any administrative fees incurred in connection with such disbursement. Thus, any net recovery will not be commingled with or passed through general estate funds.

28018946v3

Agreement, the parties recognized that an issue could be raised as to whether the proceeds of the Policies were property of the estate. However, a review of the law in this Circuit, coupled with the language in the relevant Policies and the absence of any pending or threatened litigation against the Debtor, suggested that this argument was tenuous. In the exercise of this business judgment, the Trustee determined that under the circumstances it would be imprudent for the estate to expend resources arguing that the proceeds are property of the estate. Instead, the Trustee entered into the Distribution Agreement in order to obtain certainty that after a distribution is made to the Bondholders from the proceeds of the Bondholder Litigation, no Bondholder will receive more than their pro rata share of estate funds, and creditors and parties in interest will not be harmed by any Bondholder receiving a duplicative recovery.

4. Since the proceeds from the Bondholder Litigation to be distributed by the Trustee under the Distribution Agreement are not property of the estate, the priority scheme of section 726(a) does not apply.

**[The remainder of this page has been intentionally left blank]**

28018946v3

## **CONCLUSION**

5. For the foregoing reasons, the Court should grant the Motion and approve the Distribution Agreement pursuant to sections 105(a) and 362 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

Dated: New York, New York  
       February 26, 2016

TROUTMAN SANDERS LLP

By: *s/John P. Campo*  
    John P. Campo  
    J. David Dantzler, Jr.  
    Brett D. Goodman  
    The Chrysler Building  
    405 Lexington Avenue  
    New York, New York 10174  
    Tel.: (212) 704-6000

*Counsel to the Trustee*

28018946v3