UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re                                : Chapter 7
                                     :
AMPAL-AMERICAN ISRAEL CORPORATION,   : Case No. 12-13689 (SMB)
                                     :
            Debtor.                  :
                                     :
------------------------------------x

## APPLICATION PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL BANKRUPTCY RULE 2090-1 FOR AN ORDER AUTHORIZING RETENTION OF AKERMAN LLP IN SUBSTITUTION OF TROUTMAN SANDERS LLP AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE

Alex Spizz, chapter 7 Trustee (the "Trustee") for the estate of Ampal-American Israel Corporation (the "Debtor"), for his application (the "Application") pursuant to Sections 327 and 328 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Bankruptcy Rule 2090-1 seeking retention of Akerman LLP ("Akerman") as substitute special litigation counsel for Troutman Sanders LLP ("Troutman") to represent the Trustee in this case effective as of September 30, 2016, respectfully represents:

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. On August 29, 2012, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. The Debtor operated as a debtor-in-possession until April 8, 2013, when Michael Luskin was appointed as chapter 11 trustee for the Debtor's estate.

{39774105;1}

4. On or about May 2, 2013, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code, and on May 20, 2013, the Trustee was elected as chapter 7 trustee of the Debtor's estate.

5. On May 27, 2014, the Court entered an order authorizing the Trustee to employ Troutman Sanders LLP ("Troutman"), effective as of April 24, 2014, as special litigation counsel to the Trustee.

6. By this Application, the Trustee now seeks the retention of Akerman in substitution of Troutman, effective as of September 30, 2016. Akerman is particularly qualified to serve as special litigation counsel to the Trustee in this case as John P. Campo, the partner and attorney in charge of this case, joined Akerman as of September 30, 2016 and is fully familiar with all aspects of this case.

7. The Trustee, represented by Troutman, commenced an action in the Bankruptcy Court against certain independent directors (the "Independent Directors") and Irit Eluz ("Eluz") for, *inter alia,* breach of fiduciary duty (the "D&O Action"). By order of this Court, the D&O Action was dismissed as against the Independent Directors. The D&O Action continues as to Eluz. As more fully described below, Akerman will continue to prosecute the D&O Action upon the same terms as Troutman.

8. In light of the nature and complexity of the issues in this case, the professional services that Akerman will render, as special litigation counsel, are to prosecute the D&O Action on behalf of the Trustee and the estate, including claims against Eluz for breach of fiduciary duty, corporate waste and mismanagement (the "D&O Matter").[1]

---

[1] Akerman will also be retained to represent certain non-debtor subsidiaries of Ampal that are under the control of the Trustee by separate retainer agreement on a modified contingency fee basis. Such representation shall not be adverse to the Trustee or the Debtor's estate in connection with the matters for which it is retained.

{39774105;1}                                          2

9. Akerman is a disinterested person for the estate as defined in Section 101(14) of the Bankruptcy Code. Akerman has informed the Trustee that it does not hold or represent any interest adverse to the Trustee or the Debtor's estate in connection with the matters for which it is being retained, and has no connection with the Debtor, any known principals of the Debtor, its creditors or any adverse parties in this case, except as set forth in the Declaration of John P. Campo, a partner of Akerman, annexed to this application as Exhibit "A."

10. Akerman is experienced in representing debtors, trustees, creditors' committees and equity committees in large and complex bankruptcy cases involving litigation, corporate, partnership, real estate, environmental, tax and other areas of law.

11. At the request of the Trustee, Akerman will charge for services rendered to the Trustee, with respect to the D&O Matter, on the same modified contingency fee basis for which Troutman rendered services in the D&O Matter; namely, bill the estate at a discounted hourly rate of 1/2 of its standard New York rates, plus 25% of any recovery realized in connection with the D&O Matter, plus 100% of its expenses.[2]

12. Akerman will make application for payment of fees and expenses as set forth herein pursuant to the terms and provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. Akerman will maintain detailed records describing the services rendered and the time spent, and any necessary expenses incurred, in rendering such professional services on behalf of the Trustee. The customary and

---

[2] The Trustee and Troutman have agreed, subject to Bankruptcy Court approval, that although there has not yet been any recovery in the D&O Action, upon the realization of any recovery in the D&O Action, Troutman shall be entitled to receive a contingency fee in an amount up to eight and one third (8⅓) percent (%) of such recovery (i.e. one-third (⅓) of the 25% total contingency fee recoverable in the case). Akerman shall be entitled to receive a contingency fee of 25% of the amount recovered, less the amount of contingency fee awarded and paid to Troutman. The total contingency fee in this case shall not exceed 25% of the total amount recovered.

{39774105;1}                                3

current standard hourly rates charged by Akerman for the services to be rendered to the Trustee are as follows:

| Partners and Of Counsels | Between $525 and $990 |
| --- | --- |
| Associates | Between $325 and $525 |
| Paralegals | Between $125 and $325 |

These hourly rates may be increased in the ordinary course from time to time during the pendency of this case. Akerman will advise the Court and the U.S. Trustee of any increases in the above rates being charged to the Debtor's estate.

13. The Trustee believes that (a) as set forth in the Declaration of John P. Campo in support of this application, Akerman is well qualified to serve as special litigation counsel to the Trustee in this case; (b) Akerman does not have any interest adverse to the Trustee or to the Debtor's estate and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code, and (c) the employment of Akerman is in the best interest of the Debtor's estate.

14. Troutman has consented to this application and the entry of an order approving the application.

15. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee requests entry of an Order, which, among other things; (i) authorizes him to employ and retain the firm of Akerman as substitute special litigation counsel to represent the Trustee in this case, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York

| | |
|---|---|
| November 8, 2016 | /s/ Alex Spizz |
| | Alex Spizz, Chapter 7 trustee |
| | TARTER KRINSKY & DROGIN LLP |
| | 1350 Broadway, 10th Floor |
| | New York, New York 10018 |
| | Tel (212) 216-8000 |

# EXHIBIT "A"

# DECLARATION OF JOHN P. CAMPO

{39774105;1}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re                                 : Chapter 7
                                      :
AMPAL-AMERICAN ISRAEL CORPORATION,    : Case No. 12-13689 (SMB)
                                      :
        Debtor.                       :
                                      :
------------------------------------x

### DECLARATION OF JOHN P. CAMPO IN ACCORDANCE WITH
### FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014

JOHN P. CAMPO, a licensed attorney, declares under penalty of perjury, the following:

1. I am an attorney duly licensed to practice law in the State of New York. I am admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

2. I am a partner with the firm of Akerman LLP ("Akerman") which maintains an office at 666 Fifth Avenue, 20th Floor, New York, New York 10103.

3. I make this declaration in support of the Trustee's application for an order authorizing the retention of Akerman in substitution of Troutman Sanders LLP ("Troutman") to represent the Trustee as special litigation counsel in the above-captioned case as of October 1, 2016.

4. Alex Spizz, as chapter 7 trustee (the "Trustee") for the above-captioned debtor (the "Debtor") has applied to this Court for an order authorizing the retention of Akerman in substitution of Troutman to represent the Trustee as special litigation counsel in the above-captioned case as of September 30, 2016.

5. Akerman is a large firm with extensive experience representing debtors, trustees, creditors' committees and equity committees in large and complex bankruptcy cases involving litigation, corporate, partnership, real estate, environmental, tax and other areas of law and is

{39774105;1}

well qualified to represent the Trustee in this case. In particular, Akerman anticipates rendering advice and services to the Trustee in, *inter alia*, the areas of bankruptcy, litigation, real estate and asset recovery.

6.  In compliance with the disclosure requirements of Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Akerman has investigated its relationships, if any, with the Debtor, any known principals of the Debtor, and the Debtor's known creditors and parties in interest. The results of Akerman's searches, which are based on the information currently available (*i.e.*, the Debtor's petition and schedules, and facts which came to light in connection with the Trustee's investigation of the Debtor's affairs), shows the following:

(a)  Akerman is not a creditor of the Debtor and has no direct or indirect relationship to, connection with, or interest in the Debtor.

(b)  Akerman does not have, to the best of my personal knowledge and belief, any connection with the United States Trustee or any professional employed in the Office of the United States Trustee for this district that is assigned to this case.

(c)  Akerman is not and has not been an insider of the Debtor.

(d)  Akerman does not represent the Debtor in this matter or any other matter.

(e)  Akerman does not and will not represent any creditors or any other parties in interest to whom Troutman will be adverse in this case.

7.  Akerman is a firm with a diverse client base. Akerman, may, from time to time, represent or may have represented in the past clients that may be creditors or adverse parties of the Debtor's estate in matters unrelated to this case.

8.  Accordingly, Akerman has determined that, based on the review of information currently available, no conflict exists in connection with its proposed retention by the Trustee. In the event that any additional information comes to Akerman's attention that would necessitate making any supplemental disclosure in connection with this matter, Troutman will make such supplemental disclosure.

9.  Akerman does not itself have, nor does it represent, any interest materially adverse to the interests of the Trustee in matters upon which Akerman is to be engaged.

10. At the request of the Trustee, Akerman will charge for services rendered to the Trustee, with respect to the D&O Matter, on the same modified contingency fee basis on which Troutman rendered services; namely, bill the estate at a discounted hourly rate of 1/2 of its standard New York rates, plus 25% of any recovery realized in connection with the D&O Matter. Troutman will bill the estate for 100% of its expenses.

11. Akerman will maintain detailed records of the nature of services rendered and the time spent and necessary expenses incurred in rendering such professional services on behalf of the Trustee and the Debtor's estate. The customary and current hourly rates charged by Akerman for the services to be rendered to the Trustee are as follows:

| Partners and Of Counsels | Between $525 and $990 |
| Associates | Between $325 and $525 |
| Paralegals | Between $125 and $325 |

These hourly charges are those in effect as of the date of this Declaration and may be increased in the ordinary course from time to time during the pendency of this case. Akerman will advise the Court and the U.S. Trustee of any increases in the above rates being charged to the estate. Akerman agrees that any requests for fees and reimbursable expenses will be subject to noticing

{39774105;1}                                    3

and approval by the Bankruptcy Court, in accordance with the application provisions of 11 U.S.C. §§ 330 and 331 of the United States Bankruptcy Code.

12. No agreement exists between Akerman and any third party for sharing of compensation received by Akerman in this case, except as allowed in Bankruptcy Code section 504(b) and Bankruptcy Rule 2016 with respect to the sharing of compensation among the members or associates of Akerman.

13. To the best of my knowledge and belief, Akerman's proposed employment is not prohibited or improper under Bankruptcy Rule 5002.

14. I make this declaration under penalty of perjury in accordance with Bankruptcy Rules 2014(a) and 9011(b).

Dated:  New York, New York
        November 8, 2016

/s/ John P. Campo
John P. Campo

{39774105;1}                                       4

# PROPOSED ORDER

{39774105;1}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
In re                                    : Chapter 7
                                         :
AMPAL-AMERICAN ISRAEL CORPORATION,       : Case No. 12-13689 (SMB)
                                         :
            Debtor.                      :
                                         :
---------------------------------------- x

### ORDER AUTHORIZING RETENTION OF AKERMAN LLP AS SUBSTITUTE SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 7 TRUSTEE

Upon the application (the "Application") of Alex Spizz, as chapter 7 trustee (the "Trustee") for the estate of Ampal-American Israel Corporation (the "Debtor"), for an order authorizing him to employ and retain, pursuant to Sections 327 and 330 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, Akerman LLP ("Akerman"), as substitute special litigation counsel for the Trustee on behalf of the Debtor's estate; and upon the declaration of John P. Campo, attached to the Application; and the Court being satisfied that Akerman represents no interest adverse to the Debtor's estate with respect to the matters upon which Akerman is to be engaged and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code; and that Akerman's employment is necessary and would be in the best interest of the Debtor's estate; and sufficient cause appearing therefore, it is hereby **ORDERED** as follows:

1. The Application is granted.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ and substitute Akerman, effective as of September 30, 2016, in connection with the D&O Matter pursuant to the terms set forth in the Application.

{39774105;1}

3. Akerman shall use all reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in this case;

4. Akerman shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses pursuant to, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of New York, and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (collectively, the "Fee Guidelines");

5. Prior to any rate increases by any professionals employed by Akerman, Akerman will provide, on ten (10) business days, notice of the rate increase to the United States Trustee, and will file such notice with the Court. The United States Trustee retains its rights to object to any rate increase on grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court may review any rate increase pursuant to Section 330 of the Bankruptcy Code;

6. The Fee Structure set forth in the Application is approved; and

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**CONSENTED TO:**

Dated: New York, New York
      November 8, 2016

**TROUTMAN SANDERS LLP**

By: /s/ Lee Stremba
    Lee Stremba
    875 Third Avenue
    New York, New York 10022
    Tel.: (212) 704-6000

**NO OBJECTION:**

Dated: New York, New York
      November 10, 2016

**UNITED STATES TRUSTEE, REGION 2**

By: /s/ Andrew Velez-Rivera
    Andrew Velez-Rivera, Trial Attorney
    201 Varick Street, Suite 1006
    New York, New York 10014
    Tel. No.: (212) 510-0500

Dated: New York, New York
      November __, 2016

_____
UNITED STATES BANKRUPTCY JUDGE

{39774105;1}  3