Hearing Date: February 7, 2017 at 10:00 a.m.
Objection Deadline: January 31, 2017 by 4:00 p.m.

**TARTER KRINSKY & DROGIN LLP**
Counsel to Alex Spizz, Chapter 7 Trustee
1350 Broadway, 10th Floor
New York, New York 10018
(212) 216-8000
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

Debtor.
-----------------------------------------------------------------

Chapter 7

Case No. 12-13689 (SMB)

### NOTICE OF CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN ALEX SPIZZ, AS CHAPTER 7 TRUSTEE OF AMPAL-AMERICAN ISRAEL CORPORATION AND NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

PLEASE TAKE NOTICE that, upon the attached motion (the "Motion"), Alex Spizz, as Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation (the "Debtor") in the above-captioned bankruptcy case, by and through his undersigned Counsel, Tarter Krinsky & Drogin LLP, will move before the Honorable Stuart M. Bernstein at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 7, 2017 at 10:00 a.m.,** (the "Hearing") or as soon thereafter as counsel can be heard, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for entry of an Order approving that certain Stipulation of Settlement Between Alex Spizz, as

{Client/008427/BANK912/01243705.DOCX;1 }

Chapter 7 Trustee of Ampal-American Israel Corporation and New York State Department of Taxation and Finance ("NYSDTF") (the "Settlement Stipulation"), a copy of which Settlement Stipulation is annexed to the Motion as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Motion shall be set forth in a writing describing the basis therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and shall be (i) filed with the United States Bankruptcy Court for the Southern District of New York (a) in accordance with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy Rules 5005-1 and 9004-1, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York; (ii) in accordance with Local Bankruptcy Rule 9070-1, submitted in hard-copy form directly to the chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the Bankruptcy Court; and (iii) served upon (A) Counsel to Alex Spizz, as Chapter 7 Trustee, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Arthur Goldstein, Esq.) and (B) counsel for NYSDTF, New York State Office of the Attorney General, Special Litigation Counsel, Litigation Bureau, 120 Broadway, 24th Floor, New York, New York 10271 (Attn: Enid Nagler Stuart, Esq.), so that same is received no later than **January 31, 2017 by 4:00 p.m.**

{Client/008427/BANK912/01243705.DOCX;1 }

**PLEASE TAKE FURTHER NOTICE** that any party objecting to the relief requested by the Motion must appear at the Hearing. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
       December 27, 2016

                        **TARTER KRINSKY & DROGIN LLP**

                        By: s/ Arthur Goldstein
                            Alex Spizz, Esq.
                            Arthur Goldstein, Esq.
                            Jill Makower, Esq.
                            1350 Broadway, 11th Floor
                            New York, New York 10018
                            Telephone: (212) 216-8000

                            Counsel to Alex Spizz,
                            Chapter 7 Trustee

3

Hearing Date: February 7, 2017 at 10:00 a.m.
Objection Deadline: January 31, 2017 by 4:00 p.m.

**TARTER KRINSKY & DROGIN LLP**
Counsel to Alex Spizz, Chapter 7 Trustee
1350 Broadway, 10th Floor
New York, New York 10018
(212) 216-8000
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

Debtor.
-----------------------------------------------------------------

Chapter 7

Case No. 12-13689 (SMB)

### CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN ALEX SPIZZ, AS CHAPTER 7 TRUSTEE OF AMPAL-AMERICAN ISRAEL CORPORATION AND NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

ALEX SPIZZ, as the Chapter 7 trustee (the "**Trustee**") of Ampal-American Israel Corporation (the "**Debtor**") in the above-captioned bankruptcy case, by and through his undersigned counsel, submits this motion (this "**Motion**"), made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), requesting that this Court enter an order approving that certain *Stipulation of Settlement Between Alex Spizz, as Chapter 7 Trustee of Ampal-American Israel Corporation and New York State Department of Taxation and Finance* (the "**Settlement Stipulation**," a copy of which is annexed hereto as **Exhibit 1**). In support of the Motion, the Trustee represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 7 case and of this Motion in this District is proper under 28 U.S.C. § 1408. This Motion is brought pursuant to Bankruptcy Rule 9019.

## BACKGROUND

2. On August 29, 2012 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor was an investment company that acquired direct and indirect equity holdings in over 80 countries. The majority of these companies operated in the energy, chemicals, real estate, project development, and leisure sectors that were located in or did business in Israel.

4. On September 25, 2012, the United States Trustee (the "**UST**") appointed an Official Committee of Unsecured Creditors.

5. On April 8, 2013, the Court ordered the appointment of a Chapter 11 trustee and the UST designated Michael Luskin as Chapter 11 trustee.

6. Michael Luskin, as Chapter 11 trustee, moved to convert this case to Chapter 7 on the grounds that, among other things, the Debtor was administratively insolvent.

7. By Order dated May 2, 2013 the Court converted the case to one under Chapter 7.

8. On May 5, 2013 the UST appointed Alan Nisselson as interim Chapter 7 trustee.

9. On May 20, 2013, Alex Spizz was elected Chapter 7 trustee of the Debtor pursuant to section 702 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and was duly qualified thereafter and is presently serving as such Trustee.

10. On January 22, 2013 New York State Department of Taxation and Finance ("NYSDTF") filed a proof of claim in the amount of $1,334,278, consisting of $1,230,936 as an unsecured priority claim for taxes and interest allegedly due and $103,342 for penalties ("**Claim No. 1-1**").

11. On January 23, 2013 NYSDTF filed a proof of claim ("**Amended POC**") amending Claim No. 1-1 in the amount of $667,468, consisting of a priority claim in the amount of $615,468 and an unsecured claim of $51,671.

12. On September 9, 2016, the Trustee filed a motion (the "**Objection Motion**") objecting and seeking to expunge the Amended POC.

13. The parties thereafter initiated settlement discussions in an effort to resolve the claims objection, including the NYSDTF providing the Trustee with backup information in support of their claim.

14. Those settlement discussions ultimately culminated in the drafting and execution of the Settlement Stipulation (**Exhibit 1** hereto), reducing and allowing the Amended POC as an unsecured priority claim in the amount of $264,062.

## SETTLEMENT OF NYSDTF AMENDED POC

15. Pursuant to the Settlement Stipulation annexed hereto as Exhibit 1, the Trustee has agreed to the reduction and allowance of the Amended POC in the amount of $264,062 as a priority claim. This is approximately $403,077 less than the amount asserted in the Amended POC.

16. Subsequent to the filing of the Claims Objection, the parties had extensive conversations, including the NYSDTF providing to the Trustee schedules and analysis relating to the Amended POC. After review of the schedules and analysis by the Trustee's professionals,

the Trustee made the determination that the agreed upon reduction and allowance of the Amended POC as a priority claim in the amount of $264,062 was appropriate and is a good exercise of the Trustee's business judgment.

## THE SETTLEMENT STIPULATION SHOULD BE APPROVED

17.   The Trustee believes that the proposed settlement embodied in the Settlement Stipulation meets the requirements for a compromise of controversy under Bankruptcy Rule 9019. Bankruptcy Rule 9019(a) provides in relevant part: "upon a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

18.   In deciding whether to approve a proposed settlement, a court must determine whether the proposal is "fair and equitable" and "in the best interests of the estate." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991); *In re Texaco*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985) (court should approve proposed settlement where it is in the bounds of reasonableness).

19.   A court need not conduct an independent investigation in formulating its opinion as to the reasonableness of a settlement. *In re International Distribution Centers, Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989) (affirming bankruptcy's court's confirmation of proposed settlement on ground that settlement met or exceeded lowest standard of reasonableness); *In re Best Products Co., Inc.*, 168 B.R. 35, 50-51 (Bankr. S.D.N.Y. 1994), appeal dismissed, 177 B.R. 791 (S.D.N.Y. 1995), aff'd, 69 F.3d 26 (2d Cir. 1995). Indeed, the court need only determine whether the settlement "'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir. 1983) (citations omitted) (proposed settlement agreement between debenture holders and bankrupt estate ensuring debenture holders a nineteen

percent refund of their investment was approved where the settlement could hardly be regarded as below the lowest point in the range of reasonableness); *Drexel*, 134 B.R. at 497.

20. The court in *Drexel* approved a settlement between the debtor and a corporate insider, a former corporate officer, and explained:

> Courts look to several factors which shed light on whether the compromise remains above the lowest point in the range of reasonableness. In determining whether a settlement is "fair and equitable," *i.e.*, within the range of reasonableness, courts should balance:
>
> a) the likelihood of success compared to the present and future benefits offered by the settlement;
>
> b) the prospect of complex and protracted litigation if settlement is not approved;
>
> c) the proportion of the . . . [creditors] . . . who do not object or who affirmatively support the proposed settlement;
>
> d) the competency and experience of counsel who support settlement;
>
> e) the relative benefits to be received by . . . [the creditors] . . . ;
>
> f) the nature and breadth of releases to be obtained by officers and directors; and
>
> g) the extent to which the settlement is the product of arms' length bargaining.

*Drexel*, 134 B.R. at 497 (cited in *Best Products*, 168 B.R. at 50). In *Drexel*, the court approved the proposed settlement, having found that it was above the lowest point in the range of reasonableness and that it was fair and equitable and in the best interests of the estate.

21. On behalf of the Trustee, it is respectfully submitted that the proposed settlement embodied in the Settlement Stipulation more than sufficiently meets these standards.

22. The Trustee respectfully submits that it is more beneficial and economically

practical for the estate and its creditors, and thus eminently reasonable, for the Trustee to resolve the Amended POC by reducing it by $403,077 and allowing it in the amount of $264,062 as a priority claim.

23.  In summary, the proposed settlement is fair and equitable, is well within the range of reasonableness, and is in the best interests of the consolidated state and of its creditors.

## NOTICE

24.  Notice of the instant Motion, together with these Motion papers, is being served by mail upon: (a) the Office of the United States Trustee; (b) the Debtor and his attorney of record in this Chapter 7 case; (c) those parties or attorneys for such parties who have formally requested notice by filing with the Bankruptcy Court and serving a notice of appearance or request for services of notices and papers in these bankruptcy cases; and (d) the attorney for NYSDTF. Notice of this Motion and of these Motion papers is also being filed electronically with this Court.

## NO PRIOR REQUEST

No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order in the form of **Exhibit 2** hereto, approving the Settlement Stipulation between the Trustee and NYSDTF together with such other and further relief as may be just and proper.

Dated: New York, New York
       December 27, 2016

                        Respectfully submitted,

                        **TARTER KRINSKY & DROGIN LLP**

                        By:    s/ Arthur Goldstein
                            Alex Spizz, Esq.
                            Arthur Goldstein, Esq.
                            Jill Makower, Esq.
                            1350 Broadway, 11th Floor
                            New York, New York 10018
                            Telephone: (212) 216-8000
                            aspizz@tarterkrinsky.com
                            agoldstein@tarterkrinsky.com
                            jmakower@tarterkrinsky.com

                            *Counsel to the Chapter 7 Trustee*

**EXHIBIT 1**

TARTER KRINSKY & DROGIN LLP
*Attorneys for Alex Spizz, Chapter 7 Trustee*
Alex Spizz, Esq.
Arthur Goldstein, Esq.
1350 Broadway, 11 th Floor
New York, New York 10018
(212) 216-8000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

In re:

AMPAL-AMERICAN ISRAEL CORPORATION

              Debtor.

-----------------------------------------------------------------

Chapter 7

Case No. 12-13689 (SMB)

### STIPULATION OF SETTLEMENT BETWEEN ALEX SPIZZ, AS CHAPTER 7 TRUSTEE OF AMPAL-AMERICAN ISRAEL CORPORATION AND NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

This Stipulation of Settlement ("**Stipulation**") is entered into between Alex Spizz as Chapter 7 trustee (the "**Trustee**") of Ampal-American Israel Corporation, the debtor in the above-captioned bankruptcy case (the "**Debtor**"), and the New York State Department of Taxation and Finance (the "**NYSDTF**").

WHEREAS, on or about January 22, 2013 NYSDTF filed a proof of claim against the Debtor in the amount of $1,334,278 ("**Claim No. 1-1**") representing amounts allegedly due in the amount of $1,230,936 on account of corporate taxes and interest for the period ending December 31, 2011 and August 29, 2012 and an unsecured claim in the amount of $103,342 representing penalties thereon; and

WHEREAS, on or about January 23, 2013 NYSDTF filed an amended proof of claim in the amount of $667,139 ("**Amended POC**") representing priority amounts allegedly due in the

{Client/008427/BANK912/01241490.DOCX;2 }

amount of $615,468 for the period ending December 31, 2011 and an unsecured claim of $51,671 representing penalties for the period ending December 31, 2011; and

WHEREAS, on September 9, 2016 the Trustee filed a motion objecting and seeking to expunge the Amended POC; and

WHEREAS, the Trustee and NYSDTF (collectively, the "**Parties**"), have engaged in discussions and arm's length negotiations, including an exchange of information aimed at resolving Trustee's objection to the Amended POC; and

WHEREAS, NYSDTF has asserted that the Debtor is subject to taxation in New York arising from the Debtor leasing and subleasing real property in New York for the periods ending December 31, 2007 through December 31, 2012 and has provided to the Trustee relevant schedules supporting its claim in the reduced amount as hereinafter set forth; and

WHEREAS, those discussions and negotiations between the Parties have resulted in an agreement between the Parties to settle the Amended POC upon the terms herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, in consideration of the mutual promises contained in this Stipulation and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, that:

1.  The Amended POC shall be fixed in the amount of $264,062 as a priority tax claim against the Debtor's estate pursuant to section 507(a)(8) of the Bankruptcy Code.

2.  This Stipulation resolves any and all of the NYSDTF's claims against the Debtor, whether scheduled or filed.

3.  Any future distributions by the Trustee with respect to the Amended POC shall be remitted to NYSDTF c/o Enid Nagler Stuart, New York State Office of the Attorney General,

Special Bankruptcy Counsel, Litigation Bureau, 120 Broadway, 24th Floor, New York, New York 10271.

4. Subject to the entry of a final order approving this Stipulation ("**Final Order**"), this Stipulation shall be binding upon the Parties and their respective heirs, executors, successors and assigns, as well as any subsequently appointed or elected trustee in the Debtor's case.

5. This Stipulation shall be governed and construed in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws, except to the extent that provisions of the Bankruptcy Code and/or other provisions of the United States Code are applicable. The Parties agree that this Court shall retain jurisdiction to enforce this Stipulation in accordance with the terms thereof.

6. This Stipulation, together with any other documents referred to herein, constitutes the entire agreement and understanding among the Parties hereto with respect to the subject matter hereof.

7. This Stipulation supersedes all prior agreements, if any, and cannot be amended, supplemented or modified, nor may any provision hereof be waived, except by a written instrument executed by the Party against whom enforcement of such amendment, supplement, modification or waiver is sought.

8. The Parties agree to take any and all necessary and reasonable steps, including the signing of documents, to effectuate this Stipulation.

9. The Parties hereto represent and warrant to each other that the signatories to this Stipulation are authorized to execute this Stipulation; that each has power and authority to execute this Stipulation; and that this Stipulation is duly executed and delivered and, subject to the Order approving this Stipulation becoming a Final Order, shall constitute a valid and binding agreement upon the Parties in accordance with its terms.

10. The Parties shall bear their own attorneys' fees and expenses in connection with the matters resolved hereby, including in connection with this Stipulation.

11. This Stipulation of Settlement may be signed by the Parties and their respective counsel in counterpart originals and by electronic mail signature, by PDF and/or by facsimile signature, all of which shall be deemed to constitute collectively one original executed version of the Stipulation of Settlement.

Dated: New York, New York
December 22, 2016

| | |
|---|---|
| TARTER KRINSKY & DROGIN LLP<br>*Attorneys for Alex Spizz, Chapter 7 Trustee* | NEW YORK STATE OFFICE OF THE<br>ATTORNEY GENERAL<br>ATTORNEY FOR NEW YORK STATE<br>DEPARTMENT OF TAXATION AND FINANCE |
| By: s/ Arthur Goldstein<br>   Alex Spizz, Esq.<br>   Arthur Goldstein, Esq.<br>   1350 Broadway, 10th Floor<br>   New York, New York 10018<br>   (212) 216-8000 | By: s/ Enid Nagler Stuart<br>   Enid Nagler Stuart, Esq.<br>   Special Bankruptcy Counsel, Litigation Bureau<br>   120 Broadway – 24th Floor<br>   New York, NY 10271 |

s/ Alex Spizz
Alex Spizz, solely as Chapter 7
Trustee of Ampal-American Israel
Corporation and not personally

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

Debtor.
-----------------------------------------------------------------

Chapter 7

Case No. 12-13689 (SMB)

**ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN ALEX SPIZZ, AS CHAPTER 7 TRUSTEE OF AMPAL-AMERICAN ISRAEL CORPORATION AND NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE**

Upon the motion dated December 27, 2016 (the "**Motion**"), of Alex Spizz, as the Chapter 7 trustee (the "**Trustee**") of the above-captioned debtor (the "**Debtor**"), for an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving that certain *Stipulation of Settlement Between Alex Spizz, as Chapter 7 Trustee of Ampal-American Israel Corporation and New York State Department of Taxation and Finance* (the "**Settlement Stipulation**," a copy of which is annexed to the Motion as **Exhibit 1**); and good and sufficient notice of the Motion having been given, and no further notice being required; and no objection having been interposed to the Motion; a hearing on the Motion having been held before this Court on February 7, 2017, and due deliberation thereon having been had; and the Court having found that the Settlement Stipulation is in the best interests of the Debtor, the Debtor's estate, and its creditors; and for good cause shown, it is hereby **ORDERED** that:

1. The Motion is GRANTED with respect to the Settlement Stipulation.

2. The terms of the Settlement Stipulation, incorporated herein by reference, are approved and are binding upon the Trustee and the New York State Department of Taxation and Finance ("NYSDTF") (collectively, the "**Parties**").

2

3.    In accordance with the Settlement Stipulation, NYSDTF's Amended Proof of Claim dated January 23, 2013 shall be reduced and allowed as a priority tax claim in the amount of $264,062.

4.    The Parties are authorized and directed to take all actions necessary to effectuate the terms of the Settlement Stipulation.

5.    The settlement reflected in the Settlement Stipulation is within the proper business judgment of the Trustee.

6.    This Court shall retain jurisdiction over any dispute or controversy arising from or related to the entry of this Order.

Dated: New York, New York
       February ____, 2017

                                          _____
                                          **HONORABLE STUART M. BERNSTEIN**
                                          **UNITED STATES BANKRUPTCY JUDGE**