| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE AND TIME:<br>OCTOBER 3, 2017 AT 10:00 A.M. |

In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

        Debtor.

Chapter 7

Case No. 12-13689 (SMB)

**RELATED DOC. NO. 761**

---

MERHAV AMPAL GROUP, LTD. f/k/a MERHAV-AMPAL ENERGY, LTD.,

        Plaintiff,

v.

MERHAV (M.N.F.) LIMITED and YOSEF A. MAIMAN,

        Defendants.

Adv. No. 14-02385 (SMB)

**RELATED DOC. NO. 121**

---

ALEX SPIZZ, as Chapter 7 Trustee of AMPAL-AMERICAN ISRAEL CORPORATION,

        Plaintiff,

v.

MERHAV (M.N.F.) LIMITED and YOSEF A. MAIMAN,

        Defendants

Adv. No. 15-01122 (SMB)

**RELATED DOC. NO. 20**

---

**TRUSTEE ALEX SPIZZ AND PLAINTIFF MERHAV AMPAL GROUP, LTD.'S JOINT RESPONSE IN OPPOSITION TO THE MOTION TO PERMIT KASOWITZ BENSON TORRES LLP TO WITHDRAW AS COUNSEL FOR <u>MERHAV (M.N.F.) LIMITED AND YOSEF A MAIMAN</u>**

Alex Spizz, as the Chapter 7 Trustee of Debtor Ampal-American Israel Corporation ("Trustee") and Plaintiff Merhav Ampal Group, Limited f/k/a Merhav-Ampal Energy, Limited ("MAG," and together with Trustee, the "Movants"), through their respective undersigned counsel,

42903389;1

file this joint response in opposition ("Response") to the Motion to Permit Kasowitz Benson Torres LLP ("KBT") to Withdraw as Counsel of Record for Merhav (M.N.F.) Limited ("Merhav") and Yosef A Maiman ("Maiman," and together with Merhav, the "Judgement Debtors") (the "Motion") [Doc. No. 761; Adv. Doc. No. 121; Adv. Doc. No. 20]. In support of their Response, the Movants respectfully state as follows.

## INTRODUCTION

In an ongoing bankruptcy proceeding pending since 2012, along with two adversary proceedings pending since 2014 and 2015 respectively, and now on the eve of MAG's injunction and contempt motion directed to the Judgment Debtors and their counsel [Adv. Doc. No. 117 ("Contempt Motion")], KBT moves to withdraw as counsel for the Judgement Debtors in all matters based solely on the Judgment Debtors' "consent" and because such withdrawal at this juncture of these proceedings would not purportedly prejudice the Judgment Debtors.

Not only is KBT's conspicuously "thin" Motion wholly unsupported, the timing could not be more suspicious and questionable. The Judgment Debtors have yet *again* defied this Court's Discovery Orders[1] and, adding insult to injury, have now initiated a lawsuit in Israel to collaterally attack those Discovery Orders. MAG has recently moved for an antisuit injunction and for contempt and sanctions against the Judgment Debtors and their counsel, to the extent they were involved or assisted in the filing of the Judgment Debtors' lawsuit in Israel or in the continued violation of this Court's Discovery Orders. *Id.* In what can only be termed a "preemptive" response filed right before the September 26, 2017 deadline to respond (the "Response Deadline") to the Contempt Motion, KBT now asks to be excused from these proceedings *in their entirety*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in KBT's Motion.

and requests to be relieved as counsel for the Judgment Debtors. However, as this Court would undoubtedly tell the Judgment Debtors, not so fast.

Before any motion to withdraw is granted, KBT and the Judgment Debtors must be required to timely respond to the Contempt Motion. Otherwise, KBT's Motion, if granted, would only serve to further delay these proceedings to the further detriment and prejudice of the Movants, and in particular MAG. Moreover, if granted, the Motion would further undermine the Court's Discovery Orders, and allow the attack on its jurisdiction to proceed.

In an analogous case directly on point, *Torres v. Torres*, counsel for the defendant moved to withdraw because, as alleged, the client imparted information on counsel that made further representation a violation of the rules of professional conduct. Even in *that* scenario, the New York Supreme Court (subsequently affirmed by the Appellate Division) denied the request because the circumstances of the case could not afford any delay, particularly because of ***an impending contempt hearing***. 169 A.D.2d 829, 565 N.Y.S.2d 198, 198-99 (NY App. Div. 2d Dept 1991). As *Torres* stated, "[w]e find that the trial court did not improvidently exercise its discretion in denying counsel's application to be relieved insofar as the interests of justice dictate that the contempt motion be resolved as expeditiously as possible. To have done otherwise would allow the defendant to manipulate the pace of litigation to his liking in this manner." *Id.* at 199.

This Court is well aware of the delays that have occurred in MAG's attempt to collect on this Court's judgment, which is now in excess of $29 million. In this case, *Torres* could not be any more applicable. For all the reasons set forth herein, the Motion must be denied.

## BACKGROUND

For the past five years, KBT has been the only counsel of record for the Judgment Debtors in three related matters: the main bankruptcy proceeding (Case No. 12-13689); the "Promissory

42903389;1                                           3

Note" adversary proceeding (Case No. 14-02385); and, the "Avoidance" adversary proceeding (Case No. 15-01122). In its Motion, KBT attempts to suggest that because of the current stage of these proceedings, the Judgment Debtors would not be adversely affected if KBT was permitted to withdraw. While KBT allegedly has the "consent" of the Judgment Debtors,[2] the Movants question the motivation and legitimacy of that consent, especially considering that KBT has been counsel in these matters for five years, has incurred millions of dollars in time and expenses, and knows these matters intimately. Movants believe prejudice to the Judgment Debtors is obvious, especially in light of the pending Contempt Motion and its Response Deadline. However, the Judgment Debtors are willing to overlook that prejudice and allow KBT to withdraw at this time because they believe it will further delay these proceedings, which directly benefits them. If the Motion is granted, the Judgment Debtors will undoubtedly request additional time to respond to the Contempt Motion and to retain new counsel, who in turn will undoubtedly seek additional time to review the record in these proceedings. These delays only serve to benefit the Judgment Debtors, to the detriment of the Movants and the Court.

With respect to the main bankruptcy proceeding, KBT – a national firm with a prominent bankruptcy practice – is well aware that bankruptcy proceedings progress in ebbs and flows. The fact that the administration of the main bankruptcy case might be at a lull – according to KBT – has no bearing whatsoever as to where the Judgment Debtors stand in relation to the bankruptcy case or the adversary proceedings. Although the Trustee may have initiated all of the adversary proceedings to be filed in the main bankruptcy case, the Trustee is now commencing the process of reviewing and objecting to claims, and he fully anticipates that there will be an objection to the claims filed by the Judgment Debtors in the main bankruptcy proceeding. KBT has a thorough

---

[2] Neither of the Judgment Debtors have provided written consent to the Motion.

and complete understanding of this case and its history, and its withdrawal at this stage would undoubtedly be disruptive. It is more than cavalier of KBT to claim that their withdrawal will not disrupt these proceedings.

As for the Avoidance adversary proceeding, KBT is correct that the Court has granted discovery extensions in that matter. However, if KBT is permitted to withdraw, it will only serve to further delay that proceeding, which now has a scheduled final pretrial conference set for March 15, 2018.

Contrary to KBT's assertions, the Promissory Note adversary proceeding has been, and continues to be, extremely active in its post-judgment collection discovery phase. It is either foolish or negligent (or both), for KBT to suggest that merely because this adversary proceeding is in its post-judgment discovery phase, it is less disruptive to abandon the Judgment Debtors. KBT has been counsel during *all* of these proceedings, has been negotiating potential settlements, and has acted as the gatekeeper for both the formal and informal discovery that has been provided to MAG. If KBT was permitted to leave now, it would undoubtedly disrupt this matter to require new counsel to enter the case and then familiarize themselves with the entire five year history.

Finally, the pending Contempt Motion seeks to enjoin the Judgment Debtors' efforts and force them (and their counsel) to answer to the Court for their misconduct. If KBT is permitted to withdraw, the Contempt Motion will remain pending and the Judgment Debtors will have effectively succeeded in delaying these proceedings and the enforcement of the Court's Discovery Orders.

**LEGAL ARGUMENT**

A.  **KBT's Misstated Position**

KBT seeks to withdraw based on the permissible ground in New York's Rules of Professional Conduct that allows for withdrawal when the client gives consent and there is an absence of "material adverse effect." *See* NY ST RPC Rule 1.16(c)(1), (10).  KBT also relies on two cases that purport to support its position. *See In re Worldcom, Inc. Sec. Litig.*, 02-CV-3288 (DLC), 2006 WL 538818 (S.D.N.Y. Mar. 6, 2006) and *Garcia v. Forbes Magazine*, 83-CV-3814 (CSH), 1985 WL 1429 (S.D.N.Y. May 29, 1985).  KBT's argument suggests this matter is all but perfunctory, and the Court's approval is essentially an administrative function.  As discussed below, this is completely inaccurate.

KBT's reliance on *Worldcom* and *Garcia* is misplaced.  Indeed, both are distinguishable and both fail to cite, let alone discuss, the relevant standard.  In *Worldcom*, the court notes a tentative settlement regarding most plaintiffs, orders the single remaining party to attend a settlement conference, and allows the single remaining party's counsel to withdraw with "consent."  In *Garcia*, while pro bono counsel was granted permission to withdraw with "consent" of the client, the court directed counsel to inform the client that he needed to either retain new counsel or proceed *pro se* in his lawsuit against Forbes Magazine.  In short, *Worldcom* and *Garcia* are nothing like these pending contemptuous proceedings.

Furthermore, this Court's local rules and the relevant case law require more than the simple grounds in KBT's Motion (*i.e.*, client's consent).  *See In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002) ("Under the New York Code of Professional Responsibility, withdrawal of representation by an attorney 'should be made *only* on the basis of compelling circumstances.'")

(citation omitted, emphasis added). Moreover, *Torres* and similar cases demonstrate that KBT's withdrawal now would hinder this case and prejudice the Movants and the Court.

### B. KBT Failed to Satisfy the Standard under Rule 1.16

KBT's statement that the Judgment Debtors have consented to its withdrawal, and its contention that the Judgment Debtors will not be prejudiced, is insufficient. New York law requires that KBT demonstrate "good or sufficient cause" to support its request to terminate the attorney-client relationship. *See Kaufman v. Kaufman*, 63 A.D.3d 618, 618, 880 N.Y.S.2d 491 (N.Y. App. Div. 1st Dept 2009) (To be "entitled to terminate the relationship with a client, an attorney must make a showing of good or sufficient cause and reasonable notice.") (quoting *George v. George*, 217 A.D.2d 913, 913, 217629 N.Y.S.2d 602, 603 (N.Y. App. Div. 4th Dept 1995)); *see also Catrone v. Catrone*, 92 A.D.2d 559, 459 N.Y.S.2d 306 (N.Y. App. Div. 2d Dept 1983) (same); *Rinder v. Cannon Mills, Inc.*, 127 Misc.2d 604, 605, 486 N.Y.S.2d 858, 859 (Sup Ct, Rockland County 1985) ("When an attorney is retained to conduct a legal proceeding, he enters into an entire contract to conduct the proceeding to a conclusion and he may not abandon his relation without reasonable or justifiable cause.") (citations omitted).

On this record, KBT has failed to demonstrate any cause, let alone "good," "sufficient," "reasonable," or "justifiable cause," to withdraw based strictly on the "consent" and the purported lack of prejudice to the Judgment Debtors. In that sense, KBT has failed to satisfy the standard it proffered as governing its request, and therefore the Motion must be denied.

This aside, New York's Rules of Professional Conduct further demonstrate that this inquiry is not limited to the application of Rule 1.16, as KBT suggests. Rather, New York law makes clear that the rules of this Court ***also apply***. *See* NY ST RPC Rule 1.16(d) ("If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from

employment in a matter before that tribunal without its permission."). To obtain this Court's "permission," an additional inquiry must be satisfied. As set forth below, KBT has failed to address – let alone satisfy – this inquiry.

### C.     **KBT Failed to Comply with the Local Rules and the Applicable Standard**

Pursuant to Local Rule 2090-1(e), "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." At a minimum, KBT is required to obtain a court order and establish "cause" for its withdrawal. Because this rule is an adaption of the District Court's local rules, Civil Rule 1.4 also provides guidance. *See Albert*, 277 B.R. at 45 ("The Bankruptcy Court's local rule is an adaptation of S.D.N.Y. Local Civil Rule 1.4 and as such informs the Bankruptcy Court's local rule."); *see also In re Chase*, 372 B.R. 142, 149-50 (Bankr. S.D.N.Y. 2007); *In re Mercury*, 280 B.R. 35, 52 (Bankr. S.D.N.Y. 2002).

Civil Rule 1.4 states, in its entirety:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Read together, these rules require that an attorney may withdraw only by court order and upon demonstration by affidavit, of "cause" or "of satisfactory reasons for withdrawal," along with a description of the "posture of the case" and "whether or not the attorney is asserting a retaining lien or charging lien." Here, KBT has failed to demonstrate "cause" or provide any reason to support its request for withdrawal – other than its clients' consent – and has failed to provide the additional information mandated by Civil Rule 1.4. This alone is enough to deny KBT's Motion.

*See, e.g., Granados v. Traffic Bar and Rest., Inc.*, 13 Civ. 0500 (TPG) (JCF), 2016 WL 1317988, at *3 (S.D.N.Y. Mar. 31, 2016) (denying motion to withdraw because "Mr. Foley's application is deficient, of course, because it does not suggest *any* reason that he should be relieved[.]").

Beyond the black letter requirements of these Rules, KBT's request also fails to satisfy the two factors that courts analyze to determine whether withdrawal should be permitted; namely, "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceedings." *TufAmerica, Inc. v. Codigo Music LLC*, No. 11 Civ. 1434 (ER), 2017 WL 3475499, at *5 (S.D.N.Y. Aug. 11, 2017). The absence of any argument addressing these grounds is yet another reason to deny KBT's request. Moreover, even if these factors were addressed, the circumstances of this case would still mandate that the Motion be denied.

### 1. *No Reason, and Sometimes a Good Reason, is Not a Satisfactory Reason*

It is understood that failing to proffer a reason for withdrawal cannot satisfy this factor. Nevertheless, even if KBT satisfied this prong and proffered a reason – which it has not – that alone is not enough to carry the day. By way of examples, "satisfactory reasons" may include a client's "failure to pay legal fees, a client's lack of cooperation-including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (internal quotations marks omitted).

However, courts have repeatedly determined that having a sufficient reason – for instance, the refusal to pay – is not alone sufficient, especially under the relevant circumstances. *See, e.g., S.E.C. v. Gibraltar Glob. Sec.*, No. 13 Civ. 2575 (GBD) (JCF), 2015 WL 2258173 (S.D.N.Y. May 8, 2015) (rejecting counsel's reasons (valid and invalid) to withdraw due to the circumstances of the case); *S.E.C. v. Great Am. Techs., Inc.*, No. 07 Civ. 10694 (DC), 2009 WL 4885153, *2, 5

(S.D.N.Y. Dec. 15, 2009) (rejecting counsel's reason for withdrawal based on the client's "failure 'to fulfill a material obligation of its Retainer Agreement'" due to the "circumstances and interests of justice" and because the "withdrawal would necessarily lead to further delays in completion of the case."); *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718 (RMB) (THK), 2009 WL 6539954, at *1-2 (S.D.N.Y. Mar. 2, 2009) (denying counsel's request to withdraw based on its clients' failure to pay because replacement counsel was not retained and the court required current counsel to remain in the case to "further assist the Court in resolving the case.").

Without belaboring the point, a reason, even a valid reason, is not necessarily a sufficient basis to grant a request to withdraw when the circumstances so demand. KBT has failed to present satisfactory reasons to establish the requisite "cause" for termination, and thus the Motion must be denied. Regardless, as set forth below, even if they had, the "circumstances and interest of justice" in these proceedings require KBT to remain as counsel for the Judgment Debtors.

2. *Adverse Impact of Withdrawal Warrants Denial of KBT's Motion*

In addition to reviewing counsel's "satisfactory" reasons, the Court "must assess whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Gibraltar*, 2015 WL 2258173, at *3 (citing and quoting *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (cleaned up)).[3] Putting aside that KBT has not satisfied any relevant rule or burden applicable to its request, the Court should deny the request because it will unduly burden the prosecution of these proceedings and it will further prejudice to the Movants and the Court.

---

[3] The parenthetical "cleaned up" indicates that internal quotation marks, alterations, or citations have been omitted from the quoted passage. Jack Metzler, *Cleaning Up Quotations*, J. App. Prac. & Process (forthcoming 2008), available at https://ssrn.com/abstract=2935374; *e.g., United States v. Reyes*, 866 F. 316, 321 (5th Cir. 2017).

At its heart, this appears to be nothing short of another attempt by the Judgment Debtors – either independently or in cooperation with counsel – to delay these proceedings, avoid complying with the Court's Discovery Orders, and to buy additional time to allow the Israeli Action an opportunity to proceed with the ultimate goal to undermine or otherwise countervail this Court's Discovery Orders. Moreover, this would delay adjudication of the pending Contempt Motion. Under these circumstances, the Court should deny the Motion, as other courts have done in similar situations in the interests of justice.

For example, in *Torres*, counsel for defendant moved to withdraw on the eve of plaintiff's motion for contempt against defendant. *Torres* denied the request, stating that the contempt motion should be "resolved as expeditiously as possible" and because the withdrawal "would allow the defendant to manipulate the pace of the litigation" in his favor and unfairly. 169 A.D.2d 829, 565 N.Y.S.2d at 199.

Similarly, in *Gibraltar,* the court acknowledged that at least one valid reason for withdrawal existed, but declined the request because the client had "several unfulfilled discovery obligations" and because "it [was] clear that [counsel's] withdrawal would further delay – perhaps indefinitely – the already overdue production of documents and the scheduling of the defendants' depositions." 2015 WL 2258173, at *3. Moreover, *Gibraltar* further noted that it "would be inappropriate to reward these dilatory tactics and Mr. Davis' disregard for the court's authority by granting the withdrawal motion at this time, thereby significantly disrupting the prosecution of both *Gibraltar* and *Carrillo Huettel*." *Id.* at 4; *see also Great Am. Techs.*, 2009 WL 4885153, at *5 (denying the withdrawal request because it would "necessarily lead to further delays in the completion of this case" and would "prejudice [the defendant], the [plaintiff], and the administration of justice.").

The record establishes that the Judgement Debtors have repeatedly delayed these proceedings by failing to participate in good faith in post-judgment discovery, which has resulted in the Discovery Orders that they continue to violate. If KBT is permitted to withdraw, it will delay and frustrate the proceedings insofar as the Judgment Debtors would undoubtedly request a delay to obtain new counsel, especially because Merhav cannot represent itself. If KBT is permitted to withdraw, the Court will be unable to adjudicate the time-sensitive Contempt Motion that requests, *inter-alia*, an antisuit injunction to stop the Judgment Debtors from pursuing the Israeli lawsuit. If KBT is permitted to withdraw (and respond only to the Contempt Motion on its own behalf as its papers state), the result will be that the Judgment Debtors will seek an adjournment, and effectively be allowed to continue violating the Discovery Orders. Ultimately, if KBT is permitted to withdraw, the Judgment Debtors will be rewarded for their dilatory tactics.

## CONCLUSION

The Court must deny the Motion because KBT failed to satisfy Rule 1.16 of New York's Rules of Professional Conduct, failed to satisfy Civil Rule 1.4 and Local Rule 2090-1(e) of the Southern District of New York, and failed to satisfy the factors identified in *TufAmerica, Inc. v. Codigo Music LLC*, No. 11 Civ. 1434 (ER), 2017 WL 3475499 (S.D.N.Y. Aug. 11, 2017). The Court should also deny the Motion because allowing KBT to withdraw will help perpetuate injustice and the Judgment Debtors' continued efforts to circumvent the Court's Discovery Orders.[4]

---

[4] Even if this Court is inclined to grant the Motion, which it should not, Movants respectfully request that any granting of the Motion be subject to certain conditions, including requiring that KBT respond to the Contempt Motion on behalf of the Judgment Debtors and remain counsel of record until the Judgment Debtors retain new counsel who is able to seamlessly assume KBT's role as counsel in these three matters. *See, e.g.*; *Benvenisti v. City of New York*, No. 04CIV3166JGK/RLE, 2006 WL 44039 (S.D.N.Y. Jan. 6, 2006) (permitting the withdrawal only after counsel files a response to the pending summary judgment motion to avoid unnecessary delay); *Mario Valente Collezioni, Ltd. v. Semeraro*, No. 02 Civ. 196 (SHS), 2004 WL 1057790, at *1 (S.D.N.Y. May 10, 2004) (granting counsel's request to withdraw conditioned on completion of the procedures for entry of a judgment against his client); *Oscar De La Renta Ltd. v. Strelitz Ltd.*, No. 92 Civ. 3907, 1993 WL 205150, at *1-2 (S.D.N.Y. June 7, 1993) (granting motion

Dated: New York, New York
September 26, 2017

| AKERMAN LLP | TARTER KRINSKY & DROGIN LLP |
|---|---|
| By: */s/John P. Campo* <br> John P. Campo <br> Scott M. Kessler <br> 666 Fifth Avenue, 20th Floor <br> New York, New York 10103 <br> Tel: (212) 880-3800 | By: */s/Arthur Goldstein* <br> Alex Spizz, Esq. <br> Arther Goldstein, Esq. <br> Jill Makower, Esq. <br> 1350 Broadway, 11th Floor <br> New York, New York 10018 <br> Tel: (212) 216-8000 |
| *Counsel to Plaintiff Merhav Ampal Group, Ltd., f/k/a Merhav-Ampal Energy, Ltd* | *Counsel to Alex Spizz, Chapter 7 Trustee* |

---

to withdrawal but conditioned on counsel "responding to the plaintiff's motion to strike the answer by the return date").