**Hearing Date and Time:**
**October 19, 2017 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Objection Deadline Date and Time:**
**October 12, 2017 at 4:00 p.m.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

In re                    :    Chapter 7
                       :

AMPAL-AMERICAN ISRAEL CORPORATION,  :    Case No. 12-13689 (SMB)
                       :

            Debtor.    :
                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF HEARING ON AKERMAN LLP'S FIRST INTERIM FEE APPLICATION AS SPECIAL LITIGATION COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

**PLEASE TAKE NOTICE** that a hearing will be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in Courtroom 723 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), located at the Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004-1408, on **October 19, 2017 at 10:00 a.m.,** or as soon thereafter as counsel can be heard (the "Hearing"), to consider the application listed below for allowance of interim compensation and reimbursement of expenses (the "Application"). The Application will be on file with the Clerk of the Bankruptcy Court and may be examined prior to the Hearing during normal business hours.

| APPLICANT: | AKERMAN LLP (SPECIAL LITIGATION COUNSEL FOR TRUSTEE) |
|---|---|
| TYPE OF APPLICATION: | FIRST INTERIM FEE APPLICATION |
| FEE PERIOD: | SEPTEMBER 30, 2016 THROUGH AND INCLUDING SEPTEMBER 25, 2017 |
| FEES REQUESTED: | $305,762.50 |
| EXPENSES REQUESTED: | $43,223.71 |

**PLEASE TAKE FURTHER NOTICE** that you do not need to appear at the Hearing if you do not object to the relief requested in the Application.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any objections, if any, to the Application must be made in writing, state with particularity the grounds therefore, shall conform to the United States Bankruptcy Rules and the Local Rules of the Bankruptcy Court, include in the upper right hand corner of the caption, the ECF docket number to which the filing relates, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (with a courtesy copy delivered directly to the Chambers of Stuart M. Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, The Alexander Hamilton Custom House, One Bowling Green, Room 723, New York, NY 10004), and served upon (i) the Office of the United States Trustee, 201 Varick Street, Ste. 1006, New York, New York  10014 (Attention: Andrew D. Velez-Rivera, Esq.); and (ii) upon the undersigned (Attn: John P. Campo, Esq., Attorney for the Trustee) together with proof of service thereof, so as to be received no later than **4:00 p.m. Eastern Time on October 12, 2017**.

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by that time, the relief may be granted as requested in the Application.

41806161;2

Dated: New York, New York
     September 28, 2017

AKERMAN LLP


By: _____/s/John P. Campo_____
     John P. Campo
     Scott M. Kessler
     666 Fifth Avenue, 20th Floor
     New York, New York  10103
     Tel. No. (212) 880-3800

*Special Litigation Counsel for the Trustee*

41806161;2

**Hearing Date and Time:**
**October 19, 2017 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Objection Deadline Date and Time:**
**October 12, 2017 at 4:00 p.m.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
In re                                                           :    Chapter 7
                                                                :
AMPAL-AMERICAN ISRAEL CORPORATION,                              :    Case No. 12-13689 (SMB)
                                                                :
                                        Debtor.                 :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**SUMMARY SHEET**
**FIRST INTERIM APPLICATION OF AKERMAN LLP AS SPECIAL LITIGATION**
**COUNSEL FOR THE CHAPTER 7 TRUSTEE FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | AKERMAN LLP |
| Authorized to Provide Professional Services to: | Alex Spizz, Chapter 7 Trustee |
| Effective Date of Retention: | September 30, 2016 |
| Period for which compensation and reimbursement is sought: | September 30, 2016 through September 25, 2017 |
| Total amount of compensation sought this fee period: | $305,762.50 |
| Amount of fees previously requested and awarded: | $0 |
| Total amount of expense reimbursement sought for this fee period: | $43,223.71 |
| Amount of expense reimbursement previously requested and awarded: | $0 |

This is an:__X__interim _____final
application

**Hearing Date and Time:**
**October 19, 2017 at 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Objection Deadline Date and Time:**
**October 12, 2017 at 4:00 p.m.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                              :
In re                                                         :    Chapter 7
                                                              :
AMPAL-AMERICAN ISRAEL CORPORATION,                            :    Case No. 12-13689 (SMB)
                                                              :
             Debtor.                                          :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### FIRST INTERIM APPLICATION OF AKERMAN LLP, AS SPECIAL LITIGATION COUNSEL FOR THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE TIME PERIOD <u>SEPTEMBER 30, 2016 THROUGH AND INCLUDING SEPTEMBER 25, 2017</u>

**TO THE HONORABLE STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE:**

Akerman LLP ("Akerman"), as special litigation counsel to Alex Spizz in his capacity as

chapter 7 trustee (the "Trustee") for the estate of Ampal-American Israel Corporation ("Ampal"

or the "Debtor"), submits this first interim application (the "Application"), for professional

compensation and reimbursement of expenses pursuant to sections 330 and 331 of title 11 of the

United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Amended

Guidelines for Fees and Disbursements for Professionals in the Southern District of New York

Bankruptcy Cases pursuant to General Order M-447 (Jan. 29, 2013) (the "Local Guidelines"),

and the United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expense Filed under 11 U.S.C. § 330, dated June 4, 2004, as amended on

November 25, 2009 (the "UST Guidelines," and, together with the Local Guidelines, the "Fee

Guidelines"), for allowance of compensation for professional services rendered to the Trustee

and for reimbursement of actual and necessary costs and expenses incurred in connection with

Akerman's representation of the Trustee in this chapter 7 case during the period September 30,

2016 through and including September 25, 2017 (the "First Interim Compensation Period").  In

support of the Application, Akerman respectfully represents as follows:

## **BACKGROUND**

1.      On August 29, 2012, the Debtor filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern

District of New York (the "Court"). The Debtor operated as a debtor-in-possession until April 8,

2013, when Michael Luskin was appointed as chapter 11 trustee for the Debtor's estate.

2.      On or about May 2, 2013, the Debtor's case was converted to a case under

chapter 7 of the Bankruptcy Code, and on May 3, 2013, the Trustee was elected as chapter 7

trustee of the Debtor's estate.

3.      On December 7, 2016, the Court approved, effective as of September 30,

2016, the retention of Akerman as substitute special litigation counsel to prosecute the D&O

Action (as defined below) on behalf of the Trustee and the estate, including claims against Eluz

for breach of fiduciary duty, corporate waste and mismanagement (the "D&O Matters")[1] [Doc.

No. 740].  A copy of the Retention Order is annexed hereto as Exhibit "A."

4.      Akerman's retention is on a modified contingency fee basis for which

Akerman renders services and bills the estate at a discounted hourly rate of one-half (1/2) of its

standard New York rates, plus twenty-five percent (25%) of any recovery realized in connection

---

[1]  Akerman also has been retained, on the same modified contingency basis, to represent Merhav Ampal Group, Ltd.
("MAG"), one of Ampal's wholly owned non-Debtor subsidiaries, in litigation on a promissory note issued by
Merhav (M.N.F.), Limited an Israeli corporation controlled by Yosef A. Maiman ("Maiman"), and on Maiman's
unconditional personal guaranty of that note.  That matter is billed separately directly to MAG, and all of the
services reflected in this Application were provided solely to Ampal's estate in connection with the D&O Matters.

with the D&O Matters.

## THE D&O ACTION

5.      On August 27, 204, the Trustee commenced an adversary proceeding in this chapter 7 case styled *Spizz v. Eluz, et al.*, Adv. Proc. No. 14-0211-smb (the "D&O Action") against Irit Eluz ("Eluz"), the Debtor's former Chief Financial Officer, and Yehuda Karni, Revital Degani, Menachem Morag and Daniel Vaknin, Ampal's formers independent directors (the "Independent Directors," and together with Eluz, collectively, the "Defendants") alleging causes of action for, *inter alia,* breach of fiduciary duty.

6.      On February 25, 2016, the Court entered an Order [Doc. No. 33] (the "February 2016 Order") in connection with its January 5, 2016 memorandum decision (the "Decision") (1) dismissing the Trustee's claims against the Independent Directors, and (2) partially dismissing the Trustee's claims against Eluz.  The D&O Action continues against Eluz with respect to the balance of the claims asserted against Eluz.

## JURISDICTION

7.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§1408 and 1409.

## RELIEF REQUESTED

8.      By this Application, Akerman seeks an order of this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, awarding a first interim allowance for payment of compensation for professional services rendered by Akerman as special litigation counsel to the Trustee for the non-contingent portion of its fees for the First Interim Compensation Period, in the amount of $305,762.50 in fees, which represents a total of 1,617.20 hours of services performed by Akerman's partners, counsel, associate attorneys, and paraprofessionals at fifty

3

percent (50%) of Akerman's standard and customary billing rates.

9.      Attached as <u>Exhibit B</u> to this Application is a summary of the total amount of time spent by each Akerman attorney and paraprofessional for this case during the First Interim Compensation Period.

10.     Akerman also seeks reimbursement of $43,223.71 of customary and necessary out-of-pocket disbursements incurred by Akerman during the First Interim Compensation Period.  Attached as <u>Exhibit C</u> is a summary of these expenses, including expenses relating to the hosting of data, discovery document review and discovery consulting services by an outside eDiscovery vendor.

11.     Attached as <u>Exhibit D</u> are Akerman's contemporaneous time records and expense records for the First Interim Compensation Period, from which the summaries described below were prepared.

## SUMMARY OF SERVICES PERFORMED BY <u>AKERMAN DURING THE FIRST INTERIM COMPENSATION PERIOD</u>

12.     Akerman performed significant legal services on behalf of the Trustee as further detailed below.  This summary is intended only to highlight the services that Akerman rendered to the Trustee and is not meant to provide a detailed description of all such services.

13.     The majority of the services rendered by Akerman during the First Interim Compensation Period relate to the discovery in the prosecution of the D&O Action.

14.     As a result of certain technical issues from the previous rolling production in the D&O Action, together with the dismissal of the D&O Action against the independent officers and directors as well as the dismissal of certain causes of action against Eluz, counsel for Eluz requested that the Trustee produce, in their native format, a significant number of

41806161;2

documents from the Ampal server.

15.     While the production previously made followed a series of agreed upon search terms between counsel for the Trustee and counsel for the Defendant, Eluz's counsel requested that the production be made of the entire documents so as to avoid a possible replication of the technical error that occurred in the previous production.[2]

16.     Akerman negotiated revised discovery schedules and protocol for the delivery of the documents and, with the assistance of an outside eDiscovery vendor, produced voluminous documents and electronic records to Eluz.  Akerman's attorneys, in consultation with the eDiscovery vendor, processed and prepared in excess of 140,500 documents obtained from the Ampal servers for production to opposing counsel and for internal review.

17.     Akerman reviewed and analyzed in excess of 80,000 English language documents.  In addition, Akerman facilitated the translation of the Hebrew-language documents with the eDiscovery vendor for subsequent review.

18.     Akerman has reviewed the documents to identify those that are relevant to the remaining claims in the D&O Action.  This significant undertaking led by Akerman attorneys who are extremely knowledgeable in electronic discovery, has been performed in a very efficient manner and at a very reasonable cost to the estate.

19.     Akerman is now in the final phase of fact discovery and anticipates that all fact discovery will be completed by the current fact discovery deadline of February, 2018.

## REQUEST FOR INTERIM COMPENSATION

20.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's

---

[2]  A significant portion of the e-mails produced in the prior production had been delinked from certain family members.

41806161;2

award of such compensation. 11 U.S.C. § 331. Section 330 provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

21.     Akerman respectfully submits that the professional services rendered for and on behalf of the Trustee were necessary and reasonable, and serve to preserve and maximize value for the benefit of the estate.  The compensation requested herein is extremely reasonable in light of the nature, extent, and value of the services rendered to the Trustee.

22.     Compensation for the foregoing services as requested is commensurate

6

41806161;2

with the complexity, importance, and nature of the problems, issues, and tasks involved.  The

fees sought by Akerman in this Application are commensurate with fees awarded to Akerman in

other cases and the fees charged by comparable law firms.  *See In re First Colonial Corporation

of America*, 544 F.2d 1291 (5th Cir. 1977), *reh'g denied*, 547 F.2d 573, *cert. denied*, 431 U .S.

904 (1977).

23.     Further, Akerman assigned the work performed in this case to attorneys

and paraprofessionals having the experience and specialization to perform the services required

efficiently and properly.  The attorneys and paraprofessionals providing the services for which

compensation is sought, specialize in the fields of litigation and insolvency.  Moreover,

Akerman, as a general practice, seeks to use the services of paraprofessionals and legal assistants

supervised by attorneys whenever appropriate to limit costs and more efficiently utilize the

services of attorneys.  Akerman has followed this practice with respect to the services rendered

to the Trustee.  Finally, in rendering services to and on behalf of the Trustee, Akerman took

every care to provide the legal services as efficiently as possible and to avoid duplication of

services.

24.     In sum, the services rendered by Akerman were necessary and beneficial

to the Trustee and the Debtor's estate and were consistently performed in a timely manner

commensurate with the complexity, importance, and nature of the issues involved. Accordingly,

approval of the compensation for professional services and reimbursement of expenses sought

herein is warranted.

## <u>ACTUAL AND NECESSARY EXPENSES INCURRED</u>

25.     As set forth in <u>Exhibit C</u> hereto, in providing professional services during

the First Interim Compensation Period, Akerman has incurred costs and expenses in the amount

41806161;2

of $43,223.71. These expenses are reasonable and necessary and were essential to the overall administration of Akerman's representation as special litigation counsel to the Trustee in this chapter 7 case.

## COMPLIANCE WITH THE FEE GUIDELINES

26.     As set forth in the Certification of John P. Campo annexed hereto as Exhibit E, Akerman believes that this Application is in compliance with Fee Guidelines.

27.     No prior application has been made to this or any other Court for the relief requested herein for the First Interim Compensation Period, nor has any payment been received by Akerman on account of the legal services rendered in connection therewith, except as set forth herein. In addition, none of the requested fees and expenses are to be shared by Akerman with any other party, nor are these or any other fees and expenses subject to a sharing agreement between Akerman and any third party.

28.     Notice of the Application has been given in accordance with the Order limiting notice entered in this case on September 12, 2013 [Doc. No. 342], and Akerman will have personally served copies of the Application with exhibits on the Trustee and the United States Trustee.

**WHEREFORE**, Akerman respectfully requests that this Court enter an order (a) approving the allowance and payment of compensation incurred in the amount of $305,762.50, and reimbursement of expenses incurred in the amount of $43,223.71 for the First Interim Compensation Period; (b) authorizing and directing the Trustee to pay Akerman's such allowed amounts; and (c) granting such other and further relief as this Court deems just and proper.

41806161;2

Dated: New York, New York
     September 28, 2017

AKERMAN LLP


By:     */s/John P. Campo*
       John P. Campo
       Scott M. Kessler
       666 Fifth Avenue, 20th Floor
       New York, New York  10103
       Tel. No. (212) 880-3800

*Special Litigation Counsel for the Trustee*

# EXHIBIT A

# RETENTION ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                    :    Chapter 7
                                                         :
AMPAL-AMERICAN ISRAEL CORPORATION,     :    Case No. 12-13689 (SMB)
                                                         :
                    Debtor.                           :
                                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER AUTHORIZING RETENTION OF AKERMAN LLP
### AS SUBSTITUTE SPECIAL LITIGATION COUNSEL
### FOR THE CHAPTER 7 TRUSTEE

Upon the application (the "Application") of Alex Spizz, as chapter 7 trustee (the "Trustee") for the estate of Ampal-American Israel Corporation (the "Debtor"), for an order authorizing him to employ and retain, pursuant to Sections 327 and 330 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, Akerman LLP ("Akerman"), as substitute special litigation counsel for the Trustee on behalf of the Debtor's estate; and upon the declaration of John P. Campo, attached to the Application; and the Court being satisfied that Akerman represents no interest adverse to the Debtor's estate with respect to the matters upon which Akerman is to be engaged and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code; and that Akerman's employment is necessary and would be in the best interest of the Debtor's estate; and sufficient cause appearing therefore, it is hereby **ORDERED** as follows:

1.      ~~The Application is granted.~~**[SMB: 12/2/16]**

2.      Pursuant to section 327(a) of the Bankruptcy Code, the Trustee is authorized to employ and substitute Akerman, effective as of September 30, 2016, in connection with the D&O Matter pursuant to the terms set forth in the Application.

3.       Akerman shall use all reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in this case;

4.       Akerman shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses pursuant to, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of New York, and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (collectively, the "Fee Guidelines");

5.       Prior to any rate increases by any professionals employed by Akerman, Akerman will provide, on ten (10) business days, notice of the rate increase to the United States Trustee, and will file such notice with the Court.  The United States Trustee retains its rights to object to any rate increase on grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court may review any rate increase pursuant to Section 330 of the Bankruptcy Code;

6.       The Fee Structure set forth in the Application is approved; and

7.       The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**CONSENTED TO:**

Dated: New York, New York          **TROUTMAN SANDERS LLP**
      November 8, 2016

By: /s/ Lee Stremba
      Lee Stremba
      875 Third Avenue
      New York, New York 10022
      Tel.: (212) 704-6000

**NO OBJECTION:**

Dated: New York, New York          **UNITED STATES TRUSTEE, REGION 2**
      November 10, 2016

By: /s/ Andrew Velez-Rivera
      Andrew Velez-Rivera, Trial Attorney
      201 Varick Street, Suite 1006
      New York, New York 10014
      Tel. No.: (212) 510-0500

Dated: New York, New York
      December 2, 2016

**/s/ STUART M. BERNSTEIN**
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## SUMMARY OF HOURLY FEES BY PROFESSIONAL AND PARA-PROFESSIONALS
## FOR THE PERIOD OF SEPTEMBER 30, 2016 THROUGH SEPTEMBER 25, 2017

### AMPAL – D&O

| NAME OF PROFESSIONAL | TITLE | YEAR ADMITTED | TOTAL HOURS | HOURLY RATE* | TOTALS | REDUCED HOURLY RATE* | REDUCED TOTALS |
|---|---|---|---|---|---|---|---|
| J. CAMPO | PARTNER | 1981 | 167.00 | $950.00 | $158,650.00 | $475.00 | $79,325.00 |
| S. BALASCHAK | PARTNER | 1986 | 1.50 | $800.00 | $1,200.00 | $400.00 | $600.00 |
| D. GRAHAM | PARTNER | 2008 | 1.40 | $650.00 | $910.00 | $325.00 | $455.00 |
| S. KESSLER | PARTNER | 2004 | 45.50 | $605.00 | $27,527.50 | $302.50 | $13,763.75 |
| J. LEVIT | OF COUNSEL | 1993 | 3.20 | $505.00 | $1,616.00 | $252.50 | $808.00 |
| E. BERGER | PARTNER | 2004 | 1.10 | $430.00 | $473.00 | $215.00 | $236.50 |
|  |  |  |  |  |  |  |  |
| R. VARGAS | ASSOCIATE | 2012 | 274.30 | $370.00 | $101,491.00 | $185.00 | $50,745.50 |
| R. WEITZEL | ASSOCIATE | 2009 | 62.90 | $355.00 | $22,329.50 | $177.50 | $11,164.75 |
| V. GARCIA | ASSOCIATE | 2015 | 327.30 | $315.00 | $103,099.50 | $157.50 | $51,549.75 |
| G. KUBLY | ASSOCIATE | 2007 | 311.20 | $315.00 | $98,028.00 | $157.50 | $49,014.00 |
| B. JIMENEZ | ASSOCIATE | 2012 | 107.60 | $245.00 | $26,362.00 | $122.50 | $13,181.00 |
| S. RATTIGAN | ASSOCIATE | 2015 | 97.40 | $240.00 | $23,376.00 | $120.00 | $11,688.00 |
|  |  |  |  |  |  |  |  |
| H. KOGAN | PARALEGAL | N/A | 2.50 | $320.00 | $800.00 | $160.00 | $400.00 |
| R. DELPINO | PARALEGAL | N/A | 47.10 | $295.00 | $13,894.50 | $147.50 | $6,947.25 |
| N. BAYSDEN | PARALEGAL | N/A | 167.20 | $190.00 | $31,768.00 | $95.00 | $15,884.00 |
| TOTAL FEES INCURRED: |  |  |  |  | $611,525.00 |  |  |
| REDUCED TOTAL FEES INCURRED: |  |  |  |  |  |  | $305,762.50 |
| TOTAL HOURS: |  |  | 1,617.20 |  |  |  |  |
| BLENDED REDUCED RATE: |  |  |  |  | $189.07 |  |  |

*Rate reflects blended hourly rate for timekeeper

# EXHIBIT "C"

**SUMMARY OF EXPENSES BY CATEGORY FOR THE PERIOD
SEPTEMBER 30, 2016 THROUGH AND INCLUDING SEPTEMBER 25, 2017**

| DESCRIPTION | TOTAL |
|---|---|
| Computer Research (PACER): | $19.50 |
| Transportation (Local Travel): | 277.47 |
| Meals: | 102.38 |
| Postage: | 5.11 |
| Telephone Conferencing: | 5.17 |
| Court Reporter Fees: | 31.20 |
| Court Fees: Recording Nassau County | 3.73 |
| eDiscovery Vendor: | 42,779.15 |
| **TOTALS:** | **$43,223.71** |

# EXHIBIT "D"

# TIME RECORDS

**UPON WRITTEN REQUEST TO:**

**REYKO E. DELPINO, PARALEGAL**
**AKERMAN LLP**
**666 FIFTH AVENUE, 20TH FLOOR**
**NEW YORK, NY 10103**

**COPIES OF THE TIME RECORDS IN DETAIL HAVE ATTACHED TO THE COPIES OF THE APPLICATION PROVIDED TO THE COURT AND TO THE UNITED STATES TRUSTEE.**

**COPIES WILL ALSO BE MADE AVAILABLE FOR REVIEW AT THE OFFICES OF AKERMAN LLP OR WILL BE SENT TO ANY REQUESTING PARTY**

# EXHIBIT "E"

# CERTIFICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                                   :    Chapter 7
                                                                        :
AMPAL-AMERICAN ISRAEL CORPORATION,          :    Case No. 12-13689 (SMB)
                                                                        :
                    Debtor.                                    :
                                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CERTIFICATION OF JOHN P. CAMPO PURSUANT TO FEE
GUIDELINES FOR FEES AND DISBURSEMENTS IN SOUTHERN
DISTRICT OF NEW YORK BANKRUPTCY CASES**

I, John P. Campo, certify, as follows:

1.       I am an attorney duly admitted to practice law in the State of New York, and am

a partner in the law firm of Akerman LLP ("Akerman").  I submit this certification with respect

to the First Interim Application for Compensation and Reimbursement of Expenses for the

Period from September 30, 2016 through and including September 25, 2017 (the "Application").

2.       I make this certification in accordance with the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to

General Order M-447 (Jan. 29, 2013) (the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

under 11 U.S.C. § 330, dated June 4, 2004, as amended on November 25, 2009 (the "UST

Guidelines," and together with the Local Guidelines, the "Fee Guidelines").

3.       In connection therewith, I hereby certify that:

(a)       I have read the Application and, to the best of my knowledge, information and

belief, formed after reasonable inquiry, the Application complies with the Fee Guidelines;

(b)      To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Fee Guidelines, except as specifically noted in this certification and/or in the Application;

(c)      To the best of my knowledge, information and belief formed after reasonable inquiry, except as set forth in the Application, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Akerman and generally accepted by Akerman's clients; and

(d)      To the best of my knowledge, information and belief, formed after reasonable inquiry, and except as otherwise stated in the Application, in providing reimbursable services: Akerman does not make a profit on those services; in charging for a particular service, Akerman does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; in seeking reimbursement for services which Akerman justifiably purchased or contracted from a third party, Akerman seeks reimbursement only for the amount paid by Akerman to such eDiscovery vendor.

5.      Pursuant to section B(3) of the the Local Guidelines, I certify that the Trustee has been provided with a copy of the Application at least fourteen (14) days before the date set by the Court for the hearing on the Application.

Dated: New York, New York
        September 28, 2017                        */s/John P. Campo*
                                                John P. Campo