TARTER KRINSKY & DROGIN LLP
Counsel to the Chapter 7 Trustee
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

                        Debtor.
-----------------------------------------------------------------X

Chapter 7

Case No. 12-13689 (SMB)

# TRUSTEE'S SIXTH STATUS REPORT

This status report is being filed with the Court to advise the Court, creditors, equity holders and other interested parties of Ampal-American Israel Corporation ("Ampal") of significant events which have recently occurred in this Chapter 7 Bankruptcy Case.

1.    Prior Status Reports discussed the various arbitration proceedings concerning Ampal's 12.5% ownership interest in East Mediterranean Gas Company, S.A.E., an Egyptian joint stock company ("EMG"). Familiarity with those Status Reports is assumed.

2.    On December 28, 2017 an arbitration Tribunal under the auspices of the United Nations Commission on International Trade Law ("UNCITRAL") issued a Partial Award, in which it ruled on jurisdiction and liability in favor of Merhav Ampal Energy Holdings LP ("MAEH") and others against the Arab Republic of Egypt ("Egypt"). The Debtor's subsidiary Merhav Ampal Group ("MAG") has a fifty (50%) percent interest in MAEH.

3.    The Tribunal accepted jurisdiction over the dispute and found that Egypt violated a bilateral investment treaty between itself and the Republic of Poland for the reciprocal promotion

{Client/008427/BANK912/01491590.DOCX;2 }

and protection of investments signed on July 1, 1995 and entered into force on January 17, 1998 ("Poland-Egypt Treaty").

4. On jurisdiction, the Tribunal found specifically that: (i) the arbitration was properly commenced under the 2010 UNCITRAL Rules and the Permanent Court of Arbitration had the authority to act as the appointing authority; (ii) the claimants' investment was not obtained illegally; (iii) the claimants are Polish investors protected under the Poland-Egypt Treaty; (iv) the claims related to breaches of the Poland-Egypt Treaty; (v) the claims did not constitute an abuse of process; and (vi) Egypt's objection that the claimants' claims were premature was moot.

5. On liability, the Tribunal found that the conduct of Egypt's State-owned entities, the Egyptian General Petroleum Company and the Egyptian Natural Gas Holding Company ("EGPC/EGAS"), was attributable to Egypt under international law, and that: (i) Egypt breached the Poland-Egypt Treaty's guarantee of fair and equitable treatment by revoking EMG's free-zone status and repudiating the Gas Purchase and Supply Agreement ("GSPA") with EMG; and (ii) each of those violations also constituted an unlawful expropriation under the Poland-Egypt Treaty.

6. The findings of the UNCITRAL Tribunal are in line with the prior awards issued under the auspices of the International Chamber of Commerce ("ICC"), the World Bank International Centre for Settlement of Investment Disputes ("ICSID"), and the Cairo Regional Centre for International Commercial Arbitration ("CRCICA"), all of which made similar findings on liability. The UNCITRAL Tribunal further indicated that it would make its determination on the issue of the damages following receipt of the CRCICA damages award.

7. On January 31, 2018, the CRCICA Tribunal issued its Second Partial Final Award. Having previously found, on April 7, 2017, that EGPC/EGAS wrongfully terminated and repudiated the GSPA with EMG, the Second Partial Final Award deals with issue of damages. The Tribunal awarded EMG the sum of US$1,051,260,587, and ruled that EGPC/EGAS are entitled to a

credit against that amounts of US$15,050,166 (together with US$1,600,000 in interest) and US$1,825,000, yielding a net total of US$1,032,785,421 in damages for EMG. The Tribunal also awarded pre-award interest from May 9, 2012 until January 31, 2018 at three (3%) over 6-month US dollar LIBOR compounded annually and post-award interest at five (5%) percent simple interest from the date of the award.  The CRCICA Tribunal is likely to issue its Final Award on costs in the near future. Now that the CRCICA Tribunal has issued its award on damages, it is expected that both the ICSID and UNCITRAL Tribunals will be issuing their final awards on the issue of damages as well in the near future.

8. After the CRCICA Tribunal issues its Final Award, it is possible that EGPC/EGAS will seek to have the award set aside in Egyptian courts.  The previously issued ICC Award in the amount of approximately US$324,000,000 remains unpaid by EGPC/EGAS, although the Federal Supreme Court of Switzerland rejected EGPC/EGAS's attempt to set aside that award on April 25, 2017.

Dated: New York, New York
February 7, 2018

By:    s/ Alex Spizz
    Alex Spizz, Esq.
    Chapter 7 Trustee of
    Ampal-American Israel Corporation