TARTER KRINSKY & DROGIN LLP
Counsel to the Chapter 7 Trustee
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,              Chapter 7

                                     Debtor.              Case No. 12-13689 (SMB)
-----------------------------------------------------------X

## DECLARATION OF ZVI HAHN, ESQ.

      Zvi Hahn, being duly sworn, submits this Declaration pursuant to 28 § 1746 under penalties of perjury and states as follows:

      1.    I am a partner at the law firm of Steptoe & Johnson LLP ("Steptoe") located at 1114 Avenue of the Americas, New York, New York 10036.

      2.    I am a member in good standing of the bar of the State of New York. My specialty includes international tax planning for U.S. and foreign corporations and individuals.

      3.    I submit this Declaration pursuant to this Court's Order to Show Cause Scheduling Hearing on Request for Temporary Restraining Order dated June 21, 2018 and the Ex Parte Motion of Alex Spizz, Chapter 7 Trustee (Dkts. 800, 801).

      4.    Ampal American Israel Corporation, a New York corporation ("Ampal"), despite being in Chapter 7 liquidation, is required to file U.S. federal income tax returns pursuant to the provisions of the U.S. Internal Revenue Code of 1986, as amended (the "Code") and the

{Client/008427/BANK912/01593213.DOCX;1 }

Treasury regulations promulgated thereunder (the "Regulations"), and, subject to the provisions of the Code and the Regulations and certain special exceptions applicable to corporations in bankruptcy, is generally required to report for U.S. federal income tax purposes net taxable income and net taxable gains recognized by it during the liquidation bankruptcy proceedings.

5. To the best of my knowledge and belief, Ampal (as the parent of a consolidated group) reported for U.S. federal income tax purposes on its U.S. federal income tax return for the taxable year 2011 (IRS Form 1120), a consolidated net operating loss carry over of $94,235,950 to the following year, and on its U.S. federal income tax return for the taxable year 2016, a consolidated net operating loss carry over of $101,886,771 to the following year.

6. Dependent on the specific structure of any transaction regarding Ampal's arbitration claims, income or gain, as applicable, could be recognized by Ampal upon collecting on, or disposing of, its arbitration claims. This could occur in a tax year prior to the conclusion of the liquidation bankruptcy proceedings. Subject to the limitations under the Code and the Regulations, Ampal should be able to use unrestricted, unreduced and unused net operating losses it has carried over to the applicable taxable year to offset taxable gains or income recognized upon the collection on or disposition of its arbitration claims in such taxable year.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
July 2, 2018

Zvi Hahn, Esq.