Presentment Date and Time: **July 23, 2018 at 10:00 A.M.**
Objection Deadline: **July 20, 2018 at 4:00 P.M.**

TARTER KRINSKY & DROGIN LLP
Attorneys for Alex Spizz, Chapter 7 Trustee
1350 Broadway
New York, New York 10018
(212) 216-8000
Arthur Goldstein, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------x
In re:                                                              Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                  Case No. 12-13689 (SMB)

                                    Debtor.
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF PROPOSED ORDER ESTABLISHING NOTIFICATION PROCEDURES FOR CONTROLLING SHAREHOLDERS AND ENFORCING THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE,** that a proposed order, a copy of which is annexed hereto, will be presented for settlement and signature to the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, on **July 23, 2018** at **10:00 A.M. (EST),** at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), located at The Alexander Hamilton Custom House, One Bowling Green, Courtroom 723, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE,** that objections, or proposed counter-orders must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court; and (iii) be filed with the Bankruptcy Court electronically, in accordance with General Order No. M-399 (General Order No. M-399 can be found on the Court's official website at www.nysb.uscourts.gov), and a courtesy copy delivered to Judge Bernstein's Chambers and

served upon (a) Tarter Krinsky & Drogin LLP, counsel for Alex Spizz, Chapter 7 Trustee, 1350 Broadway, 11th Floor, New York, New York 10018 (Attn: Arthur Goldstein, Esq.), so as to be received **on or before July 20, 2018 at 4:00 p.m.** (the "Objection Deadline"). Unless an objection or counter-proposed order is received by the Objection Deadline, the proposed order may be signed and entered on the presentment date without further notice or hearing.

Dated: New York, New York
July 18, 2018

                           TARTER KRINSKY & DROGIN LLP
                           Attorneys for Alex Spizz, Chapter 7 Trustee

                           By: s/ Arthur Goldstein
                               Arthur Goldstein, Esq.
                               1350 Broadway, 11th Floor
                               New York, New York 10018
                               Phone: (212) 216-8000
                               Fax: (212) 216-8001
                               agoldstein@tarterkrinsky.com

**TARTER KRINSKY & DROGIN LLP**
Counsel to Alex Spizz, Chapter 7 Trustee
1350 Broadway
New York, New York 10018
(212) 216-8000
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
---------------------------------------x
In re:                                            Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,                Case No. 12-13689 (SMB)

                      Debtor.
---------------------------------------x

## ORDER ESTABLISHING NOTIFICATION PROCEDURES FOR CONTROLLING SHAREHOLDERS AND ENFORCING THE AUTOMATIC STAY

Upon (i) the *ex parte* motion (the "Motion") of Alex Spizz, the Chapter 7 trustee ("Trustee") of the estate of Ampal-American Israel Corporation ("Ampal" or "Debtor"), for an order pursuant to section 362(a)(3) of the Bankruptcy Code, and Affidavit of Alex Spizz, pursuant to Local Bankruptcy Rule 9077-1(a) and (b) (the "LBR Aff.") [Doc. No. 800]; (ii) Response of Merhav (M.N.F.) Limited, De Majorca Holdings Ltd., Di Rapallo Holdings Ltd. and Yosef A. Maiman ("Maiman") [Doc No. 803]; (iii) Declaration of Yosef A. Maiman [Doc. No. 803-1]; and (iv) Declaration of Zvi Hahn, Esq. [Doc. No. 804]; and a hearing having been held on June 21, 2018 to consider the Trustee's request for a temporary restraining order; and an Order to Show Cause Scheduling Hearing on Request for Temporary Restraining Order having been entered by the Court on June 21, 2018 ("OSC") [Doc. No. 801] which provided in part that in the event the Controlling Entitles or Controlling Shareholders wish to (i) dispose of any Restrictive Interests; or (ii) take a worthless deduction in connection with any Ampal Shares, the

{Client/008427/BANK912/01600448.DOCX;1 }

Controlling Entities or Controlling Shareholders must provide the Trustee with written notice at least seven (7) days prior to the consummation of any such transactions or deduction; and scheduling a hearing for July 2, 2018 at which time the OSC was extended on the record to July 12, 2018; and a hearing having been held on July 12, 2018; it is

**ORDERED**, that a status hearing shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge on the 31st day of July, 2018 at 10:00 a.m. of that day or as soon thereafter as counsel may be heard (the "Hearing"), in courtroom number 723 of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408, to consider why an order should not be issued and entered pursuant to Bankruptcy Code section 362(a)(3), enforcing the automatic stay and permanently enjoining the Controlling Shareholders from (i) entering into, being a party to, effecting, doing, taking or permitting any Restricted Transaction (as defined below), and from (ii) taking a worthless stock deduction in connection with (or treating as worthless for any U.S. tax purposes) any Ampal Shares (as defined below).

For purposes of this Order:

(i) "Restricted Transaction" shall mean,

    (a) Transferring (or otherwise granting beneficial ownership or interests in), redeeming, issuing, receiving or acquiring (or otherwise acquiring beneficial ownership or interests in) any Restricted Interests (as defined below);

    (b) Issuing, granting, acquiring, exercising or transferring any Option to acquire or in respect of any Restricted Interests; and

    (c) Any action, transaction or reorganization that otherwise would constitute an "owner shift" involving any of the Controlling Shareholders or an "equity structure shift"

involving Ampal or any of the Controlling Entities, in each case, within the meaning of Code Section 382(g) and the Treasury Regulations thereunder; and

(ii) "Restricted Interests" shall mean,

(i) any shares or any other instruments, notes, Options or contracts constituting "stock" within the meaning of Code Section 382 and the Treasury Regulations thereunder of Ampal (together, "Ampal Shares"), and

(ii) any shares or any other instruments, notes, Options or contracts constituting "stock" (within the meaning of Code Section 382 and the Treasury Regulations thereunder) of any Controlling Entity; and

(iii) "Option" shall mean any right to acquire or sell (or with respect to) any Restricted Interests, including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable;

(iv) "Beneficial ownership" (or any variation thereof of Restricted Interests) shall be determined in accordance with applicable rules under Code Section 382 and the Treasury Regulations promulgated thereunder, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases to the extent set forth in Treasury Regulations Section 1.382-4, the ownership of an Option to acquire Restricted Interests; and it is further

**ORDERED**, that pending the Hearing in the event Yosef A. Maiman, as the sole shareholder of the Controlling Entities, wishes to (i) dispose of any of the Restricted Interests, including through a disposition of any options; or (ii) take a worthless stock deduction in connection with (or treating as worthless for any U.S. tax purposes) any Ampal Shares, Yosef A. Maiman must, at least seven (7) days prior to the consummation of any such transaction or deduction, provide written notice to Alex Spizz, as Chapter 7 Trustee, of such proposed transaction or deduction.

**ORDERED**, that any Restricted Transaction or worthless stock deduction taken, done, effected, permitted or entered into (or to which Yosef A. Maiman, directly or indirectly, is a party) in violation of this Order is void *ab initio*.

Dated: New York, New York
_____, 2018

                                              **HONORABLE STUART M. BERNSTEIN**
                                              **UNITED STATES BANKRUPTCY JUDGE**