UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------x

In re:                                                                    Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,          Case No. 12-13689 (SMB)

                        Debtor.
---------------------------------------------------------------x

**FINAL ORDER ESTABLISHING NOTIFICATION
PROCEDURES FOR CONTROLLING ENTITIES AND
SHAREHOLDER AND ENFORCING THE AUTOMATIC STAY**

Upon the (i) *ex parte* motion dated June 19, 2018 (the "Motion") of Alex Spizz, the Chapter 7 trustee ("Trustee") of the estate of Ampal-American Israel Corporation ("Ampal" or "Debtor") [Doc. No. 800], for an order pursuant to section 362(a)(3) of the Bankruptcy Code, enforcing the automatic stay and enjoining De Majorca Holdings Ltd. ("De Majorca"), Di Rapallo Holdings Ltd. ("Di Rapallo"), and Merhav (M.N.F.) Ltd. ("Merhav") (collectively, the "Controlling Entities"), and Yosef A. Maiman ("Maiman") (the "Controlling Shareholder") from (a) entering into, being a party to, effecting, doing, taking or permitting any Restricted Transaction (as defined in the Motion); and from (b) taking a worthless stock deduction in connection with, or treating as worthless for any U.S. tax purposes, any Ampal Shares (as defined in the Motion) all as more fully described in the Motion; (ii) Merhav, Maiman, De Majorca and Di Rapallo's Response to the Motion [Doc. No. 803]; (iii) Maiman's Declaration [Doc. No. 803-1]; and (iv) Declaration of Zvi Hahn in support of the Motion [Doc. No. 804]; and the Court having jurisdiction to hear and consider the Motion and the requested relief; and a hearing having been held to consider the relief requested in the Motion; and upon the consent of the Trustee, the Controlling Entities, and the Controlling Shareholder, it is

**FOUND** that the Debtor's net operating loss carry forward and certain other tax attributes are property of the Debtor's estate, and are protected by section 362(a) of the Bankruptcy Code; and it is further

**FOUND** that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

**THEREFORE**, it is

**ORDERED**, that the Motion is granted as provided herein on a final basis; and it is further

**ORDERED**, for purposes of this Order:

(i)    "Restricted Transaction" shall mean,

(a)    Transferring (or otherwise granting beneficial ownership or interests in), redeeming, issuing, receiving or acquiring (or otherwise acquiring beneficial ownership or interests in) any Restricted Interests (as defined below);

(b)    Issuing, granting, acquiring, exercising or transferring any Option to acquire or in respect of any Restricted Interests; and

(c)    Any action, transaction or reorganization that otherwise would constitute an "owner shift" involving any of the Controlling Entities or the Controlling Shareholder or an "equity structure shift" involving Ampal or any of the Controlling Entities, in each case, within the meaning of Code Section 382(g) and the Treasury Regulations thereunder; and

(ii)    "Restricted Interests" shall mean,

(i)    any shares or any other instruments, notes, Options or contracts constituting "stock" within the meaning of Code Section 382 and the Treasury Regulations thereunder of Ampal (together, "Ampal Shares"), and

(ii) any shares or any other instruments, notes, Options or contracts constituting "stock" (within the meaning of Code Section 382 and the Treasury Regulations thereunder) of any Controlling Entity; and

(iii) "Option" shall mean any right to acquire or sell (or with respect to) any Restricted Interests, including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable;

(iv) "Beneficial ownership" (or any variation thereof of Restricted Interests) shall be determined in accordance with applicable rules under Code Section 382 and the Treasury Regulations promulgated thereunder, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (C) in certain cases to the extent set forth in Treasury Regulations Section 1.382-4, the ownership of an Option to acquire Restricted Interests; and it is further

**ORDERED**, that in the event the Controlling Entities or the Controlling Shareholder wish to (i) dispose of any of the Restricted Interests, including through a disposition of any options; or (ii) take a worthless stock deduction in connection with, or treating as worthless for any U.S. tax purposes, any Ampal Shares, the Controlling Entities or the Controlling Shareholder must, at least fourteen (14) days prior to the consummation of any such transaction or deduction, provide written notice to Alex Spizz, as Chapter 7 Trustee, of such proposed transaction or deduction.

**ORDERED**, that any Restricted Transaction or worthless stock deduction taken, done, effected, permitted or entered into (or to which any Controlling Shareholder is a party) in violation of this Order is void *ab initio*; and it is further

**ORDERED**, that nothing in this order shall preclude the Controlling Entities or the Controlling Shareholder from filing a motion to lift the automatic stay to seek this Court's authorization to take any act prohibited by this Order.

**Dated: New York, New York**
**August 1, 2018**

                                      **/s/ STUART M. BERNSTEIN**
                                      **HONORABLE STUART M. BERNSTEIN**
                                      **UNITED STATES BANKRUPTCY JUDGE**