Hearing Date: December 17, 2019 at 10:00 a.m.
Objection Date: December 10, 2019 at 4:00 p.m.

**TARTER KRINSKY & DROGIN LLP**
*Counsel to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

          Debtor.
------------------------------------------------------------------------X
ALEX SPIZZ, as CHAPTER 7 TRUSTEE of AMPAL-
AMERICAN ISRAEL CORPORATION,

          Plaintiff,

 -against-

MERHAV (M.N.F.) LIMITED AND YOSEF A. MAIMAN,

          Defendants.
------------------------------------------------------------------------X

Chapter 7

Case No. 12-13689 (SMB)

Adv. Pro. No.: 15-01122 (SMB)

**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR APPROVAL OF
<u>SETTLEMENT AGREEMENT AND MUTUAL RELEASE</u>**

  **PLEASE TAKE NOTICE** that, upon the motion dated November 22, 2019 (the "Motion") Alex Spizz, as the Chapter 7 trustee (the "Trustee") of the Ampal-American Israel Corporation (the "Debtor"), by and through his undersigned counsel, Tarter Krinsky & Drogin LLP, the Trustee will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York 10004 on **December 17, 2019 at 10:00 a.m**. (the "Hearing"), or as soon thereafter as counsel can be heard, for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the *Settlement Agreement And Mutual Release* (the "Agreement") entered into by and between the Trustee, Merhav Ampal Group, Ltd. f/k/a Merhav-Ampal Energy Ltd. and Ampal (Israel), Ltd. and defendants Merhav (M.N.F.) Limited and Yosef A. Maiman (the "Defendants"), a copy of which is annexed to the Motion as **Exhibit 1.**

PLEASE TAKE FURTHER NOTICE, that copies of the Motion and the Agreement may be obtained by request made to Trustee's counsel, Arthur Goldstein, Esq. at agoldstein@tarterkrinsky.com.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Motion or the Agreement shall be set forth in a writing describing the basis therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and shall be (i) filed with the United States Bankruptcy Court for the Southern District of New York (a) in accordance with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy Rules 5005-1 and 9004-1, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York; (ii) in accordance with Local Bankruptcy Rule 9070-1, submitted in hard-copy form directly to the chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the Bankruptcy Court; and (iii) served upon: (a) Tarter Krinsky & Drogin LLP, counsel to Alex Spizz, as Chapter 7 Trustee, 1350 Broadway, 11th Floor, New York, NY 10018 (Attn: Arthur Goldstein, Esq.); (b) Daniel Law PLLC, Attorneys for Defendants, 305 Broadway, 7th Floor, New York, NY 10007 (Attn:

AC J. Daniel, Jr., Esq.); (c) Bryan Cave Leighton Paisner LLP, Attorneys for Defendants, 1290 6th Avenue, New York, NY 10104 (Attn: Stephanie Wickoski, Esq); and (d) the Office of the United States Trustee, 201 Varick Street, New York, New York 10014, so that same is filed and received no later than **December 10, 2019 at 4:00 p.m.**

   **PLEASE TAKE FURTHER NOTICE** that any party objecting to the relief requested by the Motion must appear at the Hearing. The Hearing may be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
    November 22, 2019

              Respectfully submitted,

              **TARTER KRINSKY & DROGIN LLP**

              By: /s/ Arthur Goldstein
                Alex Spizz, Esq.
                Arthur Goldstein, Esq.
                Jill Makower, Esq.
                1350 Broadway, 11th Floor
                New York, New York 10018
                Telephone: (212) 216-8000
                aspizz@tarterkrinsky.com
                agoldstein@tarterkrinsky.com
                jmakower@tarterkrinsky.com

                *Counsel to the Chapter 7 Trustee*

                        **Hearing Date: December 17, 2019 at 10:00 a.m.**
                        **Objection Date: December 10, 2019 at 4:00 p.m.**

**TARTER KRINSKY & DROGIN LLP**
*Counsel to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

                        Debtor.

Chapter 7

Case No. 12-13689 (SMB)

------------------------------------------------------------------------X
ALEX SPIZZ, as CHAPTER 7 TRUSTEE of AMPAL-AMERICAN ISRAEL CORPORATION,

                        Plaintiff,

   -against-

MERHAV (M.N.F.) LIMITED AND YOSEF A. MAIMAN,

                        Defendants.

Adv. Pro. No.: 15-01122 (SMB)

------------------------------------------------------------------------X

### CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR AN ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Alex Spizz, as the Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation (the "Debtor") in the above-captioned Chapter 7 case, by and through his undersigned counsel, submits this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order of this Court approving that certain *Settlement Agreement And Mutual Release* (the "Agreement") annexed

hereto as **Exhibit 1**. In support of the Motion, which, if granted, will result in resolution of all disputes between the parties including resolution of the above-captioned adversary proceeding, the Trustee represents as follows:

## JURISDICTION

1. Pursuant to 28 U.S.C. §1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper under 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief sought in this Motion is Bankruptcy Rule 9019.

## FACTS

**A.  GENERAL**

3. On August 29, 2012 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtor was an investment company, incorporated in New York, which primarily acquired interests in companies located or operating in Israel in the energy, chemicals, real estate, project development and leisure sectors. As of the Petition Date, the Debtor's principal assets were its direct and indirect equity holdings in over 80 corporations (the "Subsidiaries"), and the Debtor's business consisted of managing its equity investments in the Subsidiaries. None of the Debtor's Subsidiaries is a debtor in this or any other United States Bankruptcy Court and none is the subject of any bankruptcy case, insolvency proceeding or receivership proceeding outside of the United States except for the shares of Gadot Chemical Tankers and Terminals Ltd. ("Gadot"), which were in receivership in Israel and sold in the receivership for $73.3 million.[1]

---

[1] The proceeds of the sale were used to pay the obligation of MAG to Israel Discount Bank ("IDB"). The Debtor guaranteed MAG's obligation to IDB and IDB filed a claim in these proceedings in the amount of $76,107.151.00. As a result of the sale IDB has withdrawn its claim.

{Client/008427/BANK912/01965184.DOCX;1 }   2

5. On September 25, 2012, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee").

6. On April 8, 2013, the Court ordered the appointment of a Chapter 11 trustee and the Office of the U.S. Trustee thereafter designated Michael Luskin as Chapter 11 trustee.

7. Michael Luskin, as Chapter 11 trustee, moved to convert this case to Chapter 7 on the grounds that, among other things, the Debtor was administratively insolvent.

8. By Order dated May 2, 2013 (the "Conversion Date"), the Court converted the case to one under Chapter 7.

9. On May 3, 2013, the Office of the U.S. Trustee appointed Alan Nisselson as interim Chapter 7 trustee.

10. On May 20, 2013 (the "Election Date"), Alex Spizz was elected Chapter 7 Trustee of the Debtor pursuant to section 702 of the Bankruptcy Code and was duly qualified thereafter.

B. **THE ADVERSARY PROCEEDING**

11. On July 1, 2015, the Trustee commenced the above-captioned adversary proceeding No. 15-01122 (SMB) (the "Adversary Proceeding") against Merhav (M.N.F.) Limited ("M.N.F.") and Yosef A. Maiman ("Maiman") (FMN and Maiman collectively, the "Defendants"). In the complaint, the Trustee seeks to avoid and receive preferential transfers, fraudulent conveyances in excess of $630,000.00 and disallowance of certain Defendant claims.

12. Defendant Maiman was the Debtor's chairman of the Debtor's Board of Directors, its Chief Executive Officer, and the controlling shareholder the Defendant MNF.

13. In its answer to the Trustee's complaint, the Defendants deny the Trustee's material allegations and assert various affirmative defenses to the relief sought by the Trustee.

14. On November 15, 2018 the Bankruptcy Court heard and approved the Trustee's motion seeking entry of an order (the "Order"), pursuant to section 105(a) of the United States

Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Shareholder Rights Order, (a) authorizing the Trustee on behalf of the Debtor as the indirect controlling shareholder of MAG to authorize MAG to proceed with and effectuate the Stock Purchase Agreement dated September 26, 2018 with Emed Pipeline B.V., ("EMED") and (b) approving and authorizing the Trustee on behalf of the Debtor to execute the related Settlement Deed, among (i) the Trustee, (ii) Merhav (MNF) Ltd., (iii) Merhav Ampal Group Ltd., (iv) Merhav Ampal Energy Holdings LP ("MAEH"), (v) Yosef Maiman, (vi) EGI-Fund (08-10) Investors LLC, (vii) EGI-Series Investments LLC, (viii) Madrone Investments LP, (ix) Blue Ridge Limited Partnership, (x) Blue Ridge Offshore Master Limited Partnership, (xi) BSS-EMG Investors LLC, (xii) SFIP LP, (xiii) EGI-EMG LP, (xiii) David Fischer, (xiv) Jonathan Fischer and (xiv) The Arab Republic of Egypt (collectively, the "EMG Settlement Parties"). The sale closed on November 5, 2019.

15. The Trustee is presently holding, as of November 21, 2019, $157,537,843.00.[2] The funds on hand include (i) receipts in excess of $152,638,426.00 from the sale of MAG's EMG shares (of which the estate so far has received $5,000,000), Ampal's Settlement of Arbitrations for $84,529,170, MAG's receipt of $35,584,000 from MAEH (MAG is 50% equity owner of MAEH) from MAEH's sale of its EMG shares and settlement of the arbitrations (less taxes and related expenses) and $27,000,000 for the settlement of a judgment against Merhav (M.N.F.) Limited and Yosef A. Maiman. The Trustee anticipates additional recovery of assets for the benefit of the Debtor's estate including those relating to a pending action commenced by the Trustee against Irit Eluz, one of the Debtor's former officers, which action should proceed to trial sometime in 2020.

---

[2] Subject to checks that have not yet cleared relating to attorney fees for collection of a judgment against Maiman.

**C.    THE SETTLEMENT**

16.    After extensive discussions and negotiations, the Trustee, Merhav Ampal Group, Ltd. ("MAG") and Ampal (Israel) Ltd. ("Ampal Israel") and the Defendants entered into the Agreement, subject to Court approval. The terms of the Agreement provide, in part, that:

- The Trustee shall receive $27,000,000 in satisfaction of a judgment previously entered against MNF and Maiman (which has been received).

- The parties shall discontinue all actions presently pending amongst the other in the Bankruptcy Court, all other U.S. Courts and in the Israeli Courts.

- The parties shall be deemed to have released each other and those additional respective representatives affiliated with each of them, as set forth in the Agreement, from all claims of any kind, other than with respect to their obligations under the Agreement.

- Maiman shall withdraw his proofs of claim filed against the Debtor designated as claim numbers 5, 6, 21 & 106.

- After the closing of the bankruptcy case, the Trustee and MAG shall make reasonable efforts to return to the Defendants all physical computer servers, hard drives and data.

- After the closing of the bankruptcy case, the Trustee and MAG shall destroy all hard copies in their possession and control of confidential financial documents.

**REQUEST FOR RELIEF**

17.    By this Motion, the Trustee seeks approval of the Agreement pursuant to Bankruptcy Rule 9019(a).

**THE SETTLEMENT AGREEMENT SHOULD BE APPROVED**

18.    The Trustee believes that the proposed settlement embodied in the Agreement meets the requirements for a compromise of controversy under Bankruptcy Rule 9019. Bankruptcy Rule 9019(a) provides in relevant part: "upon a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

19. In deciding whether to approve a proposed settlement, a court must determine whether the proposal is "fair and equitable" and "in the best interests of the estate." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991); *In re Texaco*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985) (court should approve proposed settlement where it is in the bounds of reasonableness).

20. A court need not conduct an independent investigation in formulating its opinion as to the reasonableness of a settlement. *In re International Distribution Centers, Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989) (affirming bankruptcy's court's confirmation of proposed settlement on ground that settlement met or exceeded lowest standard of reasonableness); *In re Best Products Co., Inc.*, 168 B.R. 35, 50-51 (Bankr. S.D.N.Y. 1994), appeal dismissed, 177 B.R. 791 (S.D.N.Y. 1995), aff'd, 69 F.3d 26 (2d Cir. 1995). Indeed, the court need only determine whether the settlement "'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir. 1983) (citations omitted) (proposed settlement agreement between debenture holders and bankrupt estate ensuring debenture holders a nineteen percent refund of their investment was approved where the settlement could hardly be regarded as below the lowest point in the range of reasonableness); *Drexel*, 134 B.R. at 497.

21. The court in *Drexel* approved a settlement between the debtor and a corporate insider, a former corporate officer, and explained:

> Courts look to several factors which shed light on whether the compromise remains above the lowest point in the range of reasonableness. In determining whether a settlement is "fair and equitable," *i.e.*, within the range of reasonableness, courts should balance:
>
> a) the likelihood of success compared to the present and future benefits offered by the settlement;

  b) the prospect of complex and protracted litigation if settlement is not approved;

  c) the proportion of the . . . [creditors] . . . who do not object or who affirmatively support the proposed settlement;

  d) the competency and experience of counsel who support settlement;

  e) the relative benefits to be received by . . . [the creditors] . . . ;

  f) the nature and breadth of releases to be obtained by officers and directors; and

  g) g) the extent to which the settlement is the product of arms' length bargaining.

*Drexel*, 134 B.R. at 497 (cited in *Best Products*, 168 B.R. at 50). In *Drexel*, the court approved the proposed settlement, having found that it was above the lowest point in the range of reasonableness and that it was fair and equitable and in the best interests of the estate.

22. On behalf of the Trustee, it is respectfully submitted that the proposed settlement embodied in the Agreement more than sufficiently meets these standards.

23. The Agreement resolves all claims the Trustee, the Debtor and its affiliates have against MNF, Maiman and related parties as well as Maiman agreeing to withdraw all claims he has filed in this bankruptcy proceeding. The Trustee presently is holding cash in the approximate amount of $157,537,843[3] arising in the part from the sale of MAG's EMG shares, Ampal's settlement of arbitrations and settlement of the Maiman judgment. The Trustee anticipates ultimate distributions to unsecured creditors in excess of 50% of allowed unsecured claims. The Trustee believes that it would be beneficial to the estate for approval of the Agreement which resolves all claims the respective parties have against each other.

---

[3] Subject to checks that have not yet cleared relating to MAG's obligation to attorney fees in conclusion with collection of the Maiman judgment.

{Client/008427/BANK912/01965184.DOCX;1 }  7

24. In addition, although the Trustee believes he has grounds for overcoming the various affirmative defenses asserted by the Defendants in connection with the Adversary Proceeding, the Trustee has had to take cognizance of the very substantial legal fees he would incur on behalf of the estate were he to proceed to trial, likely by a jury, in the Adversary Proceeding. In addition, the Trustee will have to incur additional legal fees in connection with the objection of the claims filed by Maiman. It is anticipated that all of the Trustee's objections to the Maiman claims would be contested by Mr. Maiman. After taking into account the fees that will be incurred in connection with the Adversary Proceeding as well as objection to claims, the net benefit to the estate would be greatly reduced. These proceedings will not only be costly to the estate in terms of legal fees but could potentially delay the closing of this chapter 7 case and the final distribution to creditors.

25. The Trustee therefore respectfully submits that in light of the recent sale and settlement of the arbitrations, it is more beneficial and economically practical for the Debtor's estate and its creditors, and thus eminently reasonable, for the Trustee to resolve his claims against the Defendants pursuant to the terms of the Agreement, and that the settlement is fair and equitable and well within the range of reasonableness.

## **NOTICE**

26. Notice of the instant Motion shall be given to the (i) United States Trustee; (ii) the Debtor; (iii) all parties who served and filed a notice of appearance and requested service of documents; and (iv) in accordance with the Order Limiting Notice entered in this case on September 12, 2013 [Docket No. 342]. Notice of this Motion and of these Motion papers is also being filed electronically with this Court.

## NO PRIOR REQUEST

27. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order, in the form annexed hereto as **Exhibit 2**, approving, pursuant to Bankruptcy Rule 9019, the Agreement between the Trustee, Merhav Ampal Group, Ltd., Ampal (Israel) Ltd. and the Defendants.

Dated: New York, New York
November 22, 2019

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**

By: /s/ Arthur Goldstein
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
Telephone: (212) 216-8000
aspizz@tarterkrinsky.com
agoldstein@tarterkrinsky.com
jmakower@tarterkrinsky.com

*Counsel to the Chapter 7 Trustee*