**EXHIBIT 1**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made by and among **ALEX SPIZZ**, as Chapter 7 Trustee (the "Trustee") for *Ampal-American Israel Corporation* ("Ampal"), Case No. 12-13689-SMB (Bankr. S.D.N.Y.) (the "Case"), **MERHAV AMPAL GROUP, LTD.**, f/k/a MERHAV-AMPAL ENERGY, LTD. ("MAG"), an Israeli corporation, **AMPAL (ISRAEL) LTD.**, an Israeli Corporation ("Ampal Israel")(the Trustee, MAG and Ampal Israel collectively, the "Ampal Parties"), **MERHAV (M.N.F.) LIMITED** ("Merhav MNF"), an Israeli corporation, and **YOSEF A. MAIMAN** ("Maiman"), a citizen and resident of Israel (Maiman and Merhav MNF collectively, the "Maiman Parties"). The Ampal Parties and the Maiman Parties are referred to collectively as "the Parties".

**WHEREAS:**

1.  On May 20, 2013, the Trustee was elected Chapter 7 trustee in the Case. By order entered in the Case by the United States Bankruptcy Court for the Southern District of New York (the "Court"), the Trustee was authorized to exercise the rights of a shareholder with respect to subsidiaries of Ampal as of May 20, 2013. Ampal is an indirect controlling shareholder of MAG.

2.  In *Merhav Ampal Group, Ltd. v. Merhav (M.N.F.) Limited and Yosef A. Maiman*, Case No. 14-0235-SMB (Bankr. S.D.N.Y.) ("*MAG v. Merhav/Maiman*"), MAG obtained a money judgment against the Maiman Parties, which was entered on September 21, 2015 (the "Judgment").

3.  MAG has initiated proceedings to enforce the Judgment against the Maiman Parties and has sought domestication of the Judgment in other jurisdictions, including in the District Court of Tel Aviv, Israel, the State of Oklahoma, and the State of Florida.

{Client/008427/BANK912/01909381.DOCX;7 }

4. The Trustee filed an adversary proceeding against the Maiman Parties, *Alex Spizz v. Merhav (M.N.F.) Limited and Yosef A. Maiman*, Case No.15-01122-SMB (Bankr. S.D.N.Y.) ("*Spizz v. Merhav/Maiman*").

5. The Maiman Parties filed proofs of claim in the Case, Claim Numbers 5, 6, 21, and 106 (the "Maiman Claims").

6. Ampal, MAG, Merhav MNF, Maiman, and East Mediterranean Gas Company, S.A.E. ("EMG"), among others, are parties in international arbitration proceedings described in the Trustee's Sixth Status Report in the Case (Dkt. #787) (the "Arbitrations").

7. On or about September 26, 2018, Merhav MNF and other shareholders of EMG including MAG (the "Sellers") entered into Stock Purchase Agreements (the "SPAs") with EMED Pipeline B.V. ("EMED") as purchaser. Each SPA provided for the sale to EMED by the applicable Seller of its shares in EMG.

8. The Court authorized the Trustee to enter into a SPA on behalf of MAG by Order dated November 16, 2018 (Dkt. #822).

9. The SPA between Merhav MNF and EMED (the "Merhav MNF SPA") provides, inter alia, for payment to MAG of $27 million, which amount will be in full satisfaction of the Judgment, on the closing date of the transaction contemplated in the Merhav MNF SPA (the "Closing").

10. The Ampal Parties and the Maiman Parties wish to resolve all disputes between and among them, including but not limited to all disputes relating to *MAG v. Merhav/Maiman*, the Judgment, *Spizz v. Merhav/Maiman*, and the Maiman Claims.

11. In furtherance of the resolution of all disputes, the Trustee has voluntarily stayed certain actions against the Maiman Parties, including certain actions to enforce the Judgment and

pending judicial or other proceedings against the Maiman Parties; and, pending the approval by the Court of this Agreement, the Closing and payment of the purchase price to the Trustee and/or MAG and receipt of the $27 million by the Trustee intends to stay all pending enforcement proceedings and not to commence any new actions or proceedings against the Maiman Parties or Maiman's family members.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, with the intention of being legally bound hereto, agree as follows:

1.  **Bankruptcy Court Approval.** The effectiveness of this Agreement is subject to (i) the occurrence of the Closing, (ii) the entry of an order by the Court approving the Agreement, substantially in the form of order attached to this Agreement (the "Approval Order"), and (iii) the payment of $27,000,000.00 to MAG or the Trustee pursuant to the Merhav MNF SPA. The Agreement will be effective on the date (the "Effective Date") on which all of the following conditions have been met (i) the Closing has occurred, (ii) the Approval Order is entered, and (iii) $27,000,000.00 is paid to MAG or the Trustee pursuant to the Merhav MNF SPA. The Trustee shall use best efforts to obtain the Approval Order within 45 days of the Closing. The Approval Order must contain, at a minimum, the following holdings: (a) adequate and sufficient notice of the Agreement was given to all creditors and Parties in interest entitled to notice in the Case; (b) the Order and terms of the Agreement are binding on all such parties, and (c) the Trustee has authority to enter into the Agreement.

2. **Obligations on the Effective Date of this Agreement.** On the Effective Date of this Agreement, the Trustee and MAG shall:

   a. discontinue any and all actions to enforce or collect the Judgment against the Maiman Parties, including without limitation, conducting discovery or investigation as to assets,

   b. not commence any proceedings or process seeking to enforce the Judgment;

   c. discontinue any and all further proceedings or continuation of actions against Merhav MNF and/or Maiman in *Spizz v. Merhav/Maiman*;

   d. not commence, or participate or assist in the commencement of, any proceedings or actions against Merhav MNF or Maiman in any court or forum, in any jurisdiction;

   e. file within a reasonable time or join with Merhav MNF and Maiman in motions with the Court and all other courts or forums as may be necessary to stay any further proceedings against Merhav MNF or Maiman, and to suspend any applicable court orders or deadlines.

3. **Obligations following the Effective Date:**

   a. the Trustee, MAG and/or Ampal Israel shall, within ten (10) days of the Effective Date:

      i. file a Satisfaction of the Judgment in the appropriate US Court and make all other filings necessary to evince satisfaction and release of the Judgment with the Court and with all other courts or jurisdictions in which the Judgment has been recorded or

domesticated, or in which proceedings to recognize or enforce the Judgment have been commenced, including filing a voluntary consented to motion to dismiss the action filed in the <u>District Court of Tel Aviv</u>, Case Number 5467-07-17; the Maiman Parties, the Maiman Released Parties and anyone on their behalf hereby grant their consent to such motion, to the extent such consent is required;

    ii. file a Stipulation of Dismissal with prejudice in *Spizz v. Merhav/Maiman;*

    iii. file releases and/or any other filings necessary to release any and all claims or liens against the property of Merhav MNF, Maiman, and members of his immediate family;

b. Ampal Israel shall, within fifteen (15) days of the Effective Date, file a voluntary consented to motion to dismiss the action filed in District Court of Tel Aviv, Case Number 40663007015; the Maiman Parties, the Maiman Released Parties and anyone on their behalf hereby grant their consent to such motion, to the extent such consent is required;

c. the Maiman Parties shall, within fifteen (15) days of the Effective Date obtain a voluntary consented to dismissal of the action filed in Labor Court Tel Aviv, Number 37555-10-17;

d. the Trustee and MAG shall within fifteen (15) days of the closing of the Case:

    i. make reasonable efforts to cause to be returned to Merhav MNF and/or Maiman all of the physical computer servers and hard drives delivered

to MAG's computer consultant Force Majeure during discovery, and all copies of data from such servers and hard drives, including providing any necessary instructions and authorizations to Force Majeure and Tic Tac Technologies for the return of all such materials at the Maiman Parties expense. For the avoidance of doubt, providing such instructions to any third party who is in possession or control of such materials (including, but not limited, to Force Majeure and Tic Tac) for the return of such materials will constitute making the required reasonable efforts with respect to materials in the possession or control of such third party, and the Trustee and MAG will not be liable for any refusal or non-compliance from such third party or for any action or omission of such third party. In addition, the Maiman parties obligation for the expenses under this section is limited to the direct expenses of the return, and shall not include any existing or unrelated obligations of the Ampal Parties or any other party;

ii. make reasonable efforts to destroy all hard copies in their possession and control of confidential financial documents or information provided to them by Merhav MNF and/or Maiman during settlement discussions with MAG in 2016 or in subsequent discovery proceedings.

iii. certify in writing that reasonable efforts have been made to delete or otherwise destroy all copies in their possession and control of confidential financial documents or information provided by Merhav

    MNF and/or Maiman in electronic or digital form, whether in settlement negotiations or in formal discovery.

  e. Maiman and Merhav MNF shall, within 10 days of the Effective Date, file with the Court a withdrawal of the Maiman Claims.

4. **Mutual Release**. On the Effective Date:

  a. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Trustee, on behalf of Ampal, the Ampal bankruptcy estate, MAG and Ampal Israel, (the "Ampal Releasors"), hereby release and forever discharge Maiman, Merhav MNF, and Maiman family members (provided that the release of any Maiman family member shall be subject to the execution of a release by each of the respective Maiman family members in substantially in the form of Paragraph 4b), and their respective parents, subsidiaries, predecessors, successors, affiliates, and assigns, including but not limited to Helit Maiman, Noa Fanny Maiman, Ohad Maiman, and Yoav Moshe Maiman, (the "Maiman Released Parties"), from all actions, causes of action, obligations and duties, claims, third party claims, proofs of claim, counterclaims, cross-claims, rights of set-off, indemnification, contribution or recoupment, claims or defenses of abandonment, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity, whether known or unknown, asserted or unasserted,

which the Ampal Releasors ever had or now or may have against the Maiman Released Parties, by reason of any act, omission, matter, cause or thing whatsoever, from the beginning of the world to the date of this release, *provided* that nothing in this Agreement shall release or affect in any way any claims, rights, or obligations any Party has under this Agreement. For the avoidance of doubt, any and all third-party claims that are derivative or duplicative of claims asserted by the Trustee, or which otherwise could have been raised or asserted by the Trustee, against the Maiman Released Parties are expressly released and discharged pursuant to the immediately preceding sentence; Further, any and all indemnification claims, contribution claims or other claims, which the Ampal Releasors ever had, have now or may have in the future against any and all of the Maiman Released Parties by reason of any act, omission, matter, cause or thing whatsoever from the beginning of the world to the date of this release, relating to any past, present or future legal action initiated by any third party, are also hereby released and forever discharged;

b. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Maiman and Merhav MNF, on behalf of themselves and their respective subsidiaries, affiliates, and assigns including Maiman family members and including officers of the above companies ("Maiman Releasors"), hereby release and forever discharge Ampal, the Ampal Parties and the Trustee in his individual and

representative capacities, and each of their current and former officers, directors, subsidiaries, affiliates, managers, and their respective representatives, attorneys, agents, beneficiaries, subsidiaries, affiliates, and assigns and the Trustee's successors-in-interest ("Ampal Released Parties"), from all actions, causes of action, obligations and duties, claims, third party claims, proofs of claim, counterclaims, cross-claims, rights of set-off, indemnification, contribution or recoupment, claims or defenses of abandonment, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity, whether known or unknown, asserted or unasserted, which the Maiman Releasors ever had or now or may have against the Ampal Released Parties by reason of any act, omission, matter, cause or thing whatsoever from the beginning of the world to the date of this release; for the avoidance of doubt, any and all indemnification claims, contribution claims or other claims, which the Maiman Releasors ever had, have now or may have in the future against any and all of the Ampal Released Parties by reason of any act, omission, matter, cause or thing whatsoever from the beginning of the world to the date of this release, relating to any past, present or future legal action initiated by any third party, are also hereby released and forever discharged; *provided* that nothing in this Agreement shall release

or affect in any way any claims, rights, or obligations any Party has under this Agreement.

5. **Actions Required for Closing.** Each of the Parties agree to take all actions, including executing any documents, that are required on its part by the SPA to which it is party, to cause the Closing to occur.

6. **Proofs of Claim.** On the Effective Date, any and all proofs of claims filed by the Maiman Released Parties (including the Maiman Claims) in the Case shall be deemed null and void and expunged for purposes of distribution by Trustee upon his filing of an interim or final distribution to creditors in the Case.

7. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of New York without regard to its conflict of laws provisions except insofar as Israeli law and procedure is applicable to dismissal, to pending cases in Israeli courts, as provided in this Agreement, The Parties further agree that the Court shall retain jurisdiction to enforce this Agreement in accordance with terms thereof.

8. **Binding Nature.** This Agreement shall inure to the benefit of, and be binding upon, the Parties' respective predecessors, successors, and assigns, and upon the creditors and parties in interest of Ampal and the Ampal chapter 7 bankruptcy estate.

9. **Entire Agreement**. This Agreement supersedes all prior discussions and agreements between the Parties and contains the sole and entire agreement among the parties with respect to the subject matter of this Agreement. This Agreement may not be altered or modified except in writing signed by all the Parties.

10. **Full Authority.** The Parties represent and warrant that they have full, complete and absolute authority to enter into this Agreement, and to assert, to compromise, and to dispose of the claims, promises, and matters referenced in this Agreement.

11. **Counterparts.** This Agreement may be executed in any number of counterparts, including by electronic signature, each of which will be deemed an original, but all of which together will constitute the original Agreement.

12. **Severability; Mutual Drafting.** Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law. If any provision of this Agreement should be held invalid or unenforceable under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity but shall not invalidate the remainder of such provision or the remaining provisions of this Agreement. This Agreement shall be deemed to have been mutually prepared by the Parties and shall not be construed against any Party solely by reason of authorship.

13. **Opportunity to Consult Counsel.** The Parties confirm that they have been given the opportunity to engage and consult independent counsel regarding the terms and effect of this Agreement.

14. **Survival.** All representations, warranties, agreements, covenants, and obligations set forth in this Agreement shall be deemed continuing and shall survive the full execution of this Agreement.

Signed in counterpart as of this 21st day of November, 2019.

_____  
Alex Spizz  
TARTER KRINSKY & DROGIN LLP  
1350 Broadway, 11th Floor  
New York, NY 10018  
(212) 216-8000  
Fax: (212) 216-8001  
aspizz@tarterkrinsky.com  

*Chapter 7 Trustee of Ampal-American Israel Corporation*

MERHAV AMPAL GROUP, LTD.

By: _____  
　　Shlomi Kelsi  
ITS: _____

*/s/ Yosef A. Maiman*  
Yosef A. Maiman  
Havatzelet ha-Sharon Street 33  
Herzliya  
Israel  
yossi@merhav.com

MERHAV (M.N.F.) LIMITED

By: ____**MERHAV Mnf Ltd**_____  
　　Yosef A. Maiman  
ITS: _____

Ampal (Israel) LTD.

By: _____  
　　Shlomi Kelsi  
ITS: _____

{Client/008427/BANK912/01909381.DOCX;7 }　　　12

Signed in counterpart as of this 21st day of November, 2019.

_____  
Alex Spizz  
TARTER KRINSKY & DROGIN LLP  
1350 Broadway, 11th Floor  
New York, NY 10018  
(212) 216-8000  
Fax: (212) 216-8001  
aspizz@tarterkrinsky.com  

*Chapter 7 Trustee of Ampal-American Israel Corporation*

_____  
Yosef A. Maiman  
Havatzelet ha-Sharon Street 33  
Herzliya  
Israel  
yossi@merhav.com  

MERHAV AMPAL GROUP, LTD.

By: _____  
    Shlomi Kelsi  
ITS: Director

MERHAV (M.N.F.) LIMITED

By: _____  
    Yosef A. Maiman  
ITS: _____

Ampal (Israel) LTD.

By: _____  
    Shlomi Kelsi  
ITS: Director

Signed in counterpart as of this ____ day of November, 2019.

| | |
|---|---|
| _____ <br> Alex Spizz <br> TARTER KRINSKY & DROGIN LLP <br> 1350 Broadway, 11th Floor <br> New York, NY 10018 <br> (212) 216-8000 <br> Fax: (212) 216-8001 <br> aspizz@tarterkrinsky.com <br><br> *Chapter 7 Trustee of Ampal-American Israel Corporation* | _____ <br> Yosef A. Maiman <br> Havatzelet ha-Sharon Street 33 <br> Herzliya <br> Israel <br> yossi@merhav.com |

MERHAV AMPAL GROUP, LTD.                    MERHAV (M.N.F.) LIMITED

By: _____          By: _____
     Shlomi Kelsi                                                    Yosef A. Maiman
ITS: _____         ITS: _____


Ampal (Israel) LTD.


By: _____
     Shlomi Kelsi
ITS:_____