**TARTER KRINSKY & DROGIN LLP**
*Counsel to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Alex Spizz, Esq.
Arthur Goldstein, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

                              Debtor.
------------------------------------------------------------------------X

Chapter 7

Case No. 12-13689 (SMB)

### NOTICE OF CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9019 FOR APPROVAL OF SETTLEMENT AGREEMENT

**PLEASE TAKE NOTICE** that, upon the motion dated July 28, 2020 (the "Motion") Alex Spizz, as the Chapter 7 trustee (the "Trustee") of the Ampal-American Israel Corporation (the "Debtor"), by and through his undersigned counsel, Tarter Krinsky & Drogin LLP, the Trustee will move before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 on **August 20, 2020 at 10:00 a.m**. (the "Hearing"), or as soon thereafter as counsel can be heard, for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the *Settlement Agreement* (the "Agreement") entered into by

and between the Trustee, Merhav Ampal Group, Ltd. f/k/a Merhav-Ampal Energy Ltd. and Merhav (M.N.F.) Limited, a copy of which is annexed to the Motion as **Exhibit 1.**

**PLEASE TAKE FURTHER NOTICE**, that copies of the Motion and the Agreement may be obtained by request made to the Trustee Alex Spizz, Esq. at aspizz@tarterkrinsky.com.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the Motion or the Agreement shall be set forth in a writing describing the basis therefor, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and shall be (i) filed with the United States Bankruptcy Court for the Southern District of New York (a) in accordance with General Order M-399, electronically, by registered users of the Bankruptcy Court's case filing system, or (b) in accordance with Local Bankruptcy Rules 5005-1 and 9004-1, submitted to the Clerk of the United States Bankruptcy Court for the Southern District of New York; (ii) in accordance with Local Bankruptcy Rule 9070-1, submitted in hard-copy form directly to the chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the Bankruptcy Court; and (iii) served upon: (a) Tarter Krinsky & Drogin LLP, counsel to Alex Spizz, as Chapter 7 Trustee, 1350 Broadway, 11th Floor, New York, NY 10018 (Attn: Alex Spizz, Esq.); (b) Bryan Cave Leighton Paisner LLP, Attorneys for Defendants, 1290 6th Avenue, New York, NY 10104 (Attn: Stephanie Wickouski, Esq); and (c) the Office of the United States Trustee, 201 Varick Street, New York, New York 10014, so that same is filed and received no later than **August 13, 2020.**

**PLEASE TAKE FURTHER NOTICE** that any party objecting to the relief requested by the Motion must appear at the Hearing. The Hearing will be held telephonically via Court Solutions. Participants may sign up or register at www.court-solutions.com. The Hearing may

be adjourned, from time to time, by announcement in open Court without any further or other notice thereof.

Dated: New York, New York
July 28, 2020

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**

By: /s/ Alex Spizz
    Alex Spizz, Esq.
    Arthur Goldstein, Esq.
    Jill Makower, Esq.
    1350 Broadway, 11th Floor
    New York, New York 10018
    Telephone: (212) 216-8000
    aspizz@tarterkrinsky.com
    agoldstein@tarterkrinsky.com
    jmakower@tarterkrinsky.com

*Counsel to the Chapter 7 Trustee*

**TARTER KRINSKY & DROGIN LLP**
*Counsel to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Alex Spizz, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

Chapter 7

Case No. 12-13689 (SMB)

Debtor.
------------------------------------------------------------------------X

### CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR AN ORDER APPROVING SETTLEMENT AGREEMENT

Alex Spizz, as the Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation (the "Debtor") in the above-captioned Chapter 7 case, by and through his undersigned counsel, submits this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order of this Court approving that certain *Settlement Agreement* (the "Agreement") with Merhav (M.N.F.) Ltd. ("Merhav") annexed hereto as **Exhibit 1**. In support of the Motion, which, if granted, will result in resolution of all disputes between the parties as set forth herein in, the Trustee represents as follows:

## JURISDICTION

1. Pursuant to 28 U.S.C. §1334, the Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue is proper under 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief sought in this Motion is Bankruptcy Rule 9019.

## FACTS

### A. GENERAL

3. On December 17, 2019, this Court approved a Settlement Agreement and Mutual Release ("Settlement") among the Trustee, Merhav and related parties in connection with an adversary proceeding [15-01122-SMB, ECF No. 43].

4. The Settlement Agreement and Order provided that The Bankruptcy Court would retain jurisdiction over all disputes related to the Settlement.

5. Subsequent to the Settlement being approved a dispute arose between the Trustee and Merhav whereby Merhav made a claim against Ampal'a subsidiary Merhav Ampal Group, Ltd ("MAG") for $43,873 (the "Dispute").

6. The trustee rejected the claim upon the grounds that it was covered by the Settlement.

7. Merhav then filed a Motion for an Order Clarifying a Settlement (the "Motion to Clarify") [ECF No. 920] seeking an order determining that the Dispute was not covered by the Settlement.

8. The Motion to Clarify was heard on May 19, 2020 at which time the Court denied the Motion to Clarify without prejudice to Merhav having the right to file an adversary proceeding [Doc No. 925].

9. At the suggestion of the Court the parties stipulated to an order referring the Dispute to mediation [Doc No. 926].

10. On July 13, 2020, the parties engaged in mediation and successfully settled the Dispute and entered into a Settlement Agreement a copy of which is annexed as **Exhibit 1**.

11. It was agreed that MAG would pay Merhav $17,500 in full settlement of the Dispute.

## REQUEST FOR RELIEF

12. By this Motion, the Trustee seeks approval of the Agreement pursuant to Bankruptcy Rule 9019(a).

## THE SETTLEMENT AGREEMENT SHOULD BE APPROVED

13. The Trustee believes that the proposed settlement embodied in the Agreement meets the requirements for a compromise of controversy under Bankruptcy Rule 9019. Bankruptcy Rule 9019(a) provides in relevant part: "upon a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

14. In deciding whether to approve a proposed settlement, a court must determine whether the proposal is "fair and equitable" and "in the best interests of the estate." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991); *In re Texaco*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985) (court should approve proposed settlement where it is in the bounds of reasonableness).

15. A court need not conduct an independent investigation in formulating its opinion as to the reasonableness of a settlement. *In re International Distribution Centers, Inc.*, 103 B.R. 420, 422-23 (S.D.N.Y. 1989) (affirming bankruptcy's court's confirmation of proposed settlement on ground that settlement met or exceeded lowest standard of reasonableness); *In re*

*Best Products Co., Inc.*, 168 B.R. 35, 50-51 (Bankr. S.D.N.Y. 1994), appeal dismissed, 177 B.R. 791 (S.D.N.Y. 1995), aff'd, 69 F.3d 26 (2d Cir. 1995). Indeed, the court need only determine whether the settlement "'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 613 (2d Cir. 1983) (citations omitted) (proposed settlement agreement between debenture holders and bankrupt estate ensuring debenture holders a nineteen percent refund of their investment was approved where the settlement could hardly be regarded as below the lowest point in the range of reasonableness); *Drexel*, 134 B.R. at 497.

16. The court in *Drexel* approved a settlement between the debtor and a corporate insider, a former corporate officer, and explained:

> Courts look to several factors which shed light on whether the compromise remains above the lowest point in the range of reasonableness. In determining whether a settlement is "fair and equitable," *i.e.*, within the range of reasonableness, courts should balance:
>
> a) the likelihood of success compared to the present and future benefits offered by the settlement;
>
> b) the prospect of complex and protracted litigation if settlement is not approved;
>
> c) the proportion of the . . . [creditors] . . . who do not object or who affirmatively support the proposed settlement;
>
> d) the competency and experience of counsel who support settlement;
>
> e) the relative benefits to be received by . . . [the creditors] . . . ;
>
> f) the nature and breadth of releases to be obtained by officers and directors; and
>
> g) g) the extent to which the settlement is the product of arms' length bargaining.

*Drexel*, 134 B.R. at 497 (cited in *Best Products*, 168 B.R. at 50). In *Drexel*, the court approved

the proposed settlement, having found that it was above the lowest point in the range of reasonableness and that it was fair and equitable and in the best interests of the estate.

17.     On behalf of the Trustee, it is respectfully submitted that the proposed settlement embodied in the Agreement more than sufficiently meets these standards.

18.     The Agreement resolves the Dispute without the need for litigation which would most probably cost the Debtor's estate more than the agreed settlement amount in legal fees to defend.

19.     The Trustee therefore respectfully submits that it is beneficial for the Debtor's estate and its creditors, and thus eminently reasonable, for the Trustee to resolve the Dispute pursuant to the terms of the Agreement, and that the settlement is fair and equitable and well within the range of reasonableness.

## NOTICE

20.     Notice of the instant Motion shall be given to the (i) United States Trustee; (ii) the Debtor; (iii) all parties who served and filed a notice of appearance and requested service of documents; and (iv) in accordance with the Order Limiting Notice entered in this case on September 12, 2013 [Docket No. 342].  Notice of this Motion and of these Motion papers is also being filed electronically with this Court.

## NO PRIOR REQUEST

21.     No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order, in the form annexed hereto as **Exhibit 2**, approving, pursuant to Bankruptcy Rule 9019, the Agreement between the Trustee and Merhav.

Dated: New York, New York
July 28, 2020

Respectfully submitted,

**TARTER KRINSKY & DROGIN LLP**

By: /s/ Alex Spizz
Alex Spizz, Esq.
Jill Makower, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
Telephone: (212) 216-8000
aspizz@tarterkrinsky.com
jmakower@tarterkrinsky.com

*Counsel to the Chapter 7 Trustee*

**EXHIBIT 1**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between MERHAV (M.N.F.) LIMITED ("MNF") and MERHAV-AMPAL GROUP LTD. ("MAG," together with MNF, the "Parties") and is effective as of July 13, 2020.

## RECITALS

WHEREAS, MNF and MAG dispute whether MAG has an enforceable obligation to reimburse MNF in the amount of $43,873 (the "Dispute");

WHEREAS, on April 23, 2020, MNF filed a motion in the United States Bankruptcy Court for the Southern District of New York (the "Court"), seeking an order resolving the Dispute;

WHEREAS, on May 11, 2020, Alex Spizz, the chapter 7 trustee of Ampal-American Israel Corporation (the "Trustee") filed an objection to the motion;

WHEREAS, on May 19, 2020, a hearing was held wherein appearances were entered on behalf of the MNF and the Trustee;

WHEREAS, on June 18, 2020, an order was entered by the Court, referring the Dispute to mediation; and

WHEREAS, the Parties and their respective counsel, having participated in mediation, desire to resolve the Dispute as set forth herein.

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties enter into this Agreement and agree as follows:

1. **Court Approval.**

The effectiveness of this Agreement is subject to the entry of an order by the Court approving the Agreement (an "Approval Order"). MAG shall use best efforts to obtain an Approval Order within a reasonable time.

2. **Settlement Payment.**

In consideration of the Parties' execution of this Agreement and the covenants and obligations contained herein, MAG shall cause $17,500 (the "Settlement Payment") to be paid to MNF by wire transfer within fourteen (14) days of the entry of an Approval Order. The wire instructions are as follows:

| BANK NAME: | ISRAEL DISCOUNT BANK LTD |
|---|---|
| BRANCH NUMBER: | 0010 |
| BRANCH NAME: | TEL AVIV MAIN BRANCH |
| BIC CODE: | IDBLILITXXX |
| NUMBER IBAN (23 Digits): | IL210110100000005126543 |
| CURRENCY OF THE ACCOUNT: | US.DOLLAR |
| BENEFICIARY'S NAME: | MERHAV MNF LTD |
| BENEFICIARY'S ADDRESS: | 594 P.O.B HERZELIYA 46105 |

3. **Release.**

Upon receipt in full of the Settlement Payment, MNF, and its respective officers, directors, shareholders, parents, affiliates, subsidiaries, branches, divisions, agents and employees (the "Releasors"), in consideration of the execution of this Agreement and the covenants and obligations contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby releases and discharges the Trustee and his attorneys, MAG, its current and former officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, franchisees and agents, including the heirs, executors, administrators, receivers, predecessors, successors, assigns and agents of all of the foregoing (the "Releasees") from all actions, causes of action, liabilities, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, losses, costs, expenses, extents, executions, claims and demands whatsoever in law, admiralty or equity, which the Releasors ever had, now have, shall or may have against the Releasees relating to the Dispute.

4. **Authority.**

The Parties represent that they have the authority to enter into this Agreement.

5. **Entire Agreement.**

This Agreement constitutes the sole and complete understanding and agreement between the Parties with respect to the matters set forth herein, and there are no other agreements or understandings, whether written or oral and whether made during the course of negotiating this Agreement or otherwise, with respect to the matters set forth herein. The Parties acknowledge that, in executing this Agreement, they are not relying on any representation or statement made to them by any person other than as set forth herein. No term, condition, covenant, representation or acknowledgment contained in this Agreement may be amended unless in a writing signed by all parties.

6. **Governing Law.**

This Agreement shall in all respects be subject to, governed by and enforced and construed pursuant to and in accordance with the laws of the State of New York, without regard

to and excluding its choice of law rules and the United States Bankruptcy Court for the S.D.N.Y shall have the exclusive jurisdiction to resolve any disputes with regard to the Agreement .

7. **Binding Agreement.**

This Agreement shall be binding upon and inure to the benefit of the successors, heirs, devisees, legatees, executors, administrators, assignors and assignees of each of the Parties.

8. **Recitals.**

The above Recitals are incorporated herein by this reference and made a part hereof as though set forth in full.

9. **Execution.**

This Agreement may be executed in several counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. Executed copies of the Agreement (including electronic PDF files) may be delivered by facsimile or email transmission, each of which shall be deemed an original counterpart.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the effective date.

**MERHAV (M.N.F.) LIMITED**

By: YOSEA ARIE MAIMAN
    Name:
    Title:

**MERHAV Mnf Ltd**
מרחב מנף בע"מ

**MERHAV-AMPAL GROUP LTD.**

By: _____
    Name:
    Title:

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the effective date.

**MERHAV (M.N.F.) LIMITED**

By: _____
    Name:
    Title:

**MERHAV-AMPAL GROUP LTD.**

By: _____
    Name: Shlomi Kelsi
    Title: MANAGING DIRECTOR

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

AMPAL-AMERICAN ISRAEL CORPORATION,

                          Debtor.

------------------------------------------------------------------------X

Chapter 7

Case No. 12-13689 (SMB)

# ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon the Motion, dated July 28, 2020 (the "Motion") of Alex Spizz, as the Chapter 7 trustee (the "Trustee") of Ampal-American Israel Corporation (the "Debtor"), for entry of an Order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the *Settlement Agreement* (the "Agreement") entered into among the Trustee, Mehav Ampal Group Limited ("MAG") and Merhav (M.N.F.) Limited ("Merhav"), a copy of which is annexed to the Motion as **Exhibit 1**; and good and sufficient notice of the Motion having been given pursuant to Rule 2002(a)(3) of the Bankruptcy Rules, and no further notice being required; and no objection having been interposed to the Motion; and due deliberation thereon having been had; and the Court having found the Agreement is in the best interests of the Debtor, the Debtor's estate, and its creditors; and for good cause shown, it is hereby **ORDERED** that:

    1.     The Motion is GRANTED.

    2.     The terms of the Agreement are approved and are binding upon the Trustee, MAG and Merhav (collectively, the "Parties").

    3.     The Parties are authorized and directed to take all actions necessary to effectuate the terms of the Agreement.

4. This Court shall retain jurisdiction over any dispute or controversy arising from or related to the entry of this Order.

Dated: New York, New York
August ____, 2020

                                                               **HONORABLE STUART M. BERNSTEIN**
                                                               **UNITED STATES BANKRUPTCY JUDGE**