TARTER KRINSKY & DROGIN LLP
Attorneys for Alex Spizz, Chapter 7 Trustee
1350 Broadway
New York, New York 10018
(212) 216-8000
Alex Spizz, Esq.
Jill Makower, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK

―――――――――――――――――――――――x
In re:                                                        Chapter 7

AMPAL-AMERICAN ISRAEL CORPORATION,    Case No. 12-13689 (SMB)

                            Debtor.
―――――――――――――――――――――――x

**DECLARATION OF ALEX SPIZZ, CHAPTER 7 TRUSTEE, IN SUPPORT OF THE SIXTH INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF TARTER KRINSKY & DROGIN LLP AS COUNSEL TO THE TRUSTEE**

Alex Spizz, an attorney at a law, duly admitted to practice before the courts of the State of New York and this Court, pursuant to 28 U.S.C. §1746, declare under the penalty of perjury, the following:

1. I am the Chapter 7 Trustee (the "Trustee") of Ampal-American Israel Corporation (the "Debtor") and submit this declaration in support of the Sixth interim application (the "Application") for compensation and reimbursement of expenses filed by Tarter Krinsky & Drogin LLP ("TKD") as counsel to the Trustee for the period of November 1, 2019 through October 31, 2020 (the "Compensation Period").

2. I have reviewed the Application and has determined that the fees and expenses requested therein are reasonable, and respectfully requests that the Court grant the Application.

3. Many of the services for which TKD seeks compensation are for services rendered by me in my capacity as a partner of TKD.

4. I am very much aware that services rendered to the estate which are routinely performed by a trustee can only be compensated through trustee compensation structure which was created by Congress as set forth in 11 U.S.C. § 330, subject to the limitations set forth within 11 U.S.C. §§ 326 and 328, and not as additional compensation through trustee's law firm.

5. I have taken great pains to distinguish services which are routinely performed by a trustee and those which are routinely performed by an attorney for a trustee. I have performed services under both categories and have kept contemporaneous time records for services performed both as trustee and as attorney for the trustee. The time entries for me with respect to services rendered as attorney for the Trustee are included in TKD's Application as Exhibit "C" which total $359,796.60 for 592.1 hours billed.

6. Contemporaneous time records kept by me with respect to those services which are routinely performed by a trustee are annexed hereto and marked as **Exhibit 1** to this declaration. During the Compensation Period, I devoted 139.60 hours to services performed as Trustee, for a total of $93,746.00 which is not included in the TKD fee application. Thus, approximately 33% of my time during the Compensation Period was dedicated to work routinely performed by a trustee.

7. Since the services set forth in **Exhibit 1** hereto are services which, in my opinion, are routinely performed by a trustee, no compensation is being sought by TKD with respect to the services described in **Exhibit 1** hereto.

8. I submit that the distinction between trustee services and attorney services have been made in good faith. Admittedly, some services performed by me on behalf of the Chapter 7 estate are difficult to classify as strictly trustee services or attorney services, and in those cases I

have deemed those services to be trustee services, subject to the limitations of 11 U.S.C. §§ 326 and 328.

**WHEREFORE,** it is respectfully requested that the Application of TKD for sixth interim compensation and reimbursement of expenses be in all respects granted.

Dated: New York, New York
November 20, 2020

                                                s/ Alex Spizz
                                                Alex Spizz

**EXHIBIT 1**

# EXHIBIT 1

**A COPY OF TRUSTEE'S DETAILED CONTEMPORANEOUS DAILY TIME RECORDS, WHEREIN CONFIDENTIAL INFORMATION OR INFORMATION OTHERWISE SUBJECT TO NON-DISCLOSURE AGREEMENTS HAVE BEEN REDACTED, ARE AVAILABLE UPON REQUEST TO TRUSTEE**